14 CV 6402

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Jones, Plaintiff

-Against-

City of New York, et al, et seq.

Defendants

AMENDED
COMPLAINT

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes   ☐ No

(check one)

Civ. _____ ( )

PRO SE OFFICE

AUG -6 ????

I.   Parties in this complaint:

A.   List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's   Name   Robert Jones
ID#   349-13-07505
Current Institution George Motchan Detention Center "GMDC"
Address 15 15 Hazen Street
east elmhurst New York, 11370.

B.   List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1   Name   See Attached   Shield # _____
Where Currently Employed _____
Address _____

Rev. 01/2010

1

Defendant No. 2

Name _____ Shield # _____

Where Currently Employed _____

Address _____

Defendant No. 3

Name _____ Shield # _____

Where Currently Employed _____

Address _____

Defendant No. 4

Name _____ Shield # _____

Where Currently Employed _____

Address _____

Defendant No. 5

Name _____ Shield # _____

Where Currently Employed _____

Address _____

## II.    Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
City of New York, County Executive, Bloomberg, City of New York
"Police Department Commissioner Kelly "NYPD" City of New York
Municipal Corporation "Person"et al."Civil Complaint § 1983"

B.    Where in the institution did the events giving rise to your claim(s) occur?
Manhatten Mid-town North Pct 357 west 35th St., and
Manhatten Mid-town South Act 604 West 54th Street
_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?
January 27, 2012, after arrest and 16 hours of  unlawful
Detention  with the Mid-town North Act.
_____

2

UNITED SATTES DISTRICT COURT
SOUNTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X

Robert Jones,                          :

         Plaintiff            :

                              :      CIVIL COMPLAINT
                                  42 U.S.C. § 1983

         -AGAINST-          :         __cv-__
                                  TRIAL BY JURY DEMENDED

MICHAEL BLOOMBERG, FORMER CITY OF NEW YORK,          :

COUNTY EXECUTIVE "MAYOR"; CYRUS VANCE, CITY OF       :

NEW YORK, DISTRICT ATTORNEY OFFICE, LAUREN PERRY,    :

ASSISTANT DISTRICT ATTORNEY, RAYMOND KELLY, FORMER   :

CITY OF NEW YORK, POLICE COMMISSIONER, "NYPD", POLICE :

DETECTIVES JAMES MEEHAN, SHIELD # 6445, JOSE CRIOLLO :

SHIELD # 4076, ADAM SAGER TAX No. 902338, THORNTON   :

GREGORY TAX No. 919777, POLICE LIEUTENANT FELIX RIVERA :

TAX No. 920765, POLICE OFFICER M.KOLAND SHILED # 28952, :

MANHATTAN MID-TOWN NORTH Pct, JONH DOE SHIELD #       :

PROPERTY CLERKS OFFICE, ONE  POLICE PLAZA,            :

CITY OF NEW YORK MUNICIPAL CORPORATION "PERSON".      :

IN THEIR OFFICIAL AND PERSONAL CAPCAITY               :

         DEFENDANTS

-------------------------------------------------- X

                    **NATURE OF ACTION**

Plaintiff Robert Jones, Pro-Se for his complaint allege as follows:

1).   This is an action to recover money damages arising out of Defendants

Michael Bloomberg, Cyrus Vance, Lauren Perry, Raymond Kelly, James Meehan # 6445,

Jose Criollo # 4076, Adam Sager Tax No. 902338, Felix Rivera LT Tax No. 920765,

Thornton Gregory Tax No. 919777, P.O. M. Koland  # 28952, of the Manhattan Mid-town

Detective Squad, Police Officer John Doc # _____, 1 Police Plaza.

2) For their violation of plaintiffs Robert Jones Constitutional Rights as were guaranteed under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment of the United States Constitution, State of New York Constitution, Article One Section 1, 3, 5, 6, 11, and 12.

3) Whereby from January 25, 2012, throughout November 21, 2013 in the matter of People V. Jones Indictment # 480/2012 did jointly and severally violate the following Federal statutory and regulatory provisions of law title 18 U.S.C § 241 "under conspiracy against the preservation of a U.S. citizens state and federal statutory and regulatory provisions of law".

4) Title 18 U.S.C. § 242 "under deprivation of rights guaranteed under the color of state law". Title 42 U.S.C § 1981 "Deprivation of Equal Rights" title 42 U.S.C § 1983 "Civil Rights Act of 1866 and 1871" title 42 U.S.C § 1985 "conspiracy to interfere with civil rights" subdivision (2) "obstruction of justice" and subdivision (3) "Deprivation of Rights, Privileges, and Immunities".

5) Title 42 U.S.C § 1986 "In action to prevent conspiracy" title 42 U.S.C § 1987 "protection against vindictive and malicious prosecution in the matter of People V. Jones Indictment # 480/2012 as follows.

## Malicious Prosecution Pre Detention Deprivations

6) On December 26, 2011, Police Detective James Meehan shield # 6445 and Detective Jose Criollo Shield # 4076 acting as deponent, is informed by Detective James Meehan # 6445 of the Mid-town South Detectives Squad by virtue of felony complaint Lauren Perry Assistant District Attorney.

7) On December 26, 2011 at approximately 7:30 pm the Detective James Meehan Shield # 6445, is alleged to have observed that plaintiff Robert Jones entered the location of 616 9th

avenue apartment building and later exited carrying a bag that the plaintiff was not carrying upon entering pursuant to felony complaint of ADA Perry ECAB # 1306957.

8) On January 25, 2012, according to information of belief Detective James Meehan shield # 6445 of the Midtown North and South Detective Squad is reported to have the above date while investigating a burglary, which occurred on 12/26/2011.

9) At approximately 7:30 pm 616 9th Avenue Manhattan, New York, despondent Thomas Dziarmaga informs detective Jose Criollo shield # 4076 and Detective James Meehan shield # 6445 that he arrived at his home and found his front door open and computer and other items were missing.

10) In the course of this investigation, Detective James Meehan shield # 6445 without probable cause arrived at and entered the home of Robert Jones 571 Glenmore Avenue in the East New York Section of Brooklyn.

11) Did without consent from the plaintiff nor search warrant, or probable cause, entered the location of 571 Glenmore Avenue, and proceeded to walk up one flight upstairs, peered into the plaintiff's bedroom unannounced and observed Mr. Jones operating alleged stolen laptop computer "Mac Book Pro" which belonged to Thomas Dziarmaga.

12) Detective Meehan Shield # 6445 is alleged to have made this discovery by way of "GPS" electronic tracking device as an added feature built within the computers mainframe.

13) On January 26th Detective James Meehan Shield # 6445 is alleged to have sought and was granted a search warrant # 095-2012 authorized by Supreme Court Judge Armstrong, said search warrant did not describe the want of "DNA" testing nor any eye witness testimony by Detective James Meehan Shield # 6445 that he on December 26, 2011, observed the plaintiff at the fore mention location 616 9th Avenue.

14) According to statements made to Detective Jose Criollo Shield # 4076 of the Midtown North Detective Squad, by Mr. Thomas Dziamara informed both Detective Meehan and Criollo that he had arrived home on date in question 12/26/2011 and found his apartment front door open and a computer and other property was missing.

15) On January 27, 2012 at approximately 3:30pm Detective James Meehan #6445, Detective Jose Criollo #4076, Adam Sager Tax No. 90233, Thornton Gregory Tax No. 919777 entered plaintiffs home without a warrant or probable cause for arrest and placed Mr. Jones under arrest.

16) Plaintiff was thereafter transported to the Midtown North Precinct where Detectives Meehan, Sager, and other members of the Midtown North Detective Squad interrogated him for over 16 hours.

17) Plaintiff during questioning was denied his constitutional rights of counsel, to access timely use of high blood pressure medication, which later contributed to his chronic kidney insufficiency syndrome. He was denied pain medication for his chronic and persistent right knee, broken orthopedic hardware, left hip/femur, residual cavity, lower lumbar, spine sciatica nerve damage, Posttraumatic Stress disorder, anxiety and depression.

18) This illegal detention and unconstitutional search and seizure of the plaintiffs person also resulted with numerous personal items being confiscated and voucher as police evidence mainly DNA taken from a drinking cup, legal papers, medical records, mental health records, clothing items, hats, shirts, pants, jackets, prosthetic device, (crutches) , all voucher under invoice No.1000126265, PET No. 130051018.

19) During the interrogation the plaintiff was questioned as to the events alleged on 12/26/2011 and that of January, 11, 2012, (according to information of belief the plaintiffs DNA

was used to link him to a burglary on January 11, 2012, by testing of a hat found at the scene located at 304 -306 West 54th Street ) during the interrogation plaintiff stated to Detectives Meehan and Criollo that "I'm off my medication is that the reason for all this", after which plaintiff was charged with (8 counts of Burglary in the Second Degree and Nine Counts of Criminal Possession of Stolen Property in the Fifth).

20) Plaintiff was subsequently transported to area Hospital "Bellevue" after numerous complaints of needed mental health and chronic pain medications. In addition, Lieutenant Felix Rivera Tax No. 920765 of the Midtown North command ordered Police Officer M. Koland shield #28952, at the direction of Raymond Kelly Police Commissioner to transport plaintiff to the Area Hospital.

