```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 17, 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JONES,

                Plaintiff,

        -v.-

MICHAEL BLOOMBERG, *et al.*,

                Defendants.

14 Civ. 6402 (KPF)

OPINION AND ORDER
OF SERVICE

KATHERINE POLK FAILLA, District Judge:

    Plaintiff, currently detained at the George Motchan Detention Center ("G.M.D.C.") on Rikers Island, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his arrest and custody. Named as Defendants are former Mayor Michael Bloomberg, New York County District Attorney Cyrus Vance, Jr., Assistant District Attorney Lauren Perry, former New York City Police Commissioner Raymond Kelly, the City of New York, the Manhattan Midtown North Precinct of the New York City Police Department ("NYPD"); and the following NYPD personnel: Jose Criollo, Adam Sager, Thornton Gregory, Felix Rivera, M. Koland, and John Doe of the Property Clerk's Office. Plaintiff seeks money damages.[1]

## APPLICABLE LAW

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental

---

[1] The Court has refrained from listing the identifying shield and tax numbers of the officers in question here.

entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

Plaintiff brings this action under § 1983. Under that statute, an individual may bring suit against persons who, acting under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws of the United States." 42 U.S.C. § 1983; *West* v. *Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Defendants Bloomberg and Kelly

Plaintiff's claims against Bloomberg and Kelly cannot proceed. As a prerequisite to an award of damages under § 1983, a plaintiff must show the personal involvement of defendants in the alleged constitutional deprivations. *See Farrell* v. *Burke*, 449 F.3d 470, 484 (2d Cir. 2006). To show personal involvement, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007)).

A court may consider supervisory personnel "personally involved" if a plaintiff plausibly alleges facts showing that those defendants: (i) participated directly in the alleged constitutional violation; (ii) failed to remedy the wrong after being informed of it; (iii) created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (iv) were grossly negligent in supervising subordinates who committed the wrongful acts; or (v) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating there were ongoing unconstitutional acts. *Grullon* v. *City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citing *Colon* v. *Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Plaintiff fails to include factual allegations showing that Bloomberg or Kelly were personally involved in violating his rights. Instead, Plaintiffs includes conclusory labels asserting that these Defendants were liable based solely on their positions of authority. The Court dismisses Plaintiff's claims against Bloomberg and Kelly with leave to file an amended complaint that supports a finding of liability against them.

   **B. Municipal Liability**

Plaintiff also names Manhattan Midtown North Precinct and the City of New York. Any claims against the precinct or the New York City Police

Department cannot proceed because a New York City agency is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); *see Brewton* v. *City of New York*, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); *Echevarria* v. *Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).

To the extent Plaintiff seeks to sue the City of New York, he has not alleged any facts in support of a municipal liability claim. To hold a municipality liable, a § 1983 plaintiff must allege that the underlying events resulted from a policy, custom, or practice. *Monell* v. *Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Mayo* v. *Cnty. of Albany*, 357 F. App'x 339, 341 (2d Cir. 2009) (summary order). This complaint lacks any factual allegations suggesting the existence of an "officially-adopted policy or custom that caused [Plaintiff] injury and a direct and deliberate causal connection between that policy or custom and the violation of [Plaintiff's] federally protected rights." *Emerson* v. *City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010). Should Plaintiff file an amended complaint, he may present any facts supporting a municipal liability claim.

### C. Claims Against Defendants Vance and Perry

Also problematic are Plaintiff's claims against the prosecutors, Vance and Perry. Prosecutors acting within the scope of their duties are entitled to absolute immunity because their prosecutorial activities are "intimately

4

associated with the judicial phase of the criminal process." *Cornejo* v. *Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Imbler* v. *Pachtman*, 424 U.S. 409, 430 (1976)). This immunity extends to actions relating to their advocacy function. *Newton* v. *City of New York*, 566 F. Supp. 2d 256 (S.D.N.Y. 2008); *see also Peay* v. *Ajello*, 470 F.3d 65, 68 (2d Cir. 2006) (a prosecutor is entitled to absolute immunity, despite allegations of misconduct); *Fields* v. *Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990) ("[U]nless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process .... This protection extends to the decision to prosecute as well as the decision not to prosecute."). Plaintiff does not assert any conduct by Vance or Perry that did not arise out of their advocacy role. Accordingly, the Court finds that they are immune from suit.

## ORDER OF SERVICE

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on NYPD officers Jose Criollo, Adam Sager, Thornton Gregory, Felix Rivera, and M. Koland through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each named Defendant.[2] Within 30 days of the date of

---

[2] Plaintiff names a John Doe officer who works in the Property Clerk's Office. Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). It does not appear to the Court that the complaint asserts a viable claim against this officer or provides enough information about this officer to determine his identity. Accordingly, the Court declines to issue a *Valentin* order at this time, but will reconsider the matter as the case develops.

this Order, Plaintiff must complete the USM-285 forms and return them to the Court. If Plaintiff does not wish to use the Marshals Service to effect service, he must notify the Court in writing within 30 days of the date of this Order and request that a summons be issued directly to him. If within 30 days, Plaintiff has not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Upon receipt of the completed USM-285 forms, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service.

No matter what method of service Plaintiff chooses, he must effect service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and if necessary, to request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If within 120 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to dismiss from the action Defendants Bloomberg, Kelly, the City of New York, the Manhattan Midtown North Precinct, Vance, and Perry.  The Clerk of Court shall mail to Plaintiff a copy of this Order and one USM-285 form for each remaining Defendant.  Upon receipt of the completed USM-285 forms, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 17, 2014
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*A copy of this Order was mailed by Chambers to:*

Robert Jones
George Motchan Detention Center
15-15 Hazen Street
East Elmhurst, NY 11370