UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

ROBERT JONES,

                              Plaintiff,

                  -against-

DETECTIVE JOSE CRIOLLO, POLICE OFFICER STEVEN
MIKONLAND, DETECTIVE JAMES MEEHAN,
LIEUTENANT FELIX RIVERA, DETECTIVE ADAM SAGER,
AND DETECTIVE GREGORY THORNTON,

                             Defendants.

------------------------------------------------------------------------------x

**ANSWER TO THE COMPLAINT ON BEHALF OF DEFENDANTS CRIOLLO, MEEHAN, RIVERA, SAGER, AND THORNTON**

14-CV-7531 (RRM) (MDG)

JURY TRIAL DEMANDED

        Defendants Detective Jose Criollo, Detective James Meehan, Lieutenant Felix Rivera, Detective Adam Sager, and Detective Gregory Thornton, by their attorney, Zachary W. Carter, Corporation Counsel for the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "I" of the form complaint, except admit that plaintiff purports to proceed as stated therein.

        2.      Deny the allegations set forth in paragraph "II" of the form complaint, except admit that plaintiff purports to proceed as stated therein.

        3.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        4.      Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        5.      State that the allegations set forth in paragraph "3" of the complaint are unintelligible.

6.      State that the allegations set forth in paragraph "4" of the complaint are not averments of fact that require a response.

7.      State that the allegations set forth in paragraph "5" of the complaint are legal conclusions to which no response is required.

8.      State that the allegations set forth in paragraph "6" of the complaint are unintelligible.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

10.      State that the allegations set forth in paragraph "8" of the complaint are unintelligible.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

12.      Deny the allegations set forth in paragraph "10" of the complaint.

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint as they pertain to unidentified defendants.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

15.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

16.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint as they pertain to unidentified defendants.

17.     Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was arrested on January 27, 2012.

18.     Deny the allegations set forth in paragraph "16" of the complaint.

19.     Deny the allegations set forth in paragraph "17" of the complaint.

20.     Deny the allegations set forth in paragraph "18" of the complaint.

21.     Deny the allegations set forth in paragraph "19" of the complaint.

22.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff was transported to Bellevue Hospital.

23.     Deny the allegations set forth in paragraph "21" of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

27.     Deny the allegations set forth in paragraph "25" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

29.     Deny the allegations set forth in paragraph "27" of the complaint.

30.     Deny the allegations set forth in paragraph "28" of the complaint.

31.     Deny the allegations set forth in paragraph "29" of the complaint.

32.     Deny the allegations set forth in paragraph "30" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

34.     State that the allegations set forth in paragraph "32" of the complaint are legal conclusions to which no response is required, except admit that on January 27, 2012, Michael Bloomberg was the Mayor of the City of New York.

35.     State that the allegations set forth in paragraph "33" of the complaint are legal conclusions to which no response is required, except admit that on January 27, 2012, Cyrus Vance was the District Attorney for New York County.

36.     State that the allegations set forth in paragraph "34" of the complaint are legal conclusions to which no response is required, except admit that on January 27, 2012, Lauren Perry was an Assistant District Attorney in New York County.

37.     State that the allegations set forth in paragraph "35" of the complaint are legal conclusions to which no response is required, except admit that on January 27, 2012, Raymond Kelly was the Police Commissioner for the New York City Police Department.

38.     State that the allegations set forth in paragraph "36" of the complaint are legal conclusions to which no response is required, except admit that Lieutenant Rivera is an employee of the New York City Police Department.

39.     State that the allegations set forth in paragraph "37" of the complaint are legal conclusions to which no response is required, except admit that Detective Meehan is an employee of the New York City Police Department.

40.     State that the allegations set forth in paragraph "38" of the complaint are legal conclusions to which no response is required, except admit that Detective Criollo is an employee of the New York City Police Department.

41.     State that the allegations set forth in paragraph "39" of the complaint are legal conclusions to which no response is required, except admit that Detective Thornton is an employee of the New York City Police Department.

42.     State that the allegations set forth in paragraph "40" of the complaint are legal conclusions to which no response is required, except admit that Detective Sager is an employee of the New York City Police Department.

43.     State that the allegations set forth in paragraph "41" of the complaint are legal conclusions to which no response is required, except admit that Officer Mikolanda is an employee of the New York City Police Department.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint as they pertain to unidentified defendants.

