UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

ROBERT JONES,

                          Plaintiff,

              -against-

DETECTIVE JOSE CRIOLLO, POLICE OFFICER STEVEN MIKONLAND, DETECTIVE JAMES MEEHAN, LIEUTENANT FELIX RIVERA, DETECTIVE ADAM SAGER, AND DETECTIVE GREGORY THORNTON,

                          Defendants.

-------------------------------------------------------------------------------x

**ORDER OF CONFIDENTIALITY**

14-CV-6402 (KPF) (MHD)

        **WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY ORDERED**:

        1.        As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned <u>Robert Jones v. Det. Meehan, et al.</u>, 14 Civ. 6402 (KPF) (MHD).

        2.        "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") disciplinary-related records and information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD or the Civilian Complaint Review Board and (b) other documents and information that may in good faith,

during the pendency of this litigation, be designated "Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available.

3.  Plaintiff shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this action.

4.  Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

a.  Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b.  Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiff shall retain the signed consent and furnish a copy to defendants' attorney upon request at a deposition or immediately before

trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.      Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 45 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by defendants or their counsel.

6.      If plaintiff objects to the designation of any Confidential Materials as confidential, plaintiff shall state such objection in writing to counsel for defendants, and the parties shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among the parties, plaintiff shall, within 45 days of the initial objection, request that the Court remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7.      Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. Materials filed under seal shall be according to the applicable District Court rules.

8.      Nothing in this Order shall be construed to limit defendants' use of their own Confidential Materials in any manner.

9.      This Order shall be binding upon the parties immediately upon entry.

10.      This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, or anyone receiving confidential documents pursuant to paragraph 4 herein, for any purpose without prior Court approval.

11.      The Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Order of Confidentiality at any time.

Dated: _____
       New York, New York

                              SO ORDERED


                              _____
                              HONORABLE KATHERINE P. FAILLA
                              UNITED STATES DISTRICT JUDGE

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Order of Confidentiality entered in the United States District Court for the Southern of New York dated March 7, 2017, in the action entitled <u>Robert Jones v. Det. Meehan, et al.</u>, 14 Civ. 6402 (KPF) (MHD), and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____  _____

Date  Signature

_____

Print Name

_____

Occupation