```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ROBERT JONES,
#141-15-02468
NYSID# 04757650Q
R.N.D.C
11-11 Hazen Street
E. Elhurst, NY 11370,

                Plaintiff,               New York, N.Y.

           v.                            14 Civ. 6402(KPF)

JAMES MEEHAN, et al.,

                Defendants.
------------------------------x
                                         March 3, 2017
                                         10:15 a.m.
Before:

                HON. KATHERINE POLK FAILLA,

                                         District Judge



                          APPEARANCES
                         (via telephone)

ROBERT JONES
     Pro Se Plaintiff


ZACHARY W. CARTER
     Corporation Counsel of the City of New York
BY:  MARIA FERNANDA DECASTRO
     Assistant Corporation Counsel
```

1              (In the robing room)

2              (Case called)

3              THE DEPUTY CLERK:  If the parties could please

4    identify themselves for the record, beginning with plaintiff.

5    Please state your name.

6              MR. JONES:  Robert Jones.

7              THE COURT:  All right --

8              MS. DECASTRO:  Good morning --

9              THE COURT:  It's okay, Ms. Decastro.  We were both

10   trying to be polite.

11             Mr. Jones, good morning to you and, Ms. Decastro, I

12   have you on the line as well?

13             MS. DECASTRO:  Yes, your Honor.

14             MR. JONES:  Good morning.

15             THE COURT:  I thank you both for participating in this

16   call.

17             I brought this call together because I received a

18   letter on February 24 of this year regarding some perhaps

19   hiccups in the production of discovery.

20             Mr. Jones, it is my understanding, sir, that there are

21   documents that you still need.  Is that correct?

22             MR. JONES:  Yes, that is, that's correct, Judge.

23             THE COURT:  And, sir, did you see the letter from

24   Ms. Decastro that was sent to me on the 24th of February?  Have

25   you received that yet?

1    MR. JONES:  No, not as of yet.  The mail was running a
2 little slow here, so I may get it today or tomorrow.
3    THE COURT:  Let me tell you, then, sir, what it says.
4 And I will have Ms. Decastro speak to this issue as well.
5    She says she knows what you are looking for and it is
6 not that you are not entitled to it, but that she wanted you
7 first to sign a protective order before she would give it to
8 you.
9    So, Ms. Decastro, why don't you explain to me what the
10 categories of documents are, because they are not listed
11 specifically in your letter, and what the protective order
12 would entail.
13    MS. DECASTRO:  Yes, your Honor.
14    So the category of documents that I understand
15 Mr. Jones believes are outstanding is the policies on how the
16 NYPD deals with prisoners who have a medical condition or who
17 seek medical treatment which in NYPD custody.  We had discussed
18 this issue in the past, and defendants had agreed to produce it
19 subject to a protective order and we have sent that protective
20 to plaintiff now on two occasions, and he has not signed it.
21    THE COURT:  All right.
22    Mr. Jones, I believe as well that these materials
23 should be produced pursuant to a protective order, given their
24 nature.  Do you have an objection to signing a protective
25 order?

1     MR. JONES: No, I don't, your Honor. In fact, I had
2 recently signed one and had it notarized. So to ensure that it
3 was, when it is delivered, that it would have some verification
4 of its time. I placed it in the institutional mail, mailbox.
5 I don't have the means right now financially to send it under
6 the normal circumstances of regular mail, so I have to go
7 through a process in order to get the mail out, and I am -- I
8 have to wait until -- there is a large number of individuals in
9 this particular facility, and based on that and my financial
10 status, it may take a little time for the mail to get to its
11 destination.
12     THE COURT: But, Mr. Jones, you have received a copy
13 of the protective order that the Corporation Counsel has sent
14 to you, is that correct?
15     MR. JONES: That's correct, your Honor.
16     THE COURT: And you in fact signed it and notarized
17 it.
18     MR. JONES: Yes, I did.
19     THE COURT: I see.
20     Ms. Decastro, is that oral representation sufficient
21 for you to release these materials?
22     MS. DECASTRO: Unfortunately not, your Honor. I think
23 I would need the signed protective order, then I would need to
24 sign it, and then I would ask for the court to endorse it, too.
25     THE COURT: I understand that.

1    By the same token, Ms. Decastro, do you believe that
2 the document that Mr. Jones signed is in fact the protective
3 order that you sent to him?
4    MS. DECASTRO:  I am not exactly sure, because we have
5 had an argument in the past about this protective order.  The
6 first time that we sent it was I think over a year ago, and
7 Mr. Jones objected to signing it.  So I am not -- I would like
8 to see it before we -- before I come to any conclusion as to
9 whether it is the same document that I sent to him.
10    THE COURT:  Let me ask you this question.  Is it
11 possible for me to short circuit this process by entering an
12 order that uses the text of your confidentiality stipulation or
13 your protective order?
14    MS. DECASTRO:  Yes.  That would be agreeable.  I could
15 send -- I could post it to the docket for your endorsement.
16    THE COURT:  So if you just rephrase it as an order,
17 and it is the very same text that you most recently sent to
18 Mr. Jones, I should be able to order that and that would allow
19 the materials to be released, is that correct?
20    MS. DECASTRO:  Yes.  That would be fine.
21    THE COURT:  Okay.  Mr. Jones, let me make sure that's
22 fine with you, sir.  Since your protective order is somewhere
23 in the process, it's been let go by you, but it hasn't been
24 received by Ms. Decastro, do you agree, sir, that I can issue
25 an order, with the very same text?