21) Police Lieutenant Felix Rivera Tax No. 920765 is reported to have directed Police Officer M. Koland Shield # 28952 "You Confiscate those Crutches you don't come back" alleging they were needed to secure their case against the plaintiff.

22) Upon entering the Bellevue Hospital Emergency room plaintiff met with and was evaluated by Nurse Practitioner Czarnecki NP, whom after viewing ambulatory medical records held by orthopedic implant clinic dated October 19, 1999, indentifying a consolation and request for evaluation and surgery right knee, left hip/femur.

23) Nurse Practitioner Czarnecki did witness Police Officer M. Koland #28952 confiscate the plaintiff's crutches and later the implant clinic ordered a second pair of crutches for the purpose of plaintiff's mobility. Under MR# 167212.

24) Plaintiff was provided with pain medication and mental health medication Prozac 80 mg, Ateracs 100mg, after which he was transported by Police vehicle to the area Correctional facility Manhattan Detention Complex "MDC".

## MALICIOUS PROSECUTION POST DETENTION DEPRIVATION

25). Plaintiff for the next fifteen months would suffer minimum access to prescribe

Care necessary to adequately and timely address his chronic and persistent right knee, with

Its broken orthopedic hard ware, left hip/femur with its residual cavity, fractured mid-

Shaft femur, lumbar spine sciatica neural damage, chronic liver infection hepatitis "c" and

Serious kidney damage renal insufficiency syndrome.

26). Plaintiff from January 27, 2012. Throughout July 20, 2012. Would suffer

Significant and persistent increase of his e-GFR value range 61>60 ml/min with a left

Kidney measurement of 10.6x5.3 and a right kidney measurement of 11.0x4.0 clearly

Suggest polycystic kidney disease, increasing risk of anemia, cardiovascular disorder,

And diabetes.

27). Plaintiff maintains that as a direct and approximate result of defendants failure to

Timely diagnose and treat the early signs of infection are a contributing facture to his

Chronic exposure to acute tubular necrosis and glomerulonephritis cause by increase

In kidney size.

28). Defendants by virtue of it enter-departmental Policy under "DOC" Medical

Minimum Standards section 306 (f)(i)(ii)(iii) "Diagnostic and Laboratory Testing" were

Required by state law to provide timely treatment under "Early and Periodic Screening

Diagnostic and Treatment" "EPSDT" 42 U.S.C. § 1396 (2).

29). Progression of this disease has decreased Mr. Jones Kidneys ability to excret Waste,
concentrate urine, and conserve electrolytes, calcification of the left hip/femur fracture and Mr.
Jones want of bone density testing for the purpose of identifying bone disease are contributing
Factors which may result with metabolic bone disease.

30). Plaintiff maintains that defendants in the matter of Jones v. City New York,

14 – cv- _____ ( ) ( ). Only after the filing of this civil action 42 U.S.C. § 1983. Did the

Defendants City of New York "Corizon" Physicians Health Care" "PHS" issued new

Medication To address his chronic kidney disease namely 1. Simvastain 20mgs, 2.

Metoprolal 100mgs, 3. Enalapril Maleate 10mgs.

## PARTIES

31). Plaintiff Robert Jones, was at all times relevant herein a Citizen of the United

States and a resident of the State of New York, he is an African American 50 years of age At

the time of the incident he occupied the dwelling of 571 Glen More Ave in the East New

York section of Brooklyn New York.

32). Defendant Michael Bloomberg , was at all time relevant herein former" Mayor"

For the City of New York, Municipal Corporation "Person" in that capacity he was the chief

Executive Officer and Policy maker over the City of New York, City of New York, Police

Department "NYPD" and City of New York, District Attorneys Officer.

33). Defendant Cyrus Vance, was at all times relevant herein, District Attorney

For the County of New York, in that capacity he is the chief executive officer for the

City of New York Criminal Justice System in that borough.

34). Defendant Lauren Perry, was at all times relevant herein Assistant District

Attorney for the County of New York, in that capacity she is the Assistant to the Chief

Executive Officer "Cyrus Vance" Criminal Justice System in that borough.

35). Defendant Raymond Kelly, was at all times relevant herein former Commissioner

For the City of New York, Police Department "NYPD" in that capacity he was the chief

Executive Officer and Policy Maker responsible for the day to day operations of the "NYPD".

36). Defendant Felix Rivera, tax No. 920765, was at all time relevant herein, police Lieutenant for the City of New York, Police Department "NYPD" Manhattan Mid-town North Pct, in that capacity he was a supervisor responsible for the day-to-day operation of The "MTN" Pct and is a "NYPD" policy enforcement agent.

37). Defendant James Meehan, shield # 6445, was at all times relevant herein lead Detective for the City of New York, Police Department "NYPD" Manhattan Mid-town North Percent Detectives Squad, in that capacity he was the chief investigations officer Responsible for the Search and Seizure of Mr. Jones Person, Papers and Effects. People v. Jones indictment No. 480/2012.

38). Defendant Jose Criollo shield # 4076, was at all times relevant herein lead Detective for the City of New York, Police Department "NYPD" Manhattan Mid-town North Percent Detective Squad, in that capacity he was the assistant chief investigations officer Responsible for the Search and Seizure of Mr. Jones Person, Papers and Effects. People v. Jones indictment No. 480/2012.

39). Defendant Thornton Gregory tax No. 919777, was at all times relevant herein Detective for the City of New York, Police Department "NYPD" Manhattan Mid-town North Percent Detectives Squad, in that capacity he was the assistant chief investigations officer Responsible for the Search and Seizure of Mr. Jones Person, Papers, and Effects. People v. Jones indictment No. 480/2012.

40). Adam Sager tax No. 902338, was at all times relevant herein Detective for the City of New York, Police Department "NYPD" Manhattan Mid-town North Percent Detective

Squad, that capacity he was the assistant chief investigations officer responsible for the

Search and Seizure of Mr. Jones Person, Papers, and Effects. In the Matter of People v. Jones

Indictment No. 480/2012.

41).    Defendant M. Koland shield # 28952, was at all time relevant herein Police Officer

For the City of New York, Police Department "NYPD" Manhattans Mid-town North Prescient

In that capacity he was a patrolman and escort officer who escorted plaintiff to area

Bellevue Hospital, and Manhattan Detention Center "MDC" Correctional Facility.

42).    Defendant John Doe shield #_____, was at all times relevant herein, Police

Officer for the City of New York, Police Department "NYPD" in that capacity he was the One

Police Plaza Property Clerk responsible for the timely storage and handling of all Police

vouch-red evidence under No. 100016265, PET No. 130051018.et al.

## Jurisdiction

43).    Plaintiff seeks the Jurisdiction of this Court Southern District of New York, pursuant

To title 28 U.S.C. § 1331 and 1332 (a) as the matter in controversy exceeds the sum of One Million

Dollars.

44).    Pendent Jurisdiction is predicated upon title 28 U.S.C. § 1343 (3) this Court has

Subject matter Jurisdiction over plaintiff State Law Claim.

## VENUE

45).    Venue is proper pursuant to title 28 U.S.C. § 1391 (b) with the Southern District of New

York, because it is the Judicial District where all defendant resides and it is the place of the

employment as the district giving rise to the events allege by this complaint 42 U.S.C. § 1983.

## SUPERVISORS PERSONAL INVOLVEMENT

46).     Defendants City of New York, Michael Bloomberg former "Mayor" ,Raymond Kelly, former "Police Commissioner", Cyrus Vance District Attorney County of New York, Lauren Perry Assistant District Attorney County of New York, Felix Rivera Lieutenant Mid-Town North Command.

47).     Did knowingly and willfully participate in the Constitutional Violation for Which denied and deprived plaintiff of his statutory and regulatory provisions of State and Federal Law title 42 U.S.C. § 14135-e which prohibits the use of "DNA" information legally Obtained for other then the purpose in which it was collected.

48).     On January 27, 2012. Defendants City of New York, as held in ¶¶ 1-46 Did unlawfully without probable cause to suspect plaintiff collected a "DNA" sample from Mr. Jones taken from a drinking cup while held in police detention without consent, Written agreement, or court order pursuant to CPL § 240.50.

49).     On January 27, 2012. Said illegally collected "DNA" sample obtained from A drinking cup is alleged to have been used in the matter of People v. Jones indictment 480/2012. As it relates to evidence found at the crime scene of 304 and 306 west 54th Street  a "hat" as police evidence produced by City of New York, Forensic Examiners.

50). Defendants City of New York, ET, al. Bloomberg, Vance, Perry, Kelly, Rivera, Meehan Criollo, sager, Thornton, Koland, and John Doe, by and through their actions or inactions Did while under the color of State Law.

51). did with a knowing and willful intent to delay, obstruct, and deprive plaintiff of His constitutionally protected interest guaranteed under the Fourth Amendment as a Created right to be free from illegal search and seizure, without probable cause to arrest As a pre-requisite to Procedural Unlawful Detention, Procedural Due Process of Law, Resulting with Malicious Prosecution, and Unlawful Imprisonment.