45.     Deny the allegations set forth in paragraph "43" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

46.     Deny the allegations set forth in paragraph "44" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

47.     Deny the allegations set forth in paragraph "45" of the complaint, except admit that plaintiff purports to base venue as stated therein.

48.     State that the allegations set forth in paragraph "46" of the complaint are not averments of fact that require a response.

49.     Deny the allegations set forth in paragraph "47" of the complaint.

50.     Deny the allegations set forth in paragraph "48" of the complaint.

51.     Deny the allegations set forth in paragraph "49" of the complaint.

52.     State that the allegations set forth in paragraph "50" of the complaint are unintelligible.

53.     State that the allegations set forth in paragraph "51" of the complaint are unintelligible.

54.     Deny the allegations set forth in paragraph "52" of the complaint.

55.     Deny the allegations set forth in paragraph "53" of the complaint.

56.     State that the allegations set forth in paragraph "54" of the complaint are unintelligible.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

58.     Deny the allegations set forth in paragraph "56" of the complaint.

59.     Deny the allegations set forth in paragraph "57" of the complaint.

60.     State that the allegations set forth in paragraph "58" of the complaint are legal conclusions to which no response is required.

61.     Deny the allegations set forth in paragraph "59" of the complaint.

62.     State that the allegations set forth in paragraph "60" of the complaint are unintelligible.

63.     State that the allegations set forth in paragraph "61" of the complaint are unintelligible.

64.     Deny the allegations set forth in paragraph "62" of the complaint.

65.     State that the allegations set forth in paragraph "63" of the complaint are legal conclusions to which no response is required.

66.     State that the allegations set forth in paragraph "64" of the complaint are unintelligible.

67.     State that the allegations set forth in paragraph "65" of the complaint are unintelligible.

68.     State that the allegations set forth in paragraph "66" of the complaint are unintelligible.

69.     Deny the allegations set forth in paragraph "67" of the complaint.

70.     Deny the allegations set forth in paragraph "68" of the complaint.

71.     Deny the allegations set forth in paragraph "69" of the complaint, except admit that plaintiff was investigated related to a series of burglaries in New York County, and further respectfully refer the Court to the article cited therein.

72.     Deny the allegations set forth in paragraph "70" of the complaint.

73.     State that the allegations set forth in paragraph "71" of the complaint are unintelligible.

74.     State that the allegations set forth in paragraph "72" of the complaint are unintelligible.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the complaint as they pertain to an unidentified defendant.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the complaint as they pertain to an unidentified defendant.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the complaint as they pertain to an unidentified defendant.

78.     State that the allegations set forth in paragraph "76" of the complaint are unintelligible.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the complaint as they pertain to unidentified defendants.

80.     Deny the allegations set forth in paragraph "78" of the complaint, except admit that plaintiff was arrested on January 27, 2012.

81.     Deny the allegations set forth in paragraph "79" of the complaint.

82.     Deny the allegations set forth in paragraph "80" of the complaint.

83.     Deny the allegations set forth in paragraph "81" of the complaint.

84.     Deny the allegations set forth in paragraph "82" of the complaint.

85.     Deny the allegations set forth in paragraph "83" of the complaint.

86.     Deny the allegations set forth in paragraph "84" of the complaint.

87.     Deny the allegations set forth in paragraph "85" of the complaint.

88.     Deny the allegations set forth in paragraph "86" of the complaint.

89.     Deny the allegations set forth in paragraph "87" of the complaint and repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

90.     Deny the allegations set forth in paragraph "88" of the complaint.

91.     State that the allegations set forth in paragraph "89" of the complaint are not averments of fact that require a response.

92.     State that the allegations set forth in paragraph "90" of the complaint are not averments of fact that require a response.

93.     State that the allegations set forth in paragraph "91" of the complaint are unintelligible.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the complaint.

95.     Deny the allegations set forth in paragraph "93" of the complaint.

96.     State that the allegations set forth in paragraph "94" of the complaint are unintelligible.

97.     State that the allegations set forth in paragraph "95" of the complaint are unintelligible.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the complaint.

99.     Deny the allegations set forth in paragraph "97" of the complaint.

100.    In response to the allegations set forth in paragraph "98" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

101.    State that the allegations set forth in paragraph "99" of the complaint are unintelligible.

102.    State that the allegations set forth in paragraph "100" of the complaint are unintelligible.

103.    Deny the allegations set forth in paragraph "101" of the complaint.

104.    Deny the allegations set forth in paragraph "102" of the complaint.

105.    Deny the allegations set forth in paragraph "103" of the complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the complaint.