1     MR. JONES:  Yes, yes.  That would be fine, your Honor.
2     THE COURT:  I will do that as soon as I receive it
3  from Ms. Decastro.
4     And, Ms. Decastro, can I then understand that perhaps
5  at the beginning of next week you can send these materials to
6  Mr. Jones?
7     MS. DECASTRO:  Yes, your Honor.
8     THE COURT:  Okay.
9     And, Mr. Jones, I imagine it will take a week or so to
10  get those materials to you.  Has that been your experience,
11  sir?  It takes about a week?
12     MR. JONES:  Yes, around a week, eight days, yes,
13  that's correct, your Honor.
14     THE COURT:  Okay.
15     Let me talk about issue two, then.  May I understand,
16  Ms. Decastro, what the problems are with getting a room for
17  Mr. Jones's deposition?
18     MS. DECASTRO:  Yes, your Honor.  So we had scheduled
19  Mr. Jones's deposition.  I had forwarded the court order to the
20  facility at Rikers Island; and when I appeared for the
21  deposition, there was no -- the room that they had did not have
22  an outlet for the stenographer to plug in her equipment nor did
23  it have a table with chairs for me to be able to sit in the
24  room with Mr. Jones.
25     THE COURT:  Oh, I am not laughing, I am just so sorry

1  to hear that.

2      MS. DECASTRO:  It was quite the experience.

3      I have now conferred with the MCs at Rikers Island,

4  and they have assured me that when we next schedule it that

5  there will be an available room, hopefully it would be the

6  chapel, we would just have to use chapel services or one of the

7  other rooms available for the deposition.

8      THE COURT:  Okay.  Have you and Mr. Jones worked out a

9  day on which that deposition can take place?

10      MS. DECASTRO:  No, not yet.  But I was hoping that

11  after the phone call Mr. Jones and I can figure out some dates.

12      THE COURT:  Okay.  Can I expect that the deposition

13  will take place in the month of March?

14      MS. DECASTRO:  Yes, your Honor.  It should take place

15  in the month of March.

16      THE COURT:  That is good news.

17      All right.  So if we believe that the documents are

18  going to be received by Mr. Jones in the month of March and

19  that your depo will take place in the month of March, when

20  would you like, Ms. Decastro, to file your opening brief in the

21  summary judgment motion?  Do you want -- and, listen, I am

22  feeling extraordinarily nice today.  Do you want the end of

23  April?

24      MS. DECASTRO:  Yes, your Honor.  Are we still doing

25  where plaintiff files his motion first?

1    MR. JONES: Oh, yes. I forgot about that. Excuse me.
2  Let me go back to my notes. Yes, that is true.
3    Mr. Jones, are you still going to be filing a motion
4  for summary judgment, sir?
5    MR. JONES: Yes, I am, your Honor.
6    THE COURT: Okay. Then I am going to ask you the
7  question I was just asking of Ms. Decastro. The end of April,
8  I think that's enough time for you to file your motion. Do you
9  agree?
10    MR. JONES: I agree, yes, that's enough time.
11    THE COURT: What I would like to do, then, is to
12  basically add 60 days to the existing schedule. We will work
13  it out so that it won't fall on a weekend or a day that the
14  court might not be receiving documents, but I think that would
15  be sufficient to allow you the time that you need to file this
16  motion.
17    Mr. Jones, do you agree?
18    MR. JONES: Yes, I do, your Honor.
19    THE COURT: Ms. Decastro, does that also work for your
20  schedule?
21    MS. DECASTRO: Yes, your Honor.
22    THE COURT: Okay. Ms. Decastro, is there anything
23  else you want to bring to my attention in this phone call?
24    MS. DECASTRO: No, your Honor. Just that I am
25  starting a trial at the beginning of April, but I do have

1    availability right now for the dep in March, but I don't
2    foresee that as a problem at this point.
3                THE COURT:  All right.  Would you please let me know,
4    Ms. Decastro, if you are getting any pushback or problems from
5    the folks at Mr. Jones's facility, because to the extent I can
6    be of any assistance, I will call them.
7                MS. DECASTRO:  Yes, your Honor.
8                THE COURT:  Okay.  That is great.
9                Ms. Decastro, would you please obtain a transcript of
10   this call in the ordinary course and send it to Mr. Jones?
11               MS. DECASTRO:  Yes, your Honor.
12               THE COURT:  I thank you.
13               Mr. Jones, is there anything else you want to bring to
14   my attention today, sir?
15               MR. JONES:  No, your Honor. I think that pretty --
16   what we received is great.  I think everything is in order.
17               THE COURT:  I think so, as well.  Thank you both very
18   much for participating in the call.  Enjoy the rest of your
19   day.
20               MS. DECASTRO:  Thank you.
21               MR. JONES:  Thank you.
22                                - - -
23
24
25