52). Plaintiff during all times relevant herein was illegally deprived of his Due Process Rights as it relates to wrongful confiscation of plaintiff genetic martial "DNA" not Abandoned while held in police custody collected during an unlawful and illegal Interrogation on the date of arrest in violation of Executive Law § 995-d.

53). Defendants Police Officers James Meehan #6445, Jose Criollo # 4076, and other Members of the Manhattan Mid-town North Detective Squad did without written consent Court Order, or Probable Cause collected plaintiffs "DNA" which was not reflective in their Search Warrant # 095-2012, issued by Supreme Court Judge Armstrong on 1/26/2012.

54). whereby said search warrant # 095-2012. Did not describe want of saliva sample For the purpose of "DNA" testing nor, dose it identify Detective James Meehan # 6445, as An eyewitness to the events allege on 12/26/2011. As it relates to a Burglary occurring At the location of 616 west 54th street, complainant witness Thomas Dziarmaga.

55). According to information and belief the same "DNA" collected by Detectives Meehan and Criollo on date of Arrest 1/27/2012. From as drinking cup was subsequently Use in an unsolved Burglary other than the events allege on 1/11/2012. At the location of 304/306 west 54th Street for which a "Hat" was recovered at the crime scene and later Used in the prosecution of People v. Jones indictment # 480/2012.

56)      This unethical and illegal practice of law did effectively deprive the plaintiff

Of control over his genetic martial as was his property right as an invested interest under

Executive Law § 995-d, defendants unauthorized dissemination of plaintiff genetic martial

Violates the prohibitions held in title 42 U.S.C. § 14135-e "Prohibited use of "DNA" sample

For other than its intended purpose"

57).     Police detectives investigating unsolved crimes are by the statute and Criminal

Procedure Law, CPL § 1.20 [18] restricted from duplicating an and all "DNA" materials

Without consent for testing in an unsolved criminal case before identifying a suspect.

58).     Pursuant to Civil Rights Law § 79 as enacted by legislation was to ensure and

Prevent illegal and unauthorized dissemination of a contributor's genetic information

As an exclusive property right pursuant to "Executive Law § 995-c.

59).     Defendants City of New York, et al, are in violation of Executive Law § 995-f

Which states: Any person who (a) intentionally disclose a "DNA" record, or the results

Of a forensic "DNA" test or, analysis to an individual or, agency other than the one

Authorized to have access to such records.

60).     Pursuant to section § 995-f (b) intentionally uses or, receives "DNA" records

Or, the result of a forensic "DNA" test or, analysis for the purpose other than those

Authorized pursuant to § 995-f (b) (c).

61).     any person who knowingly tampers with or, attempts to tamper with and "DNA"

Sample or the collection container without lawful authority shall be guilty of a class "E"

Felony.

62).     Disclosure of DNA" collected by Detectives Meehan # 6445, and Criollo # 4076,

And other member of the Manhattan mid-town North Detective Squad to District Attorney

Vance, ADA Perry and or Jones, was an unconstitutionally sought fishing expedition and

Prohibited under CPL § article 240. Resulting with indictment # 4939/2013.  As a criminal

Proceeding by way of "Cold Case"

63). Molineux Exception inter alia of intent and are not applicable in this matter uncharged crimes

Evidence is not permitted to negate a defense of consent, as there is "NO" possible use of

Information discovered by "Cold hit" under Molineux.

## FACTS
## MALICIOUS PROSECUTION INITIATION OF PROCEEDINGS

64). the offenses were alleging to have been committed under the following circumstances:

Deponent states that deponent is informed by Detective James Meehan shield # 6445 of the

Mid-town South Detectives Squad, that on December 26, 2011. At approximately 7:30pm inside

65). of the building at 616 9th Avenue, Detective Meehan observed the defendant enter the

Apartment Building and later exit the apartment building a short time later carrying a bag that the

Individual was not carrying upon entering.

66). informant Thomas Dziarmaga of 616 9th Avenue further informs Detective Meehan

Known to the District Attorney's Office Cyrus Vance, that informant Dziarmaga is the resident at

The above building, that he upon returning to his home found hid front door was open and a

Computer and other property were missing.

## FIRST ELEMENT

67). Malicious Prosecution is alleged herein that on December 26, 2011, Detective James Meehan

Shield # 6445 with assistants of Detective Jose Criollo shield # 4076 of the Mid-town North

Detective Squad as second responder was eyewitness to the crime charge Burglary as stated

In the Assistant District Attorneys Laruen Perry felony complaint ECAB# 1306957 and Arresting

Officers Information PF3/PF15-Return, PF11/PF23- Change Access. See exhibit "A" and "B"

## SECOND ELEMENT

68). Detective James Meehan shield # 6445, Jose Criollo shield # 4076, Adam Sager Tax No

9023338, Thornton Gregory Tax No. 919777 and other members of the Mid-town North Detectives

Squad are allege to have conducted an investigation into numerous Burglaries in the County of

69).    County of New York, dating from October 6, 2011, throughout January 25, 2012. According

To the Daily News Paper article "Cough with His Crutches Down" occurring on January 28, 2012.

Statement made by defendants Raymond Kelly Police Commissioner whom is reported to have

Said to reports that "Mr. Jones is not disabled , but he is charged with burglary.

70).    Thereby prompting Police Lieutenant Felix Rivera Tax No. 902338 of the Mid-town North

Precinct to order Police Officer M. Koland shield # 28952 to both escort plaintiff to the area

Bellevue Hospital and further stated "you confiscate those crutches, or you don't come back"

Indicating that Mr. Jones crutches were a major part of their case.

**THIRD ELEMENT**
**NON-CORRABORATION OF**
**CRIMINAL BEHAVIOR**

71).    On January 27, 2012. At approximately 4:30pm plaintiff after visiting with family in the

Crown Highs section of Brooklyn while in route to his home "571 Glenmore Avenue in the

East New York section of Brooklyn"

72).    While seated at a Utica Avenue bus station in passing was observed by Police Detective

John Doe of the 77th precinct whom while out for coffee walked one city block from St Marks PL,

To the corner of Prospect Place and Utica Avenue, moments later re-appeared holding a cup of

Coffee and heading in the direction of St. Marks PL and Utica Avenue location of the 77th Precinct.

73).    Almost ten minutes had elapsed before a police curser appeared and stopped in front of

Where plaintiff has been seated, "Bus Station" during which police detective John Doe emerged

From the police vehicle approached plaintiff

74). And ordered plaintiff to show me your hands, then directed him to produce some

Identification, for which plaintiff complied upon inquire as to what happen detective John Doe,

States after reusing said ID card, Mr. Jones why are you on crutches, plaintiff stated I have a

Injuries of the right knee, left hip/femur , lumbar spine sciatica.

75). Detective John Doe further questioned the plaintiff and asked , "Have You Been Arrested "

Plaintiff replied "Yes" at which time Detective John Doe quickly wrote down Mr. Jones home

Address "571 Glenmore Ave in the East New York, section of Brooklyn".

76). According to information and belief Detective John Doe of the 77th Precinct, did without

Any corroborating information, nor any reason to belief plaintiff was engaged in any criminal

Behavior or committed any form of crime.

77). It was at this time and all other times relevant herein that Detective John Doe having some

Undisclosed information of motive made a phone call to the Manhattan Mid-town North Detective

Squad and relied plaintiffs home address to Detective James Meehan # 6445, and or Jose Criollo

# 4076. Or some other member of the Mid-town North Pct on January 26,2012. Between  5:00am

And 6:00am.

78). On January 27, 2012. At approximately 3:30pm in the morning of that day armed with

The non-corroborated information provided by Detective John Doe of the 77th Pct, arrived at

The home of the plaintiff "571Glenmore Ave" headed by Detective James Meehan # 6445, Jose

Criollo # 4076, Adam Sager Tax No. 902338, Thornton Gregory Tax No. 919777. Et al, et seq.

Entered the location and placed the Mr. Jones under arrest.

79). Defendants James Meehan # 6445, Jose Criollo # 4076, Adam Sager Tax No. 902338 and

Thornton Gregory Tax No. 919777, are alleged to have restricted plaintiffs freedom of movement,

In addition, restrained plaintiff depriving him of his liberty interest of freedom by escorting him to an

Unmarked police car.

80).   At which time Mr. Jones began to suffer Fear, Fright, Anxiety, Despair, Horror, and an

Overwhelming sense of forsakenness, that he would be brutally beaten, torched, or killed and never to

See his family again.

81).   Defendants James Meehan # 6445. Jose Criollo# 4076, Adam Sager Tax No. 902338,

Thornton Gregory # Tax No. 919777, are allege to have during their illegal detention of plaintiff

Placed him in the back seat of said unmarked police vehicle and transported to the Manhattan Mid-town

North Pct.

82).   Upon arrival Mr. Jones was immediately taken up stairs to the Mid-town North Detectives

Squad interrogation unit and placed in a locked room further restricting his liberty of freedom and

Subsequently interrogated for over sixteen hours, as was duly recorded via video camera hidden

Behind two-way mirror for the purpose of interrogation observation and cohered confession.