107.    State that the allegations set forth in paragraph "105" of the complaint are unintelligible.

108.    State that the allegations set forth in paragraph "106" of the complaint are unintelligible.

109.    State that the allegations set forth in paragraph "107" of the complaint are unintelligible.

110.    Deny the allegations set forth in paragraph "108" of the complaint, except admit that plaintiff was charged with Burglary.

111.    Deny the allegations set forth in paragraph "109" of the complaint.

112.    Deny the allegations set forth in paragraph "110" of the complaint.

113.    Deny the allegations set forth in paragraph "111" of the complaint.

114.    Deny the allegations set forth in paragraph "112" of the complaint.

115.    State that the allegations set forth in paragraph "113" of the complaint are not averments of fact that require a response.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the complaint.

117.    Deny the allegations set forth in paragraph "115" of the complaint.

118.    Deny the allegations set forth in paragraph "116" of the complaint.

119.     Deny the allegations set forth in paragraph "117" of the complaint, except admit that plaintiff seeks relief as stated therein.

120.     State that the allegations set forth in paragraph "118" of the complaint are legal conclusions to which no response is required.

121.     In response to the allegations set forth in paragraph "119" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

122.     State that the allegations set forth in paragraph "120" of the complaint are not averments of fact that require a response.

123.     State that the allegations set forth in paragraph "121" of the complaint are legal conclusions to which no response is required.

124.     Deny the allegations set forth in paragraph "122" of the complaint.

125.     Deny the allegations set forth in paragraph "123" of the complaint.

126.     State that the allegations set forth in paragraph "124" of the complaint are legal conclusions to which no response is required.

127.     State that the allegations set forth in paragraph "125" of the complaint are unintelligible.

128.     State that the allegations set forth in paragraph "126" of the complaint are legal conclusions to which no response is required.

129.     In response to the allegations set forth in paragraph "127" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph "128" of the complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in second paragraph "129" of the complaint.

133.    State that the allegations set forth in paragraph "130" of the complaint are unintelligible.

134.    State that the allegations set forth in paragraph "131" of the complaint are unintelligible.

135.    State that the allegations set forth in paragraph "132" of the complaint are not averments of fact that require a response.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph "133" of the complaint.

137.    In response to the allegations set forth in paragraph "134" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

138.    State that the allegations set forth in second paragraph "134" of the complaint are unintelligible.

139.    Deny the allegations set forth in paragraph "135" of the complaint.

## <u>FIRST AFFIRMATIVE DEFENSE</u>

140.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

141.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants Criollo, Meehan, Rivera, Sager, or Thornton.

## THIRD AFFIRMATIVE DEFENSE

142.    Plaintiff provoked any incident.

## FOURTH AFFIRMATIVE DEFENSE

143.    There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## FIFTH AFFIRMATIVE DEFENSE

144.    Defendants Criollo, Meehan, Rivera, Sager, and Thornton have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof.

## SIXTH AFFIRMATIVE DEFENSE

145.    There was probable cause for plaintiff's arrest, detention, and prosecution.

## SEVENTH AFFIRMATIVE DEFENSE

146.    Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

## EIGHTH AFFIRMATIVE DEFENSE

147.    Defendants Criollo, Meehan, Rivera, Sager, and Thornton have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

148.        At all times relevant to the acts alleged in the complaint, defendants Criollo, Meehan, Rivera, Sager, and Thornton acted reasonably in the proper and lawful exercise of their discretion.

## TENTH AFFIRMATIVE DEFENSE

149.    Plaintiff has failed to mitigate his alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

150.    Plaintiff's claims are barred by the applicable statute of limitations.

**WHEREFORE**, defendants Criollo, Meehan, Rivera, Sager, and Thornton request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        August 31, 2015

ZACHARY W. CARTER
Corporation Counsel of the City of
   New York
*Attorney for Defendants Criollo, Meehan,*
   *Rivera, Sager, and Thornton*
100 Church Street, Room 3-201
New York, New York 10007
(212) 356-2658

By:              /s/
        Maria Fernanda DeCastro
        *Assistant Corporation Counsel*

cc:     <u>VIA ECF</u>
        Robert Jones
        #141-15-02468
        *Plaintiff* Pro Se
        Otis Bantum Corr. Center
        1600 Hazen Street
        E. Elmhurst, NY 11370