83).   during this unethical practice of police procedure Mr. Jones was Cohered in to an allege

Confession made by him "I am off of my meds is that the reason for this" taken by Detective

James Meehan # 6445, in violation of plaintiff sixth amendment right to counsel Mr. Jones was also

During interrogation denied access to pain medication, mental health meds, and high blood pressure

Medication.

84).   Confiscated by police detective as described in ¶¶ 81, resulting with Mr. Jones suffering

Dehydration Caused by water deprivation resulting with increased right kidney measurement 11.0x 4.0 as

Compared To the left kidney which measures 10.6x5.2 indicating renal insufficiency syndrome kidney

Disease "e-GFR value of 85>60 Ml/min".

85).    Plaintiff maintains that this tactic of water deprivation employed by defendants Meehan, Criollo, Sager Gregory, et al was designed solely for the purpose of cohered speedy confession, and cohered Unethical Practice of law by collecting "DNA" sample while circumventing the standard collection Procedure owned by the Unified Court Systems "UCS" responsible for collection and preservation of "DNA" evidence collected as crime scene evidence.

86).    And the Criminal Justice Services "CJS" responsible for analysis and testing of "DNA" Evidence both of which were systematically abridged by defendants Detective Meehan, Criollo, Sager, Gregory. Et al, et seq, protected under exculpatory evidence within the Brady.

**AS AND FOR THE FIRST CAUSE OF ACTION
AGAINST DEFENDANTS, BLOOMGER, VANCE, KELLY, PERRY,
MEEHAN, CRIOLLO, SAGER, GREGORY, RIVERA, KOLAND, JOHN DOE
PROBPERTY CLERK**

87).    Plaintiff Robert Jones, allege the allegation contained in ¶¶ 1-10,10-20,20-30,30-40, 40-50,50-60,60-70,70-80,80-85, 85-86 and 87 as are more fully set forth herein.

Whereby from January 25, 2012. Through January 27, 2012. And from January 27, 2012. through November 21, 2012. Defendants Bloomberg, Vance, Kelly, Perry, Meehan, Crillo, Sager, Gregory, Rivera, Koland, John Doe Property Clerk, did during all times relevant in the Malicious prosecution of plaintiff Robert Jones indictment # 480/2012.

88).    Both jointly and severally while acting under the color of state law, were in violation of the Forgoing Statutory and Regulatory Provisions of Federal Law, pursuant to title 18 U.S.C.  § 241, Under "Conspiracy" title 18 U.S.C. § 242 "Deprivation of Rights under State Law" title 18 U.S.C. § 1981 "Deprivation of Equal Rights".

89).    Title 42 U.S.C. § 1983 "Civil Right Act" title 42 U.S.C. § 1985 "Conspiracy to Interfere with Citizens Civil Right"

Section (2) "Obstruction of Justice" section (3) Deprivation of Constitutional Rights, Privileges

Subdivision (2) "Obstruction of Justice "and subdivision (3) "Deprivation of Rights, Privileges,

And Immunities"

90).   Title 42 U.S.C § 1986 "In Action to Prevent Conspiracy", title 42 U.S.C. § 1897"

"Protection against Vindictive and Malicious Prosecution" "In the matter of People v.

Jones. Indictment 480/2012."

91).   On January 25, 2012 according to felony complaint of Assistant District Attorney

Lauren Perry ECBA # 1306957. Detective James Meehan # 6445, and Jose Criollo # 4076

Of the Manhattan Mid-town North and South Pct Detective Squad are reported to while

Conducting their investigation into a December 26, 2011. Burglary in the county of New

York, 616 9th Ave and 54th Street.

92).   Arrived at the home of plaintiff via "GPS" tracking systems allegedly designed in

The mainframe of a stolen lap top computer "Mac Book Pro" allegedly taken from the

Home of Thomas Dziarmage of 616 9th Ave.

93).   Detectives Meehan and Criollo are alleging to have entered the plaintiffs home

Without consent from the plaintiff nor any probable cause or search warrant, walked

Up one flight of stairs and peered into the plaintiffs bed room unannounced and observed

Mr. Jones operating the aforementioned "Mac Book Pro"

94).   On January 26, 2012. Detectives James Meehan # 6445, is reported to have sought

And was granted a search warrant allegedly issued by Supreme Court Judge Armstrong

S/w # 095-2012 was however exclusive of detective Meehan # 6445 and Criollo # 4076,

Being eyewitness to the events allege on 12/26/2011. At the home of Thomas Dziarmaga

For which felony compliant ECAB # 1306957 identifies both Detective observing the

Plaintiff enter the location of 616 9th Ave, and later exits the building in possession of

A bag containing said computer "Mac Book Pro"

95).     Also noticeable absent in said Search Warrant # 095/ 2012. Was the description

In addition, want of "DNA" sample used for matching the sample illegally collected

By Detective James Meehan # 6445, Jose Criollo # 4076, Adam Sager Tax No. 902338,

Thornton Gregory Tax # 919777 from a drinking cup while under police interrogation

With any and all unsolved Burglaries.

96).     Nor does the aforementioned Search Warrant # 095/2012 identify the need to

Confiscate numerous other items and personal effects belonging to the plaintiff including

Clothing, Hats, Pants, Jackets, shirts, Medical Records, Mental Health Records, legal

Documents, Mothers Funeral Eulogy, and a pair of crutches all vouched under invoice

# 1000126265. PET No. 130051018.

97).     In violation of plaintiff Fourth Amendment right to be free from illegal Search and

Seizure, Cruel and Unusual Punishment in violation of plaintiffs Eighth Amendment,

Unauthorized dissemination of "DNA" saliva taken from a drinking cup used to link

Plaintiff to an unsolved crime in the matter of People V. Jones indictment # 4939/2013.

Prohibited under Executive Law § 995-a,b,c,d, and f.

## AS AND FOR THE SECOND CUASE OF ACTION
### AGAINST DEFENDANTS DETECTIVE JAMES MEEHAN # 6445
### JOSE CRIOLLO # 4076, ADMA SAGER TAX No. 902338,
### THORNTON GREGORY TAX No. 919777, FELIX RIVERA LT TAX No. 920765,
### P.O. M. KOLAND # 28925, P.O. JOHN DOE # _____ , PROPERTY CLERK OFFICE
### CITY OF NEW YORK, MUNICIPAL CORPORATION "PERSON"

98).    Plaintiff Robert Jones, allege and re-allege the allegations contained in ¶¶ 1-10, 10-20, 20-30, 30-40,40-50,50-60,60-70, 70-80, 80-85, 85-95, 95-98 and 99. As are more fully set forth herein.

99).    Plaintiff maintains that on December 26, 2011. Throughout January 11, 2012, and January 11, 2012. Throughout January 25, 2012. In addition January 27, 2012. And all other times Relevant herein defendants James Meehan # 6445, Jose Criollo # 4076, Adam Sager Tax No. 902338, Thornton Gregory Tax No. 919777, Felix Rivera Tax No. 92076, Police Officer M. Koland Shield # 28952, Police Officer John Doe # _____ , Property Clerk Office One Police Plaza.

100).    Defendant City of New York, Detectives James Meehan # 6445, Jose Criollo # 4076, in their Investigation of two separate Burglaries the first on December 26, 2011. Located at 616 9th And the Second on January 11, 2012. Location of 304/306 west 54th street.

101)    during which "DNA" from a "Knife" and "DNA" from a "Hat" were found at the scene of both Incidents during which plaintiff was not a suspect until the unlawful and illegal seizure of his Person and property on January 27, 2012.

102).    that while in police detention and custody after suffering water deprivation and Dehydration with an increased level high blood pressure resulting from over 16 hours of Interrogation after numerous requests for pain medication to aviate plaintiff chronic right knee, Left hip/femur, lumbar spine pre-existing. injuries, was finally given a cup of water.

103)    It was at this time and all other time relevant herein that the unauthorized collection of Plaintiff genetic martial was preformed, without consent or acknowledgement and subsequently

Used in the unethical and unconstitutional practice of law deriving from unauthorized

Collection and comparison of the plaintiffs "DNA" without consent of the donor while

Unlawfully in police detention, Later to be used to link plaintiff to an uncharged crime.

In the matter of People v. Jones indictment # 4939/2013.

104).    Defendants are reported to have collected Plaintiffs "DNA" from a drinking cup

Said sample was subsequently use in the prosecution of the initial offense as held in the

Matter of People v. Jones Indictment No. 480/2012.

105).    According to police reports and documents On December 26, 2011. The plaintiff

Was accused of the offense of Burglary accruing at 616 9th Ave, County of New York,

During which a "Knife" was found at the home of Thomas Dizarmaga allege to have

Belonged to the suspect, Police Detectives James Meehan # 6445, and Jose Criollo # 4076,

106).    Are reported to have witnessed the allege Burglary and also collected said

"DNA" evidence from the "knife" found at the scene, collection and analysis reports

Issued by the Office of Chief Medical Examiners were inconclusive.

107).    According to police reports and documents On January 11, 2012. The plaintiff

Was accused of the offense of Burglary accruing at 304/306 west 54th street, County of

New York, during which a "Hat" was found at the scene, Detective James Meehan # 6445,

Jose Criollo # 4076, Adam Sager Tax No. 902338, Thornton Gregory Tax No. 919777,

Are reported to have been issued a copy of the Office of Chief Medical Examiners report

Which was also inconclusive?

108).     On April 25, 2013. Plaintiff was accused of the offense of Burglary in the County

Of New York, for which the sole evidence recovered by police was that of a "Jacket" allege

To have been left behind by the suspect, said item was for the third consecutive time

Compared with "DNA" illegally collected by Detective James Meehan # 6445, and Criollo

# 4076.

109).     Defendants were at all time relevant in violation of Civil Right Law § 75-1,

Assembly Memorandum reads in part: the bill deemed individual to have an exclusive

Property right in records of testing of their genetic material particularly against

Unauthorized police,

110).     Defendants Meehan, Criollo, Sager, Gregory, et al, were at all times relevant

Herein in violation of both statutory and regulatory provisions of Executive Law § 995-d

Which supports the property rights to repeated use of the phrase "Without Consent"

Of subject "DNA" testing.

111).     Defendants did violate legislatures mandates as was intended for which the

Contributor should have control of unauthorized dissemination of his/her genetic

Information and permit disclosure only in the particular need for which the "DNA" tests

Was Authorized.

112).     On or about December 26, 2011. Throughout January 11, 2012. The

Information collected by Detectives Meehan, Criollo, Sager, Gregory, et al, of the plaintiffs

"DNA" information did violate Mr. Jones statutory rights to seek an ordered of protection

Against wrongful dissemination and usage violates CPL § 240.50. title 42 U.S.C. § 14135

Appears to be national policy to prohibit the comparison of "DNA" identification information obtained from non-convicted person with crime scene "DNA" of unsolved Crimes. Plaintiffs "DNA" was "Not" effectively stored on file from 1/27/2012-12/30/2013

113).     And 42 U.S.C. § 14132 (c) for which any government official violation the federal Statue In this area is committing a Crime.

114).     Plaintiff maintains his "DNA" profile, sample, or index was not added to the Office of Chief Medical Examiners "OCME" data bank or any linkage systems until December 30, 2013. Prior to this date no "DNA" sample was documented, collected alternatively, stored.

115).     Defendants were clearly in violation of plaintiffs rights to protect his genetic Martial when it filed request for discovery pursuant to N.Y. Crim. Proc. Law § 240.40 (2)(b)(v). Which was to provide discovery for a pending case " People v. Jones indictment #480/2012" not to permit the People to investigate unsolved crimes for which they have no reason to suspect plaintiff.

116).     People have violated clearly established constitutional restrictions under the Fourth and Fifth Amendment which requires probable cause before a person's Silvia, Blood, skin cells, hair, and bodily fluids may be extracted for "DNA" testing under the guise Of seeking discover. "Matter of People v. Jones indictment # 4939/2013."

117).     Plaintiff seeks his fourth amendment right to recover the Jacket in the above Penning criminal matter "Indictment #4939/2013." As his exclusive property right left at the crime scene which includes all "DNA" collected by police.

118).     The United State Supreme Court has rejected the idea that there is an absence of reasonable expectation of privacy in martial left at a crime scene, a crime scene can be A person's home, or locations where a citizen has expectation of privacy of martial left At those crime scenes and are not necessarily abandoned.

AS AND FOR THE THRID CAUSE OF ACTION AGAINST
DEFENDANTS BLOOMBERG, VANCE, PERRY, KELLY, MEEHAN,
CRIOLLO, SAGER, RIVERA, GERGORY, KOLAND, JOHN DOE_____,
PROPERTY CLERK OFFICE ONE POLICE PLZAZ, CITY OF NEW YORK,
MUNICIPAL CORPORATION "PERSON"

Unlawful Detention
And Confinement

119).    Plaintiff Robert Jones, repeats allege and re-allege the allegations contained in

¶¶ 1-10, 10-20, 20-30, 30-40, 40-50, 50-60,60-70,70-80,80-85,85-95,95-100,100-118,

and  119. As are more fully set forth herein.

120).    Defendants City of New York, former County Executive Michael Bloomberg,

District Attorney Cyrus Vance, Assistant District Attorney Lauren Perry, Former Police

Commissioner Raymond Kelly.

121).    Defendants City of New York, Police Detective James Meehan # 6445, Jose

Criollo, #4076, Adam Sager Tax No. 902338, Thornton Gregory Tax No. 919777, Felix

Rivera LT Tax No. 930765, John Doe #_____, Property Clerk Office One Police Plaza, et al,

Were during all time relevant herein acting under the color of State Law.

122).    that while in that capacity effectuated an unconstitutional arrest of plaintiff

While at his home 571 Glenmore Ave, without warrant, probable cause, giving rise to

Mr. Jones plaintiff suffering deprivation of his constitutionally protected interest to be free

From illegal Search and Seizure, Unlawful Confinement, Cruel and Unusual Punishment.

123).    Defendants City of New York, as held in ¶¶ 120-121. Were during all times

relevant herein December 26, 2011, Throughout January 27, 2012. In violation of State

Law statutory and regulatory requirements as held in Criminal Procedure Law § 120.10 (2)

124).     Which provides : A warrant of arrest must be subscribed by the issuing Judge in

Addition must State or Contain  A). the name of the issuing Court. B). The date of issuance of

The warrant C). the name of the defendant to be arrested or, a reasonable description provided

By eyewitness in this case "Detective James Meehan shield # 6445" "pursuant to Felony

Complaint ECAB # 1306957.

125).     D). The police officer or officers appointed by the state to which the warrant is

Addressed and  E). A direction the such officer arrest the defendant and bring him before the

issuing  Court "Judge Armstrong"" Warrant # 095/2012" allege to have been issued on

1/26/2012.

126).     That pursuant to New York Criminal Procedure Law § 140.10, defendants Meehan ,

Criollo, Sager, Gregory, et al, have the burden of providing that the arrest was authorized under

N.Y. Crim. Proc. Law § 140.10 "Under Reasonable Cause"

## AS AND FOR THE FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT'S VANCE, PERRY, KELLY,
## MEEHAN, CRIOLLO, SAGER, RIVERA, GREGORY, KOLAND,
## CITY OF NEW YORK MUNICIPAL CORPORATION "PERSON"

127).     Plaintiff Robert Jones, allege re-allege and repeats the allegation contained in ¶¶ 1-10,

10-20,20-30,30-40, 40-50,50-60,60-70,70-80,80-85,85-90, 90-100, 100-110,110-115,115-120,

120-125, 125-126 and 127. As are more fully set forth herein.

128).     On March 22, 2012. Plaintiffs "DNA" sample taken from a cup not abandoned while

held in police custody was tested against "DNA" evidence collected from the crime scene of 616

9th Ave, Thomas Dizarnaga  for which a knife was swabbed and compared with "DNA" from the cup

Results were negative.

128).    On March 22, 2012. Plaintiffs "DNA" sample was taken from the same cup and compared with "DNA" evidence found at the crime scene of 304/306 West 54th street, for which a "Hat" was tested and compared with the "DNA" illegally confiscated yielding a Negative test result,

129).    On March 22, 2012. Assistant District Attorney Lauren Perry did an in attempt To secure a life sentence against the plaintiff faxed a letter to Parole Officers J. Liggons # 2604 Solely to deprive plaintiff of a fair trial requested that P.O. Liggons discontinue his investigation Into the matter of People v. Jones indictment # 480/2012.

130).    Said request was inclusive of not contacting any police witnesses Detective James Meehan # 6445, and Jose Criollo # 4076, or any civilian witnesses Thomas Dizarmaga until she ADA Perry could prosecute the case free from parole officer J. Liggons # 2604 inquire or Written testimony offered by the above witnesses documented during a parole preliminary Hearing. In violation of executive law §259-I

131).    As a direct and approximate result plaintiff suffered the injury of "15 month" of Detention for which he would receive no parole time credit, compounded with the physical And mental anguish inflicted on his person arising from injuries to his right knee, left hip/femur Lower lumbar spine sciatica, left and right foot fallen arches after confiscation of his medically Prescribed orthopedic shoes.

132).    Plaintiff points to the felony complaint Prepared by ADA Perry ECAB # 1306957 for Which police Detective James Meehan # 6445 is reported to have on December 26, 2011. At approximately 7:30pm observe the plaintiff enter the apartment building at 616 9th Ave, and a Short time later exits the building carrying a bad for which he was not carrying before upon entering..

133).    According to said report the complaint Thomas Dizarmaga after returning home found His apartment door open and a computer "Mac Book Pro" and other property missing the Allege items were according to Detectives James Meehan # 6445, observation in the bag Carried by the plaintiff upon his exit of said location 616 9th Avenue.

## AS AN FOR THE FIFTH CAUSE OF ACTION
## AGAINST DEFENDNATS BLOOMBERG, VANCE, PERRY,
## KELLY, MEEHAN, CRIOLLO, SAGER, GREGORY, RIVERA,
## POLICE OFFICER JOHN DOE # _____, PROPERTY CLERK
## CITY OF NEW YORK, MUNICIPAL CORPORATION "PERSON"

134).     Plaintiff Robert Jones, repeats and re-allege the allegation contained in ¶¶ 1-10,10-20,20-

30,30-40,40-50,50-60,60-70,70-80,80-90, 90-100,100-110,110-120, 120-130, 131-133,133-134,

134-135 and136. As are more fully set forth herein .

134).     Defendants Michael Bloomberg, former City of New York, County Executive, "Mayor",

Cyrus Vance, District Attorney County of New York, Lauren Perry, Assistant District Attorney, City

of New York, Raymond Kelly, former City of New York, Police Commissioner, James Meehan # 6445,

Police Detective Mid-town North Pct, Detective Jose Criollo # 4076, Adam Sager Tax No. 902338,

Thornton Gregory Tax No. 91777, Felix Rivera Police Lieutenant Tax No. 920765, "MTN" M. Koland

# 28952, "MTN" John Doe # _____, Property Clerk Office One Police Plaza, and City of New York,

Municipal Corporation "Person"

135).     Are by and through the title 42 U.S.C. § 1983 during all times relevant herein while

Acting with a cognizant and culpable state of mine were deliberately indifferent to the plaintiffs

Constitutional Rights as are guaranteed under the First, Fifth, Sixth, Eighth, and Fourteenth,

Amendments of the United States, and State of New York, Constitution Article One, sections one,

Three, Five, Eleven, and twelve. Arising from Unlawful Detention, Deprivation of Procedural

Due Process, Equal Protection of Law, Illegal Search and Seizure, Physical Injuries, and Mental

Anguish loss of Property, which includes Medical Records, Mental Health Records, and Birth

Certificate, Social Security Card, Cell Phone, Clothing Pants, Hats, Shirts, Jackets, Genetic Martial

"DNA" Saliva Skin Cells, Blood, Hair Fibers, et al. confiscated by police and vouched  under invoice

1000126265, PET No. 1300051018, felony complaint ECAB # 1306957. Not liked to any criminal

Conduct the result of any crime.

## PRAYERS FOR RELIEF

**WHEREFORE:** Plaintiff seeks both Compensatory and Punitive Damage Awards both Jointly

And severally against all defendants herein to be consolidated with the matter of Jones v. City

Of New York, 14-cv-1350 (PAC)(AJP) pursuant to Rule 42 of the Federal Rules and Civil Procedure

Fed.R.civ.P. 42 (a).

A).    Plaintiff Robert Jones, seeks Compensatory Damages in the sum of $ 1,000,000. Dollars

Against all defendants herein both jointly and severally.

b).    Plaintiff seeks Punitive Damage in the sum of $ 1,000,000.dollars both jointly and severally

Against all defendants herein.

c).    Plaintiff seeks Past Pain and Suffering in the sum of $ 1,000,000.dollars both jointly and

Severally against all defendants herein.

d).    Plaintiff seeks Future Pain and Suffering, Mental and Emotional Anguish. Lost Enjoyment

of life in the sum of $ 1,000,000. dollars both Jointly and Severally against all defendants herein.

e) Plaintiff seeks Reasonable Attorneys Fees and Cost pursuant to 42 U.S.C. § 1988, along with all

banking fees and cost shifted to defendants  pursuant County Law § 722.

Respectfully Submitted

Sworn to before me this // day of  May 2014.

Marybeth Campfield
Notary Public, State of New York
No. 02CA6171492
Qualified in Nass City, Comm Exp 7/23/__

**AFFIDAVIT OF SERVICE**

SATET OF NEW YORK)
COUNTY OF BROXN ) SS;

I Robert. Jones, being duly sworn depose and says:

That I have on the 14th day of May 2014. Placed and submitted the original and copy of this motion

To be mailed via the United States Postal Services through the institutional mailroom of the

George Motchan Detention Center 15-15 Hazen Street, East Elmhurst New York, 11370.

Correctional Facility: said moving papers were mailed to the following concerned parties;

Clerk's Office
United State District Court
Southern District of New York,
500 Pearl Street
New York, New York 10007.

Sworn to before me this _14_ day of May 2014.

_____

Marybeth Campfield
Notary Public, State of New York
No. 02CA6171492
Qualified in Nass Cty, Comm Exp 7/23/

Respectfully Submitted

Robert Jones, Plaintiff Pro-se

14 CV 6402

Exhibit "A"

SUPREME COURT STATE OF NEW

COUNTY OF NEW YORK

Robert Jones, Claimant

   -against-

                        NOTICE OF CLAIM

Michael Bloomberg, City of New York, County Executive

"Mayor"; Cyrus Vance, City of New York, New York County

District Attorney; Lauren Perry, City of New York, New York County

Assistant District Attorneys Office; Raymond Kelly, City of New York

Commissioner of the New York Police Department "NYPD"; Police

Detective James Meehan shield # 6465; Detective Jose Criollo shield # 4076;

Detective Adam Sager Tax No. 902338; Police Lieutenant LT Felix Rivera shield #

9 2 0 7 6 5 ; Detective Thornton Gregory Tax No. 9 1 9 7 7 ; Police Officer M. Koland

Shield # 28952; Police Officer John Doe shield # _____ One Police Plaza, Property

Clerks Office/ Mid-town North Detectives Squad. Et al, et seq.

           Respondents

## PLEASE TAKE NOTICE

1). I Robert Jones claimant in the above entitled action on this _____ day of February 2014

Did effectively serve timely Notice of Claim on John Liu, City of New York Comptroller:

Office certified mail # 7000-0600-0024-0971-2846. And  Michael Cordozo, City of New

York, Corporation Counsel certified mail # 7000-0600-0024-0971-2853. Pursuant to

Municipal Law 50 (e)(1)<->

2). On January 27, 2012. Claimant Robert Jones defendant in the matter of People v Jones

Indictment # 480/2012. Felony Complaint ECAB # 1306957. As allege herein during all

times relevant the subject of a knowing and willful act of illegal Search and Seizure,

3). Conspiracy to deprive the claimant of his First, Fourth, Fifth, Eighth, and Fourteenth

United States Constitutional Amendments. New York State Constitution Article 1 § One,

three, Five, Six, Eleventh, and twelfth "NYSC".

4). Whereby on the above date Police Detectives James Meehan shield # 6445, Jose Criollo

Shield # 4076, Adam Sager Tax No. 902338, Thornton Gregory Tax No. 919777, of the

Manhattan North Detectives Squad et al, et seq.

5). Entered the home of Robert Jones, 571 Glenmore Ave in the East New York section of

Brooklyn. At approximately 3,30 pm without Warrant or Probable Cause to arrest

6). Nor any proof or evidence linking claimant to any criminal activity or crime in the

County of Kings,  placed him in an unmarked car and transported him to the Manhattan

Mid-town North Pct, where for the next sixteen hours Detective Meehan, Criollo, Sager,

Gregory and other members on the  "MTN" Detective Squad interrogated the claimant.

7). Claimant during which time was without the benefit of counsel, while in want of

Prescription Medication to treat his chronic High Blood Pressure, Right knee with its

Broken orthopedic hard wear, left hip/femur with its residual cavity, fractured mid-shaft

Pain and discomfort, Posttraumatic Stress Disorder, "PTSD" Anxiety, and Depression.

8). this illegal and unconstitutional detention and seizure of the claimants person also

Resulted with seizure of numerous personal property such items include but are not limited

To Legal Papers, Medical Records, Mental Health Records, Documents related to his mother death,

Birth Certificate, Social Security Card, Clothing, Hats Paints, Jackets, and Prosodic device "crutches".

9). at no time during this illegal procedure were the above items the product of any criminal

Activity or crimes, items in question were however vouched as criminal evidence under voucher

# 1000126265 Pet No. 1300051018 . At no time herein were said items abandoned claimant

Therefore invokes his Fourth Amendment  Rights to recovery.

10). Treble damages are sought pursuant to New York Judicial Court Act Law § 487, arising out

Of prosecutions failure to disclose all relevant Rosario and Brady Materials which constitutes

Outright denial of claimants rights to timely Notice  and full rebuttal that said property was

Seized by police and held as evidence under voucher # 1300051018 invoice # 1000126265

Destroyed by Hurricane  Sandy in October of 2012.

Malicious Prosecution Initiation of Proceedings

13). On December 26, 2011. Police Detective James Meehan shield # 6445 and Detective Jose Criollo

Shield # 4076 acting as Deponent, is informed by Detective James Meehan # 6445 of the Mid-town

South Detectives Squad in the felony Complaint of Lauren Perry Assistant District Attorney that.

14). On December 26, 2011. At approximately 7:30pm he Detective Meehan# 6445, observed that

Claimant Robert Jones entered the location of 616 9th Ave apartment building and later exit

carrying a bag that the claimant was not carrying upon entering pursuant to

Felony Complaint of ADA Perry ECAB # 1306957.

*Facts*

15). First element of Malicious Prosecution is that on December 26, 2011. Detective James Meehan

Shield # 6445 was an eyewitness to the crime charged "Burglary"

16). Secondly Detectives James Meehan # 6445, Jose Criollo # 4076, Detective Adam Sager Tax No.

902338, Detectives Thornton Gregory Tax No. 919777 and other members of the Mid-town North

Detectives Squad on 1/17/2012. Arrested claimant at his home at approximately 3:30am

Without warrant or probable cause for arrest.

17). Thirdly Detective Meehan, Criollo, Sager, Gregory, et al, et seq, on the above date and time

Restricted claimants freedom of movement when they placed him in a unmarked police car

And transported him to the County of New York, Mid-town North Pct, located at 357 west 54th St

Placed him in a locked interrogation room and question claimant for over Sixteen Hours, that

While in police custody deceptively  lied to and had his "DNA" taken from a paper drinking cup

18) Fourthly Seized numerous personal items from the claimants home which includes Papers,

His Person, and Effects without warrant of probable cause to believe those items were the result

Of a criminal act.

19). Fifthly Detective James Meehan Shield # 6445. Did swear to the felony complaint issued by

ADA Perry ECAB # 1306957. Thereby initiating the prosecution in the matter of People v. Jones

Indictment # 480/2012.

Post Detention Deprivation

20). On March 22, 2012. Claimant suffered post-arraignment deprivation in his rights to confront

Complaintant  Thomas  Dziaimaga of 616 9ᵗʰ Ave and arresting officer Detective Criollo #4076,

At a Parole Preliminary Violation Proceeding  pursuant to Executive Law § 259 (i).

21). On March 22, 2012. Assistant District Attorney Lauren Perry in a working vindictive effort

To deprive claimant of his Due Process Rights under Executive Law  § 259 (i)  instructed Detectives

Jose Criollo # 4076 and Detectives Meehan # 6445, to direct Parole Officer Liggons # 2604, to

Contact ADA Perry Office before conducting any investigation into the arrest of claimant .

22).  On the above date Parole Officer Liggons shield # 2604, received a written letter

Addressed to the Brooklyn Division of Parole requesting that no investigation be conducted

Into the matter of People v. Jones indictment # 480/2012 until prosecution and evidence

Could be presented free form testimony of Complaintant Thomas Dziaimage and Arresting

Police Detective James Meehan shield # 6445.

23).  Which mite contradict previously taken statements held in the Grand Jury Minutes,

Felony Complaint or, indictment # 480/2012.

24). Claimant as a direct result of this act of Judicial Manipulation subjected Mr. Jones

15 months of irreparable lost for which he would receive, no parole time credit

compounded

By the working efforts of both Assistant District Attorney Lauren Perry and Parole Officer

Liggons shield # 2604.

25). whom at the written request of ADA Perry failed to conduct any form of investigation

Into the matter of People v. Jones indictment # 408/2012. In direct violation of Executive

Law § 259 (i) section 8004.2 (d) "issuance of warrant following Arrest of Crime" whereby

26). Section 8004.2 (d) provides: If a releasee has been arrested for a crime the parole

Officer In charge of said parolee "Shall" cause an investigation to be made into the facts and

Circumstances surrounding that arrest.

27). Pursuant to Criminal Law § 110.5 Due Process Clause if the Fourteenth Amendment

Requires that a State "State of New York" must afford an individual some opportunity to be

Hared prior to revocation of parole. ✗

28). Section (7) provides that revocation of parole is "Not" part of a Criminal Court

Proceeding or prosecution, the procedural improprieties deployed by ADA Perry, Detective

James Meehan shield # 6445, Jose Criollo shield # 4076, and other members of the

Manhattan Mid-town North Detective Squad and its misappropriation of Judicial Rules,

29). Regulations, Policy, Procedures, and Practices, as it relates to Executive Law § 259 (i),

And The Due Process Clause of Criminal Law § 110.5 were unconstitutionally abridged

Solely With a cognizance state of mind in pursuance of securing an illegal ending.

30). Lauren Perry ADA as a acting member of the American Bar Association and Officer

Of the Court had "NO" jurisdictional authority to delay, obstruct, or deprive, claimant of

His statutory or regulatory provisions of Executive Law § 259 (i) (f) I, "Revocation Hearing

Shell be scheduled to be held within ninety (90) days of the probable cause determination"

31). Such willful act on the part of ADA Perry constitutes Malice and a Arbitrary exercise

Prosecutorial power which may infer lack of probable cause for arrest.

Favorable Termination

32). On November 21, 2013. The matter of People v. Jones indictment # 480/2012. Felony

Complaint # 1306957, was administratively abandon the eight counts of Burglary in the

Second Degree, CL 140.25 (2) and the Nine Counts of Criminal Possession of Stolen

Property in the fifth degree were dismissed by the Honorable Judge Renee White,

Supreme Court 100 Center Street Part 62.

33). accordingly the above offense were against different people and neither charge was

A lesser included offense of the other, therefore, Prosecution of all Burglary Counts

Stemmed from the same criminal activities and substantially overlap.

34). Respondents City of New York, are allege by this Notice of Claim to have knowingly

And willfully engaged in Judicial Deliberate Indifference, Malicious Abuse of Process,

As defined by the following:

1). the initiation of the Judicial Proceedings against the claimant was by and

Through Detective James Meehan shield # 6445, Jose Criollo shield # 4076, Lauren Perry

Assistant District Attorney et al, et seq.

2). an act by the respondents in the use of process other than such as would

Be proper in the regular prosecution of State and Federal Law pursuant to "Executive Law

§ 259 (f) I. section 8004.5 (d).

3). A primacy motive by the respondents in misusing the process to

Accomplish an illegal ending.

4). A primary purpose other than that of securing the proper adjudication

Of the offense charged in which the proceeding were based.

5). The matter of People v. Jones indictment # 480/2012. Felony Complaint

ECAB # 1306957 was a termination of the proceeding in the favor of the claimant against

The respondent on November 21, 2013.

6). Claimant suffered twenty-two months of detention and confinement

While prosecuted in a Judicial Court by respondents Lauren Perry ADA. And Cyrus Vance

County of New York, District Attorney Office.et al, et seq.

7). During the course of the Judicial Proceedings claimant suffer

Psychological, Emotional, and Physical injuries arising from his long term confinement

Illegal Search and Seizure, Medical Deliberate Indifference, Obstruction of Prescribed

Rehabilitational therapy want of Supportive Footwear.

Mental and Emotional Anguish

35). On January 27,2012. Police Detective James Meehan shield # 6445, Jose Criollo # 4076

Entered the home of claimant Robert Jones 571 Glenmore Avenue at approximately 3:30am

Physically restrained him restricted his freedom of movement.

36). Escorted him to a unmarked Police Car for which he was unaware what was going to

Happen to him and while in want of mental health meds, suffered Horror, Fright, Fear,

Helplessness, Despair, Hopelessness, Anguish, Anxiety , and an overwhelming sense of

Forsakenness, that he mite be physically beaten, or killed, or that he would never see his

Family again, nor have a normal life.

37). Claimant from January 28, 2012. Throughout April 23, 2013. By virtue of an

Department of Corrections "DOC" enter departmental Policy Footwear Medical Exemption

Deprived of specialized orthopedic prosodic device "Supportive Footwear" which resulted

With numerous injuries including right knee, with its broken orthopedic hardware,

Left hip/femur residual cavity fractured femur mid-shaft, lower lumbar spine sciatica.

38). Claimant suffered Posttraumatic Stress Disorder "PSTD" Anxiety, worsening

Depression, for which he was prescribed Trazodore HCl 50mgs, Prozac 80 mgs, Visceral

100mgs ofe sleep disorder.

39). Respondents were at all times relevant herein working under the color of State Law

While in that capacity maliciously and vindictively prosecuted the matter of People v. Jones

Indictment # 480/2012. Resulting with the following;

Post-Arraignment Deprivation

40). Claimant allege by the through this Notice and Jointly his Civil Complaint 42 U.S.C §

1983. Respondent were at all times relevant herein in direct violation of his Civil Rights as

Enacted in 1866 and 1871, title 18 U.S.C. § 241 "Under Conspiracy against the preservation

of a U.S. Citizens State and Federal Statutory, Regulatory Provisions of Law.

41). Title 18 U.S.C. § 242 Deprivation of Rights Guaranteed under the Color of State Law

New York State Constitutional Article 1 § 1,3,5,6, 11 and 12.

42). Title 42 U.S.C. § 1981 "Derivation of Equal Rights" pursuant to title 42 U.S.C. § 1983,

Civil Rights Act, title 42 U.S.C. § 1985 "Conspiracy to Interfere with Civil" sections (2),

"Obstruction of Justice" and section (3) "Derivation of Rights, Privileges, and Immunities"

Title 42 U.S.C. § 1986 "Inaction to Prevent Conspiracy".

43). Title 42 U.S.C. § 1987 "Protection against Vindictive and Malicious Prosecution"

"Malicious Abuse of Process"; Malicious Invasion of Privacy"; Tortuous Interference with

The Due Course Justice" "Publication of Disparaging Material" "New Paper Article"

Dated January 28, 2012. "Published Under ""Caught with His Crutches Down"

44). as was reported by respondent Raymond Kelly, Commissioner of the City of New York,

Police Department "NYPD" "to the New York Daily News" and "New York Post" Suspect is

Not disable" "But he is charged with Burglary".

45). Title 42 U.S.C. § 1988 "Proceedings in Vindication of Civil Rights" "Deprivation of

Liberty Consistent With the Concept of Seizure" "Search and Seizure" and Illegal Search &

Seizure" Excessive Bail Imposed to Compel Detention and Appearance "In the Sum of

$200,000. Dollars".

46).   On February 8, 2014. Claimant did effectively serve timely Notice of Intent on

John Liu, City of New York, Comptroller Office pursuant to Municipal Law § 50 (e) (1)-a

"Separate Pleading under Malicious Prosecution" and Municipal Law § 50 (e) within 90

Days of the events allege by this Notice of Intent under certified mail receipt # 7000-0600-

0024-0971-2846.

47).   On February 8, 2014. Claimant did effectively serve timely Notice of Intent on

Michael Cardozo, City of New York, Corporation Counsel pursuant to Municipal Law § 50

(e) (1)-a. "Separate Pleading under Malicious Prosecution" and Municipal Law § 50 (e)

Within 90 days of the events, allege by this Notice of Intent under Certified Mail receipt

# 7000-0600-0024-0971-2853.

Foote: On January 25, 2012. Detective James Meehan shield # 6445, is reported to have
during his investigation arrived at and entered the home of claimant 571 Glenmore Ave in
the East New York section of Brooklyn, during which without claimants consent walked up
one flight of stair peered into his bed room unnoticed and observed Mr. Jones operating an
allege stolen computer laptop "Mac Book Pro" Detective James Meehan shield # 6445 is
allege to have found the location of the stolen laptop via  electronic tracking "GPS" systems

On January 26, 2012. Detective James Meehan shield # 6445, is alleged to have sought and
was granted an official search warrant No, 095-2012 authorized by Supreme Court Judge
Armstrong said search warrant did not describe the want of "DNA" testing or evidence
As it relate to the allege offense occurring on January 11, 2012. Location of 304 and 306
West 54th street, mid-town Manhattan.

According to information and belief a "Hat" was recovered at the scene of the 304 address
And the use of "DNA" testing was conducted by Detectives of the Mid-town North
Detectives Squad, whom on January 27, 2012. Date of arrest and illegal detention
Collected an unauthorized sample of "DNA" by way of illegal and unethical practice of
Enter-departmental Policy and Procedure which abridged claimants constitutional rights
To counsel under the sixth amendment by deceptive cohesion illegal seizure of personal
property namely any manner of Blood, Urine, Saliva,

It is further allege herein that said unauthorized collected sample taken from a drinking Cup was use in identifying the claimant to the "Hat" during which claimant was denied his Constitutional right to confront his accuser and a copy of the "Forensic Statistic Comparison Report" including number of contributors, amount of "DNA" in each test, Type of mixture, likelihood of ratio "LR" comparisons result, et al.

On November 21, 2013. The matter of People v. Jones indictment # 480/2012. Was abandon for procedural insufficiency of evidence related to and including but not limited to Illegal search and Seizure of claimants Person, Papers, Property, and Effects.

Prior to which On November 8th 2013. The same unlawfully collected "DNA" was used To link claimant to this new Burglary allegedly occurring on April 25, 2013.Under indictment # 4939/2013. For which a "Jacket" was found at the scene claimant was Identified by use of "DNA" held in police custody in violation of his 4th amendment Illegal Seizure.

On December 17, 2013. Assistant District Attorney Jones sought a second "DNA" sample From the claimant Robert Jones, this newly obtained "DNA" should have been used to Establish identification linking claimant to the crime charged of Burglary and the evidence A "Jacket" allegedly collected by police in accordance with standard practice of police Evidence as was not the case in this matter.

## RELEIF SOUGHT

A). Claimant Seeks Compensatory Damages in the sum of $ 1,000,000.Dollars both jointly

In addition, severally against all Respondents herein.

B). Claimant Seeks Punitive Damages in the sum of $ 1,000,000. Dollars both Jointly and

Severally against all Respondents herein.

C). Claimant Seeks Past Pain and Suffering in the sum of $ 1,000,000. Dollars both jointly

In addition, severally against all Respondents herein.

D). Claimant Seeks Future Pain and Suffering in the sum of $ 1,000,000. Dollars both Jointly

In addition, severally against all Respondents herein.

E). Claimant Seeks Compensatory Damages for Lost Enjoyment of Life both Jointly

In addition, severally in the sum of $ 100,000. Dollars against all Respondents herein

F). Claimants Seeks Reasonable Attorneys Fees and Cost pursuant to 42 U.S.C. § 1988,

Along with all fees and cost shifted to the defendants as it relates to any banking fees of

Cost pursuant to County Law § 722.

Sworn to before me this 8 day of January 2014.                          Respectfully

_____

Marybeth Campfield
Notary Public, State of New York
No. 02CA6171492
Qualified In Nass Cty, Comm Exp 7/28/___

**AFFIDAVIT OF SERVICE**

State of New York )
County of New York) ss;

I, Robert Jones, being duly sworn deposes and says

That I have on this ___8___ day of February 2014. Placed and submitted the original and copies

Of this motion to be duly mailed via the United States Postal Services, through the institutional

Mailroom of the George Motchan Detention Center "GMDC" Correctional facility, Said moving

Papers were mailed to the following concerned parties:

John Liu, City of New York, Comptroller Office           Michael Cordozo, City of New York,

One Center Street                                        Corporation Counsel

New York, New York 10007,                                100 Church Street

Certified Mail # 7000-0600-0024-0971-2846.               New York, New York 10007.

                                                         Certified Mail # 7000-0600-0024-0971-
                                                         2853.

Sworn to before me this 8 day of February                Robert Jones, Plaintiff

2014.

_Marybeth Campfield_

_Robert Jones_ (signature)

Marybeth Campfield
Notary Public, State of New York
No. 02CA6171492
Qualified in Nass Cty, Comm Exp 7/23/16

I.   Facts: _____ "See Attached" _____

| |
|---|
| What happened to you? |

_____

| |
|---|
| When did this happen? |

_____

| |
|---|
| What anyone else involved? |

_____

| |
|---|
| Where did this happen? |

_____

III.   Injuries:            "See Attached"

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____

_____

_____

IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

**Notice of Claim details Administrative Complaint and Relief sought**

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No __XX__

Rev. 05/2010

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s)   Correctional Facility does not provide remedy for complaints against City of New York "NYPD"

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No __XX__   Do Not Know _____

Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No __XX__   Do Not Know _____

If YES, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes __XX__   No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes __XX__   No _____   City of New York, Corporation Counsel "Notice of Claim"

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?

1.  Which claim(s) in this complaint did you grieve?   Illegal Search and Seizure
Unlawful detention, Physical and Mental injuires, resulting with
over Twenty Two Month of incarceration.

2.  What was the result, if any?   The Matter of People v. Jones indictment # 480/2012 dismissed

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

F. If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:  _____

_____ See Attached _____

_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed,

4

Rev. 05/2010

when and how, and their response, if any. __See Attached__

_____

_____

_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. __See Exhibits A-●__

__See Attached__

_____

_____

_____

__Note:__  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.  Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  __See Attached__

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VI.  Previous lawsuits:

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

    Yes _____  No _____

On these claims

B   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff   Robert Jones

Defendants   Fischer et al, et seq.

2.   Court (if federal court, name the district; if state court, name the county)
     Noth   Northern District of New

3.   Docket or Index number   9:11-cv-0774 (GLS)(CHF)

4.   Name of judge assigned to your case   Gray L Sharpe

5.   Approximate date of filing lawsuit   April 2011

6.   Is the case still pending? Yes ____ No xx   August 7, 2013
                                                Summary Judgment 56(b)

7.   If NO, give the approximate date of disposition
     What was the result of the case? (For example: Was the case dismissed? Was there judgment
     in your favor? Was the case appealed?)
     Case Dismissed failure to timely prosecute : Summary Judgment

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
     Yes xx   No ____

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.   Parties to the previous lawsuit:

Plaintiff   Robert Jones

Defendants   Goord, et al, et seq

2.   Court (if federal court, name the district; if state court, name the county)
     Northern District of New York

3.   Docket or Index number   9: 06-cv-0346 (GLS)(THK)

4.   Name of judge assigned to your case   Therdor H Katz

5.   Approximate date of filing lawsuit   June 6, 2006

6.   Is the case still pending? Yes xx   No xx

7.   If NO, give the approximate date of disposition   Rule 41 Discontinuation
     What was the result of the case? (For example: Was the case dismissed? Was there judgment
     in your favor? Was the case appealed?)

On
other
claims

Rev 05/2010

6

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 4th day of _____ June _____, 20 14

Signature of Plaintiff _____ Robert Jones _____

Inmate Number _____ # 349-13-07805 _____

Institution Address _____ George Matchan Detention Center _____
_____ 15/15 Hazen Street _____
_____ East Elmhurst N.Y. _____
_____ 11370 _____

**Note**   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 4th day of _____ June _____, 20 14 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff. _____ Robert Jones _____

Rev. 05/2011