



| COMPLAINT - FOLLOW UP INFORMATIONAL REPORT - Other Attachments | | | Crime/Condition BURGLARY | Command 014-MIDTOWN PRECINCT SOUTH Date of This Report 01/03/2012 |
|---|---|---|---|---|
| Date of UF61 12/26/2011 | Date Case Assigned 12/27/2011 | Complaint No. 2011-014-14341 | Case No. 2011 - 3934 | Unit Reporting BRAM | Follow-Up No. 8 |

| Complainant's Name | Address 616 9 AVENUE MANHATTAN NY 10036 | | Apt No. 2F |
|---|---|---|---|
| Nickname/Alias/Middle Name NONE | | | |
| Sex | Race | Date of Birth | Age |
| Home Telephone | Business Telephone | Cell Phone | Beeper # | E-Mail Address |

| Person Interviewed Last Name, First M.I. | Address | | Apt No. |
|---|---|---|---|
| Nickname/Alias/Middle Name NONE | | | |
| Position/Relationship | Sex | Race | Date of Birth | Age |
| Home Telephone | Business Telephone | Cell Phone | Beeper # | E-Mail Address |

| Activity Address Location NYC | Street 357 WEST 35 STREET | City MANHATTAN | State NY | Zip 10001 | Apt # |
|---|---|---|---|---|---|
| Cross Street 9 AVENUE and 8 AVENUE | | Intersection of | | | Premise Type |

| Activity Date 01/03/2012 | Activity Time 13 15 |
|---|---|
| Topic/Subject: (Other Attachments) LEADS ONLINE SEARCH/ CONTACT SPIS | |
| Burglary Type: RESIDENCE - DAY | |

**Summary of Investigation:**
1. On January 3, 2012, at approximately 1315 hours the undersigned did a Leads Online search for the two stolen lap top computers and the stolen kindle. The undersigned inputted the kindle and the two stolen lap top computers brand, model, and serial numbers. Apple, Macbook Pro, C02FC7ZMD AND W8612851VJ3 and the Amazon, Fire, with the serial numbers D01EC0A014951PN0. e search did not find any of the items but the search will stay active for sixty days ~ ~ ~ ~2. On January 3, 2012, at approximately 1320 hours the undersigned contacted the stolen property inquiry section at 646-610-5100. The undersigned did speak with PAA Rice and I requested an alarm be activated for the stolen two lap top computers and the Amazon Kindle. I informed PAA Rice of the kindle and the two stolen lap top computers brand, model, and serial numbers. Apple, Macbook Pro, C02FC7ZMD AND W8612851VJ3 and the Amazon, Fire, with the serial numbers D01EC0A014951PN0. ~ ~ ~3. On January 3, 2012, at approximately 1330 hours the undersigned requests to add the e-mail from ███████ and the three Leads Online searches as an attachment for this case ~ ~ ~4. Case status active..........

| Reporting Officer: | Rank DT3 | Name JAMES MEEHAN | Tax Reg. No. 905807 | Command 241-MTS DET SQUAD |
|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed 01/03/2012 | Date of Next Review | Name YLLI DAUTAJ | Supv. Tax No. 917088 |

**DEF 900**



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)



Invoice No. **1000115559**

| Invoicing Command | | | | | Invoice Status |
|---|---|---|---|---|---|
| **14TH PCT(MTS)** | | | | | **OPEN** |
| Invoice Date | | Property Type | | | Property Category |
| **01/03/2012** | | **EVIDENCE COLLECTION KITS / SWABS** | | | **DNA INVESTIGATORY** |

| Officers | Rank | Name | Tax No. | Command | |
|---|---|---|---|---|---|
| Invoicing | DT3 | MEEHAN, JAMES | ▓▓▓ | MTS DET SQUAD | OCME EU No. |
| Attesting | N/A | | | | OCME FB No. |
| Investigating | DT3 | MEEHAN, JAMES | ▓▓▓ | MTS DET SQUAD | Police Lab Evid · Ctrl. No |
| Det./Squad Supervisor | LCD | WEST, JAMES | ▓▓▓ | MTS DET SQUAD | Det.Sqd. Case No. 3934 |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. N/A |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | SUSPECT EVIDENCE COLLECTION KIT | 5279634 | 1 | |
| | | KNIFE WITH BLACK HANDLE | | | |

**REMARKS:**
▓▓▓ 01/03/2012 10:57 : UNKNOWN MALE PERP ENTERED LOCATION AND REMOVED PROPERTY FROM WITHIN IN THE COURSE OF A
BURGLARY. PERP LEFT BEHIND A KNIOFE WITH A BL ACK HANDLE ON A DESK IN THE VICTIMS LIVING
ROOM. THE UNDERSIGNED TOOK POSSESSION OF THE KNIFE FOR DNA AND CHEMICAL LATENT PRINT
ANAL
YSIS TESTING.

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|
| 12/26/2011 | 140.25/BURGLARY | FELONY | N/A | | REFUSED |

| Prisoner(s) Name | | D.O.B | Age | Address | Arrest No./Summons No · NYSID No |
|---|---|---|---|---|---|

| | Name | Tax No. | Address | Phone No. |
|---|---|---|---|---|
| Finder(s) | | | ▓▓ MANHATTAN, NY- 10036 | ▓▓▓ |
| Owner(s) | UNKNOWN | | | |
| Complainant(s) | | | ▓▓ MANHATTAN, NY- 10036 | ▓▓▓ |

| Complaint No. | 2011-014-14341 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |

| Approvals | Rank | Name | Tax No. | Command | Date | Time |
|---|---|---|---|---|---|---|
| Entered By | DT3 | MEEHAN, JAMES | ▓▓▓ | MTS DET SQUAD | 01/03/2012 | 10:20 |
| Invoicing Officer | DT3 | MEEHAN, JAMES | ▓▓▓ | MTS DET SQUAD | 01/03/2012 | 11:01 |
| | | *Det. Jann Meehan* | | | | |
| Approved By | LCD | WEST, JAMES | ▓▓▓ | MTS DET SQUAD | 01/03/2012 | 11:01 |

Invoice No. **1000115559**

PCD Storage No. ▬

**Assigned Investigator Copy**
printed: 01/03/2012 11:03

Page No. 1 of 2

**DEF 671**

If you are unable to obtain a sample please let us know as soon as possible so the case can be completed.

Thank you,

Shannon Soltysiak

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
| 3/20/12 | 1943 | SAS | received e-mail from | Det Boston | NYPD |

There was an arrest in this case.
Arrest ID    Status   Defendant Name  Sex    Race    AGE    Arrest Date
M12608324
ACTIVE          JONES, ROBERT    MALE  BLACK  48    01/27/2012 

DEFENDANT: JONES, ROBERT      NYSID #: 04757650Q
Arrest #: M12608324
Nick/AKA/Maiden:    NONE  Height: 5FT 09IN
Sex:    MALE  Weight: 180
Race:    BLACK      Eye Color:    BROWN
Age:    48      Hair Color:    BLACK
Date Of Birth:  01/11/1964  Hair Length:   NORMAL
U.S. Citizen:    YES  Hair Style:    CURLY/WAVY
Place Of Birth:  NEW YORK  Skin Tone:    DARK
Need Interpreter: NO  Complexion:    BLOTCHY
Language:
Accent:  NO    Soc.Security #:  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
        Occupation:    UNKNOWN
Physical Condition:  APPARENTLY NORMAL    Lic/Permit Type:
Drug Used:  NONE  Lic/Permit No:
    Order Of Protection:    NO
Issuing Court:
Docket #:
Expiration Date:
Relation to Victim:    UNKNOWN/NONE
Living together:  NO
Can be Identified:    YES

    Gang Affiliation: NO
Name:
Identifiers:


LOCATION    ADDRESS    CITY  STATE/CNTRY ZIP    APT/ROOM    PCT
HOME-PERMANENT  571 GLENMORE AVENUE    BROOKLYN    NEW YORK    10019  A209C  075

Detective George Boston
OCME Liaison Unit
(NYPD Police Lab)
Phone: ███████████
Fax: ███████████

1200490x

FB12-00???0

**DEF 825**



## FORENSIC BIOLOGY – Case Contacts

| DATE EFFECTIVE | APPROVED BY | PAGE |
|---|---|---|
| 3/12/2010 | Eugene Lien | 1 of 1 |

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
| 3/21/12 | 0820 | SAS | sent e-mail to | 'DNALabs@dany.nyc.gov' | MDAO |

Good morning,

I am making a request for a reference sample for the following case in order to compare it to DNA results:

Complaint#

Case type

FB#

Complainant/Entity
Suspect Information    Comparison sample(s) needed
2011-014-1434 ( Burglary FB12-00490    c/v ▮▮▮▮▮▮▮    Robert Jones
Arrest No: M12608324
NYSID No: 04757650Q    c/v ▮▮▮▮▮▮

The Forensic Biology analyst assigned to this case is:  Shannon Soltysiak, 212-323-1352.

If you are unable to obtain a sample please let us know as soon as possible (no later than two weeks from the date of this email) so the case can be completed.

Thank you,

Shannon Soltysiak

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
| 3/21/12 | 1121 | SAS | called | Sergeant Simona | MDTU |

Called Sergeant Simona to tell him that we have a mixture of DNA from handle of the knife and that the DA's office was contacted for and elimination sample from the c/v. I told him that the sample would likely be available only for comparison as it was a mixture of at least 3 people. I told him we were still awaiting the dup of the sample and that there was a chance that it may be unsuitable for comparison because of the number of contributors. I also told him we have a sample for Robert Jones which is currently being typed (as FB12-S0144).

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

1200490x

FB12-00490

**DEF 826**



**LABORATORY INVOICE SUPPLEMENTAL**
PD 521-1410 (04-09)

→ Z 004888

**INSTRUCTIONS:** This Form Is To Be Completed When New Items Are Created From Testing Existing Invoiced Property At The Police Laboratory And/Or The Office Of Chief Medical Examiner.

| Date | Police Lab Evidence Control No. | Original Invoice No. |
|---|---|---|
| 1/25/12 | 2012-005223 | 1000119637 |

Invoicing Police Lab/OCME Employee
Crim Shanley Young

Tax No./Employee No. ▓▓▓▓▓

Complaint No. (Yr. Pct. No.)
2011-014-1434 | ←

Biological Evidence Bag No.

OCME EU No. 99, 1-27-12
12-M01423 →

OCME FB No.
12-00490 1-27-12

| ITEM NO. | QUANTITY | ARTICLE | DISPOSITION AND DATE (For Property Clerk's Use Only) |
|---|---|---|---|
| 2 | 1 | (1) Swab, lab item #1.1, from edges of knife handle, PC1 item #1 BEB# A004132 | |
| | | | |

Additional Invoice Numbers Related to This Case Including Vehicles

Additional Laboratory Invoice Supplemental Numbers Related to This Case

**REMARKS:** (Briefly Explain Why The Above Items Were Generated From Original Invoiced Property)

DNA analysis

All of the above listed items were generated from original invoiced property 1000119637

Rec'd by
E. Escober
1ENV 1-27-12

**DNA TESTING PRIORITY**
☐ High
☐ Priority
☐ Routine
☐ N/A

Invoicing Police Lab/OCME MOS/Employee (Rank/Title, Signature)
Crim Shanley Young

Tax No./Employee No. ▓▓▓▓▓

Date and Time
1/26/12    0800

Police Lab/OCME Messenger (Rank/Title, Signature) Delivering to Property Clerk | Tax No./Employee No. | Date and Time

PCD Receiving Member (Rank/Title, Signature)
Crim Manishi Agarwal M. Agarwal

Tax No. | Date and Time

PCD Storage No.

**DISTRIBUTION:** **WHITE** - Property Clerk Storage Facility    **YELLOW** - Police Lab Copy    **GREEN** - OCME Copy

FB12-00490

**DEF 817**

## FORENSIC BIOLOGY – Schedule of Analysis

| DATE EFFECTIVE 1/8/2011 | APPROVED BY Eugene Lien | PAGE 1 of 1 |
|---|---|---|

| Item(s) | Voucher | EU# | ANALYSIS | Target Date | Signed in by: | Approved by: |
|---|---|---|---|---|---|---|
| 1 | 1000119637 | 12-M01400 | X E, F, G, J, R  LMs 3/9/12  N/A | N/A | JG | TLV |
| 2 | Z004888 | 12-M01423 | E, F, G, J, R | 03/27/2012 | JG | TLV |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

| | |
|---|---|
| A | Check for amylase |
| B | Check for blood |
| C | Check for semen |
| D | Sexual assault kit:  process kit; check for sperm and/or P30 (P30 only on sperm negative items) |
| E | Cut/ Scrape/ Swab for epithelial cells |
| F | Extraction and Quantitation |
| G | DNA typing |
| H | Cut swab if blood is found on associated NYPD swab or actual item |
| J | Compare to submitted exemplars/database/reference case no. **Burglary Pattern # 4** |
| L | LCN DNA testing |
| M | MtDNA testing |
| N | Do not schedule for examination until supervisor establishes case status |
| O | No further DNA testing until necessary exemplar(s) is/are obtained |
| R | Write report |
| U | Examine outer most garments, submit a maximum of three KM+ stains for DNA testing |
| X | Process exemplar (if necessary) |
| Y | Do not examine |
| Z | Other _____ |

FB 12-00490          Analyst  SAS          Report Date  3/9/12 - 3/26/12
                                                          SAS 3/29/12

Technical review by: ____ LWN ____    Full ☑  Limited-scope ☐   Date 3/29/12

_____    Full ☐  Limited-scope ☐   Date _____

DNA Database review by: _____   Date _____

                        _____   Date _____

Schedule Of Analysis

FB12-00490

**DEF 823**

EXHIBIT "K"



## NYPD **PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
### Property Clerk Invoice
PD 521-141(Rev. 11/09)



Invoice No. **1000119413**

| | | | | |
|---|---|---|---|---|
| Invoicing Command | | | | Invoice Status |
| **18TH PCT(MTN)** | | | | **OPEN** |
| Invoice Date | Property Type | | | Property Category |
| **01/11/2012** | **GENERAL PROPERTY** | | | **DNA INVESTIGATORY** |

*(handwritten)* 1/13/12

| Officers | Rank | Name | Tax No. | Command |
|---|---|---|---|---|
| Invoicing | POM | GAIGE, CHRISTOPHE | ▓▓▓▓ | PBMS T/F |
| Arresting | N/A | | | |
| Investigating | DT3 | CRIOLLO, JOSE | ▓▓▓▓ | MTN DET SQUAD |
| Det Squad Supervisor | SDS | DUKE, JAMES | ▓▓▓▓ | MTN DET SQUAD |
| CSU/ECT Processing | POM | GAIGE, CHRISTOPHE | ▓▓▓▓ | PBMS T/F |

| | |
|---|---|
| OCME. EU No. | E242 M 588 *(handwritten)* |
| OCME. FB No. | FB12-00246 *(handwritten)* |
| Police Lab Evid. Ctrl. No. | |
| Det Sqd. Case No. | UNKNOWN |
| CSU/ECT Run No. | 2012-0078 |

| Item | Total QTY | Article(s) | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|
| 1 | 1 | HAT/CAP | 1600000482 | 1 | |
| | | COLOR: BLACK MAKE: UNKNOWN MODEL: UNKNOWN | | | |
| | | SERIAL NO.: UNKNOWN | | | |
| | | MARKED AS CHRISTOPHER GAIGE 1 | | | |

**REMARKS:**
922386 01/11/2012 23:32 : ABOVE LISTED PROPERTY WAS VOUCHERED ON REGARDS TO A BURGLARY WHERE A HAT WAS FOUND BY THE
WINDOW PERP ENTERED THROUGH AND IS TO BE P ROCESSED AS ROUTINE. ECT RUN # 2012-0078

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | Receipt |
|---|---|---|---|---|
| 01/11/2012 | /BURGLARY | FELONY | N/A | ACCEPTED |

| Prisoner(s) Name | | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No. |
|---|---|---|---|---|---|---|
| | | | | | | |

| | Name | Tax No. | Address | Phone. No |
|---|---|---|---|---|
| Finder(s) | ▓▓▓▓▓▓ | | ▓▓▓▓▓▓ | ▓▓▓▓▓ |
| Owner(s) | UNKNOWN | | | |
| Complainant(s) | ▓▓▓▓▓▓ | | ▓▓▓▓▓▓ | ▓▓▓▓▓ |

| | |
|---|---|
| Complaint No. | 2012-018-321 |
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |

2012-005009
CMD/AGCY.018



*(handwritten notes in right margin)*

PCD Storage No. –

**Invoicing Officer Copy**
printed: 01/11/2012 23:54

Page 1 of 2  1/13/12

Invoice No. **1000119413**

*(handwritten)* FB12-00246

**DEF 714**

 

| FORENSIC BIOLOGY – Case Contacts | | |
|---|---|---|
| DATE EFFECTIVE<br>3/12/2010 | APPROVED BY<br>Eugene Lien | PAGE<br>1 of 1 |

Last Printed - 1/16/2012 4:10 PM

| Case Number | FB12-00246 |
|---|---|
| Victim(s) | ████████████ |
| Suspect(s) | |

| ADA | | | agency | | phone | |
|---|---|---|---|---|---|---|
| | email | | | | fax | |
| DET | | | agency | | phone | |
| | email | | | | fax | |
| ME | | | agency | | phone | |
| | email | | | | fax | |

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
| 01/13/2012 | 1150 | JG | received e-mail from | George Boston | NYPD/LU |

Insp. Beaudette, MTN Pct CO, would like to prioritize, a pct. burglary pattern # 4 in the confines of MTN. Voucher # 1000119444 (elimination sample), and voucher # 1000119413 (hat left by the suspect). See below email. Thank you (Pattern sheet faxed)

| Date | Time | Initials | Communication | Name | Agency |
|---|---|---|---|---|---|
| 1/16/12 | 16:00 | PC Evid | received e-mail from | Boston | FIDLU |

From: BEAUDETTE, TIMOTHY
Sent: Thu 1/12/2012 1:12 PM
To: FIDLiaisonUnit
Subject: Prioritize DNA Evidence in regards to Burglary Pattern # 4
REQUEST TO PRIORITIZE DNA EVIDENCE IN REGARDS TO
RESIDENTIAL BURGLARY PATTERN #4

1.    The undersigned requests that the below listed vouchers containing DNA evidence and elimination swabs be prioritized due to Burglary Pattern # 4 within the confines of the Mid-Town North Precinct.

2.    The pattern currently involves Nine (9) instances of residential apartments being burglarized. In one of three instances on 01/11/2012, the perpetrator left a hat at the scene. DNA testing is requested in order to identify the perpetrator. Any questions or problems can be directed to Inspector Tim Beaudette at ████████ .

3.  → Voucher #s 1000119413  (hat)
              1000119444  (swabs) ←

    4.  The vouchers are being delivered directly to the Police Laboratory on 01/12/2011 by a member of
        the Mid-Town North Precinct.

1200246x

FB12-00246

DEF 727



**REQUEST FOR LABORATORY
EXAMINATION REPORT
PD 521-165(Rev.01-09)**



RFL# 9 9000017599

| Type Of Evidence | **DNA** | | | | |
|---|---|---|---|---|---|
| Priority Designation | Property Clerk Invoice No. | Date Of Invoice | Date Of This Report | Detective Case No. | |
| **ROUTINE** | **1000119413** | **01/11/2012** | **01/11/2012** | **UNKNOWN** | |

| Officers | Rank | Name | Tax No. | Command | Phone No | Team/RDO | Email ID |
|---|---|---|---|---|---|---|---|
| Investigating | DT3 | CRIOLLO,JOSE | | MTN DET SQUAD | 2128263206 | SAT/SUN | |
| Responding Officer | N/A | | | | | | |
| Arresting | N/A | | | | | | |
| Detective Supervisor | SDS | DUKE,JAMES | | MTN DET SQUAD | | | |
| Evidence Collector | POM | GAIGE,CHRISTOPHE | | PBMS T/F | | | |

| Medical Examiner No | N/A | | | | | |
|---|---|---|---|---|---|---|
| Offense(s) | **BURGLARY** | | | | | Type Of Premises |
| | D.O.B | Date/Time Of Occurrence | Complaint No. | Address Of Occurrence | | |
| | | **01/11/2012 17:45** | **2012-018-321** | **403,WEST 44 STREET** MANHATTAN,NY,US | APARTMENT |
| CSU/ECT Run No. | | No. Of Persons Arrested | No. Of Suspects | | | |
| **2012-0078** | | 0 | 1 | | | |

| | Name | | D.O.B | Arrest No. | Precinct | NYSID No. |
|---|---|---|---|---|---|---|
| Suspect | UNKNOWN,UNKNOWN | | N/A | N/A | –S | UNKNOWN |

**Physical Contact**

| Was There Physical Contact Between VICTIM And SUSPECT? | NO | Was There Physical Contact Between VICTIM And ARRESTEE ? | NO | | |
|---|---|---|---|---|---|
| Was The Victim Bleeding : | NO | How Many : | 0 | Was The Suspect Bleeding : | NO | How Many | 0 |
| Was The Arrestee Bleeding : | NO | How Many : | 0 | Others Bleeding : | NO | How Many | 0 |

| Name | | D.O.B | | Bleeding |
|---|---|---|---|---|
| | | | Victim | NO |
| UNKNOWN,UNKNOWN | | | Suspect | UNKNOWN |

| Did the victim have consensual sexual contact with one (1) or more sexual partners within ninety-six (96) hours of the time of the assault? | | | |
|---|---|---|---|
| Name | | D.O.B | DNA Exemplar Provided |
| N/A | | N/A | N/A |
| If DNA Exemplar not provided, explain | N/A | | |

**DNA ELIMININATION SAMPLES**

| No. Of persons Having Legitimate Access To Evidence, including Victims | 1 | No. Of Persons Provided Elimination Samples, including Victims | 0 | No. Of persons Refused To Provide DNA Samples, including Victims | 0 |
|---|---|---|---|---|---|
| Explanation If DNA Elimination/Victim Samples Were Not Collected | | | | | |
| Property Clerk | | | | | |
| Invoice Item Number | | | | | |
| 1 | | | | | |
| Description of Evidence | GENERAL PROPERTY |CLOTHING |HAT/CAP |COLOR:BLACK |MAKE:UNKNOWN |MODEL:UNKNOWN |SERIAL NO.:UNKNOWN |NYSPIN ALARM:NO | MARKED AS CHRISTOPHER GAIGE 1 | | | | |

| FOR LABORATORY USE ONLY | OCME-EU No. | Police Laboratory No. |
|---|---|---|
| | EU12-M 588 | |

CW 1/13/12

**Lab Copy**
Printed: 01/11/2012 23:52

RFL# 9 9000017599

PB12-002716

**DEF 719**

**POLICE DEPARTMENT**
**CITY OF NEW YORK**

January 12, 2012

From:     Commanding Officer, Mid-Town North Precinct

To:       Commanding Officer, Forensic Investigation Division

Subject:  REQUEST TO PRIORITIZE DNA EVIDENCE IN REGARDS TO
          RESIDENTIAL BURGLARY PATTERN #4

1. The undersigned requests that the below listed vouchers containing DNA evidence
   and elimination swabs be prioritized due to Burglary Pattern # 4 within the
   confines of the Mid-Town North Precinct.

2. The pattern currently involves Nine (9) instances of residential apartments being
   burglarized. In one of three instances on 01/11/2012, the perpetrator left a hat at
   the scene. DNA testing is requested in order to identify the perpetrator. Any
   questions I can be reached at ████████████ .

3. Voucher #s 1000119413  (hat)
              1000119444  (swabs)

4. For your consideration.

Timothy Beaudette
Inspector

P212-00346

**DEF 721**

| ECT MOS Reporting *(Rank, Name)* | | Command | Tax No. |
|---|---|---|---|
| P.O. GAIGE, CHRISTOPHER K. | | PBMS ECT | ▓▓▓▓▓ |

| ECT Run No. | Date Response Requested | Time Response Requested | Date Arrived At Scene | Time Arrived At Scene |
|---|---|---|---|---|
| 2012-0078 | 01/11/2012 | 1900 | 01/11/2012 | 2030 |

| Address of Occurrence | Type of Premises |
|---|---|
| I/S/O 403 WEST 44TH STREET APARTMENT ▓ | RESIDENTIAL |

| Describe Location | Weather Conditions | Scene Lighting |
|---|---|---|
| APARTMENT | CLEAR/COLD | INDOOR |

| Offense(s) | Complaint No. (Year-Pct.-No.) |
|---|---|
| BURGLARY | 2012-018-321 |

| Name of Victim | Date of Birth | Injured? ☐ Yes ☒ No | If Yes, Hospital Removed To |
|---|---|---|---|
| ▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓ | | N/A |

| Evidence Collected? ☒ Yes ☐ No | Prints Lifted? ☐ Yes ☒ No | Was Evidence Recovered as a Result of Search Warrant? ☐ Yes ☒ No | Was Evidence Vouchered? ☒ Yes ☐ No | Total No. Of Vouchers |
|---|---|---|---|---|
| | | | | 02 |

Voucher No(s).

| 1. 1000119413 | 2. 1000119444 | 3. N/A | 4. N/A | 5. N/A |
|---|---|---|---|---|

| Processed Vehicle Make/Model | Year | Lic. Plate No. | State | VIN No. |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

| | Name | Date of Birth | Arrest No. | Pct. | NYSID No. |
|---|---|---|---|---|---|
| 1. ☐ Arrested ☒ Suspect | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |
| 2. ☐ Arrested ☒ Suspect | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN | UNKNOWN |

Details: Include Method of Operation (Means of *Entry, Tools Used, Property Handled, Descriptions, etc.*) and Other Pertinent Information

UNKNOWN PERP(S) ENTERED LOCATION THROUGH BEDROOM WINDOW PUSHING IN WINDOW AIR CONDITIONER VIA FIRE ESCAPE AND REMOVED JEWELRY. PROCESSED BEDROOM WINDOW, WINDOW FRAME, JEWELRY BOXES, AND CLOSET DOORS WITH BLACK AND WHITE POWDER FINGERPRINT DEVELOPER YIELDING NEGATIVE RESULTS. VICTIM DISCOVERED A HAT ON THE FLOOR NEXT TO HER BED BETWEEN THE WALL WITH THE WINDOW PERP ENTER THROUGH AND THE BED. DET. CRIOLLO CONFERRED WITH IN REGARDS AND REQUESTED SAID HAT TO BE VOUCHERED FOR DNA ANALYSIS. VICTIM PROVIDED A DNA ELIMINATION AT SCENE.

PB10-00416

| PHOTO LOG *(DNA Evidence ONLY)* | | | |
|---|---|---|---|
| Camera Make | Camera Model | Lens Type | Type of Film |
| NIKON | D-700 | 24-70MM | DIGITAL |

| PHOTO NO. | DESCRIPTION OF IMAGE IN PHOTOGRAPH |
|---|---|
| 01 | ECT SCALE |
| 02 | CLOSE UP OF BLACK HAT |
| 03 | MIDRANGE OF BLACK HAT ON FLOOR IN BEDROOM BETWEEN BED AND WALL WITH WINDOW |
| 04 | OVERALL OF BEDROOM |
| N/A | N/A |
| N/A | N/A |

**DEF 722**

 

## REQUEST FOR LABORATORY
## EXAMINATION REPORT
### PD 521-165(Rev.01-09)



RFL# 9 9000017599

| Analysis Exam No. | Special Reason For Requesting The Examination Analysis Or Comparison Be Performed | Probative Value |
|---|---|---|
| **7-DNA - ANALYSIS TO IDENTIFY THE SOURCE OF THE BIOLOGICAL MATERIAL ON AN EVIDENCE ITEM OR DNA TYPING OF A REFERENCE SAMPLE** | ( TO DETERMINE WHO WORE SAID HAT ) | PROBATIVE |

| Exact Location Where Evidence Was Collected/Recovered | Suspected Type Of Biological Evidence | Biological Bag No. |
|---|---|---|
| I/S/O 403 WEST 44TH STREET APT ▮ ON THE BEDROOM FLOOR NEXT TO THE WINDOW PERP ENTERED THROUGH | SKIN CELLS,OTHER | 1600000482 |

Field Processed?   **ITEM NOT PROCESSED IN THE FIELD**

Compare this item no. **1** to Inv. No.- Item : **1000119444-0001**

Was DNA Evidence collected from a residential home/apartment owned/leased by any of the suspects/arrestees?   NO

Suspect/Arrestee : N/A

Was DNA Evidence collected from a motor vehicle owned/leased by the suspects/arrestees?   NO

Suspect/Arrestee : N/A   Year:   Make:   Model:   Color:

| Details |
|---|

922386 01/11/2012 23:10 :   UNKNOWN PERP(S) ENTERED LOCATION AND REMOVED PROPERTY FROM WITHIN. VICTIM DISCOVERED A HAT ON THE FLOOR NEXT TO THE WINDOW PERP ENTE R THROUGH. DET. CRIOLLO REQUESTED SAID HAT TO BE VOUCHERED FOR DNA ANALYSIS. THE HAT ON THIS REQUEST FOR LAB IS TO BE ANALYZED FOR D NA TO DETERMINE WHO WORE SAID HAT. VICTIM PROVIDED A DNA ELIMINATION AT SCENE. VOCHERE ON P.C.I. # 1000119444. P.O. GAIGE TAX ▮▮▮▮ AND P.O. PAYE TAX #▮▮▮▮ PROCESSED SCENE.

922386 01/11/2012 23:45 :

Note : Acceptance of this request by the laboratory does not constitute a contract to provide services. Requests for testing will fulfilled based resources, the need to meet investigative and / or legal requirements and laboratory policy.

| Officers | Rank | Name | Tax No. | Command | Date |
|---|---|---|---|---|---|
| Report Prepared by | POM | GAIGE,CHRISTOPHE | ▮▮▮▮ | PBMS T/F | 01/11/2012 |
| | | *signature* | | | |
| Supervisor | SGT | MAHON,ROBERT | ▮▮▮▮ | PBMS T/F | 01/11/2012 |
| | | *signature* | | | |

## Lab Copy
Printed: 01/11/2012 23:52



RFL# 9 9000017599

PBl2 00248

**DEF 720**



**OFFICE OF CHIEF MEDICAL EXAMINER**
Charles S. Hirsch, M.D., *Chief Medical Examiner*

**DEPARTMENT OF FORENSIC BIOLOGY**
Mechthild Prinz, Ph.D., *Director*
421 East 26th Street, New York, NY 10016
Tel: 212.323.1200 · Fax: 212.323.1590 · E-mail: DNALab@ocme.nyc.gov

To: Deputy Inspector Emanuel Katranakis

### Evidence Deficiency/Discrepancy Form

Case FB 12 - 00246      Date 03/07/12      Analyst *SM*

Complaint No. 2012-018-00324  Voucher No. 1000119413    Date prepared 01/11/12

~~Arresting/Assigned Officer:~~ *Involving Someone* Christopher Craige    Command: 18th Pct.

NYPD T# *N/A*      NYPD D# *N/A*

**Type(s) of Deficiency/Discrepancy:**

☑ Administrative Deficiency ☐ Packaging Deficiency

☐ Evidence Description Discrepancy ☐ Evidence Discrepancy Quantity More

☐ Evidence Discrepancy Quantity Less

Details:

61 form states complaint number as "2012-018-00324", but packaging
for item states complaint number as "2012-018-321". Additionally, the
Evidence Collection Team Report, Lab Request Forms for both vouchers 1000119413
and 1000119444, and voucher forms for 1600119413 and 1000019444 *someone* state
complaint number as "2012-018-321" ssn 03/07/12

Reviewed by: *SAS*    Date: 3/8/12

Evidence Deficiency/Discrepancy Form
Effective: 4/9/2009
Approved By: Eugene Lien

Page 1 of 1

**DEF 728**



**Y- chromosome STRs (Y-STR)** are male-specific STRs, not present in females that are inherited from father to son, and should be identical for all male relatives of the paternal line. For example, brothers who share the same father will have the same Y-STR type. PCR DNA testing for Y-STRs uses the **Promega PowerPlex® Y STR Kit** with 30 cycles.

<u>Statistics:</u>

The rarity of a DNA profile can be expressed as an **STR population frequency estimate**, how often one would expect to see the DNA profile. STR population frequency estimates are based on the OCME STR database, the Population Data in the AmpF/STR® Identifiler™ PCR Amplification Kit User's Manual (2001) Population Data, Applied Biosystems, Foster City, California, the US YSTR Database, National Center for Forensic Science, Orlando, FL, the DNA View Program, Brenner, CH (1997) Symbolic Kinship program, Genetics 145:535-542, and the National Research Council (1996) The Evaluation of Forensic DNA Evidence, Natl. Acad. Press, Washington DC.

The statistical values reported reflect the approximate frequency of occurrence of a DNA profile in a population of unrelated individuals. Therefore, these are not appropriate for relatives. A profile is considered unique if it is at least as rare as 1 in greater than 6.80 trillion unrelated people.

<u>Conclusions for DNA Typing</u>

**Is the source of:** The DNA profile of an individual matches an evidentiary DNA profile and the population frequency of the evidentiary DNA profile meets the threshold of 1 in greater than 6.80 trillion, assuming the source is not an identical twin.

**Could be the source of:** The DNA profile of an individual is consistent with an evidentiary DNA profile, and the population frequency of the evidentiary DNA profile does not meet the threshold of 1 in greater than 6.80 trillion unrelated people.

**Is a major or minor contributor to the mixture:** The DNA profile of an individual matches a major or minor evidentiary DNA profile determined from a mixture, and the DNA population frequency of the determined major or the minor DNA profile meets the threshold of 1 in greater than 6.80 trillion individuals, assuming that source is not an identical twin.

**Could be a major or minor contributor to the mixture:** The DNA profile of an individual is consistent with a major or minor evidentiary DNA profile determined from a mixture, and the DNA population frequency of the determined major or the minor DNA profile does not meet the threshold of 1 in greater than 6.80 trillion unrelated people.

**Could be a contributor to the mixture:** For mixtures where individual profiles were not determined, all of the DNA alleles seen in an individual's DNA profile were also seen in the mixture for the locations where comparisons could be made.

**Cannot be excluded as a contributor to the mixture:** For the locations where comparisons could be made, most of the DNA alleles seen in an individual's DNA profile were also seen in the mixture. The allele(s) that were absent could be explained by any of several factors. Therefore, this person cannot be ruled out as a possible contributor to the mixture.

**Excluded as a contributor to the mixture:** For the locations where comparisons could be made, one or more of the DNA alleles seen in an individual's DNA profile were not seen in the mixture and this absence cannot be explained. Therefore, this person can be ruled out as a contributor.

**No conclusions can be drawn:** For the locations where comparisons could be made, the results do not support a positive association or an exclusion. Therefore, it cannot be determined whether a person contributed to this mixture.

**Not suitable for comparison:** The DNA results on the evidence are either too incomplete or too complex to be the basis for conclusions regarding the source of the DNA.

**Partial Match:** An association between two single-source (clean or fully deconvoluted) profiles, showing similarities but short of an exact match, that suggests that the source of a profile is potentially a relative of the source of the other, partially matching, profile. Partial matches are inadvertent, and may be found at the local, state, or national levels (through comparison at the bench, LINKAGE, or CODIS searches).

**DEF 707**

## OFFICE OF THE CHIEF MEDICAL EXAMINER
## EVIDENCE TRACKING FOR DNA/SEROLOGY ONLY

FB# 12-00490          EVIDENCE UNIT CONTROL #  12-M001400

Subject(s)   (V)███████████           M.E.# _____

_____           M.E.# _____

_____           M.E.# _____

_____           M.E.# _____

EVIDENCE SUBMITTED (As listed on vouchers)    Each voucher will have its own custody form.

| VOUCHER # | ITEM# - QTY | | DESCRIPTION |
|---|---|---|---|
| 1000X119637 | 1 | | KNIFE |
| # of Packages 1 BOX | | | |
| Storage # N/A | | | |
| Security Envelope # N/A | | | |
| Narcotic Envelope.# N/A | | | |

CHAIN OF CUSTODY:  Black or Blue ink

| VOUCHER | ITEM(S) | RECEIVED FROM | RECEIVED BY | DATE |
|---|---|---|---|---|
| 1000X119637 | 1 | PO CAMM #13934 | E. Escolar | 01/27/12 |
| 1000X119637 | 1 | E. Escolar | CAGE A | 01/27/12 |
| 1000119637 | 1 | CAGE A | E. Escolar | 1-27-12 |
| 1000119637 | 1 | E. Escolar | PNA4/B | 1-27-12 |
| 1000119637 | 1 | PNA4/B | S. Moyano | 1/27/12 |
| 1000119637 | 1 | S. Moyano | DHB2/B | 1/27/12 |
| 1000119637 | 1 | DNB2/B | E. Escolar | 3-12-12 |
| 1000119637 | 1 | E. Escolar | S. GRAY | 3/12/12 |
| 1000119637 | 1 | S. GRAY | RP | 3/12/12 |
| 1000119637 | 1 | RP | AP J2/B/3 | 3/12/12 |
| 1000119637 | 1 | DPJ1/B/2 | | 3/30/12 |
| | | | | |
| | | | | |

\*   empty packaging returned.   See above for items retained at laboratory.
\*\*   rape kit returned.  Includes all items not listed for retained storage.
\*\*\*   items submitted as reference samples.  To be vouchered by evidence DNA unit, except swabs.

FB12-00490

**DEF 815**

FB12-00246

**EVIDENCE RECEIVED:**

| ITEM | VOUCHER | DATE RECEIVED | DESCRIPTION |
|------|---------|---------------|-------------|
| 1 | 1000119413 | 1/13/12 | hat from "bedroom floor" |
| 1 | 1000119444 | 1/13/12 | buccal swab from ████████ |

**DISPOSITION:**

The following items will be retained in the laboratory:

DNA extracts from samples and controls tested

The remainder of the evidence will be returned to the OCME Evidence Unit.

Analyst: _____
Shannon Soltysiak
Criminalist III

**Administrative Review Date:** 3/22/12

**Administrative Reviewer:** _____ CM _____

3 of 5

**DEF 705**



**Y- chromosome STRs (Y-STR)** are male-specific STRs, not present in females that are inherited from father to son, and should be identical for all male relatives of the paternal line. For example, brothers who share the same father will have the same Y-STR type. PCR DNA testing for Y-STRs uses the **Promega PowerPlex® Y STR Kit** with 30 cycles.

<u>Statistics:</u>

The rarity of a DNA profile can be expressed as an **STR population frequency estimate,** how often one would expect to see the DNA profile. STR population frequency estimates are based on the OCME STR database, the Population Data in the AmpF/STR® Identifiler™ PCR Amplification Kit User's Manual (2001) Population Data, Applied Biosystems, Foster City, California, the US YSTR Database, National Center for Forensic Science, Orlando, FL, the DNA View Program, Brenner, CH (1997) Symbolic Kinship program, Genetics 145:535-542, and the National Research Council (1996) The Evaluation of Forensic DNA Evidence, Natl. Acad. Press, Washington DC.

**The statistical values** reported reflect the approximate frequency of occurrence of a DNA profile in a population of unrelated individuals. Therefore, these are not appropriate for relatives. A profile is considered unique if it is at least as rare as 1 in greater than 6.80 trillion unrelated people.

<u>Conclusions for DNA Typing</u>

**Is the source of:** The DNA profile of an individual matches an evidentiary DNA profile and the population frequency of the evidentiary DNA profile meets the threshold of 1 in greater than 6.80 trillion, assuming the source is not an identical twin.

**Could be the source of:** The DNA profile of an individual is consistent with an evidentiary DNA profile, and the population frequency of the evidentiary DNA profile does not meet the threshold of 1 in greater than 6.80 trillion unrelated people.

**Is a major or minor contributor to the mixture:** The DNA profile of an individual matches a major or minor evidentiary DNA profile determined from a mixture, and the DNA population frequency of the determined major or the minor DNA profile meets the threshold of 1 in greater than 6.80 trillion individuals, assuming that source is not an identical twin.

**Could be a major or minor contributor to the mixture:** The DNA profile of an individual is consistent with a major or minor evidentiary DNA profile determined from a mixture, and the DNA population frequency of the determined major or the minor DNA profile does not meet the threshold of 1 in greater than 6.80 trillion unrelated people.

**Could be a contributor to the mixture:** For mixtures where individual profiles were not determined, all of the DNA alleles seen in an individual's DNA profile were also seen in the mixture for the locations where comparisons could be made.

**Cannot be excluded as a contributor to the mixture:** For the locations where comparisons could be made, most of the DNA alleles seen in an individual's DNA profile were also seen in the mixture. The allele(s) that were absent could be explained by any of several factors. Therefore, this person cannot be ruled out as a possible contributor to the mixture.

**Excluded as a contributor to the mixture:** For the locations where comparisons could be made, one or more of the DNA alleles seen in an individual's DNA profile were not seen in the mixture and this absence cannot be explained. Therefore, this person can be ruled out as a contributor.

**No conclusions can be drawn:** For the locations where comparisons could be made, the results do not support a positive association or an exclusion. Therefore, it cannot be determined whether a person contributed to this mixture.

**Not suitable for comparison:** The DNA results on the evidence are either too incomplete or too complex to be the basis for conclusions regarding the source of the DNA.

**Partial Match:** An association between two single-source (clean or fully deconvoluted) profiles, showing similarities but short of an exact match, that suggests that the source of a profile is potentially a relative of the source of the other, partially matching, profile. Partial matches are inadvertent, and may be found at the local, state, or national levels (through comparison at the bench, LINKAGE, or CODIS searches).

**DEF 707**

EXHIBIT

EXHIBIT "M"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ROBERT JONES,

**STIPULATION AND ORDER OF CONFIDENTIALITY**

Plaintiff,

-against-

14-CV-6402 (KPF) (MHD)

DETECTIVE JOSE CRIOLLO, POLICE OFFICER STEVEN MIKONLAND, DETECTIVE JAMES MEEHAN, LIEUTENANT FELIX RIVERA, DETECTIVE ADAM SAGER, AND DETECTIVE GREGORY THORNTON,

Defendants.

------------------------------------------------------------------------x

**WHEREAS**, defendants intend to produce certain documents pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, defendants will only produce these documents if appropriate protection for their confidentiality is assured; and

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between plaintiff and defendants as follows:

1. As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned <u>Robert Jones v. Det. Meehan, et al.</u>, 14 Civ. 6402 (KPF) (MHD).

2. "Confidential Materials" shall mean (a) New York City Police Department ("NYPD") disciplinary-related records and information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD or the Civilian

Complaint Review Board and (b) other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Material" by the defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent that they are otherwise publicly available.

3. Plaintiff shall not use Confidential Materials produced in discovery in this Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in this action.

4. Plaintiff shall not disclose the Confidential Materials to any person, except under the following conditions:

  a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

  b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

  c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. Plaintiff shall retain the signed consent and furnish a copy to

defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that plaintiff does not intend to call as a trial witness may be redacted from such a consent before it is produced.

5.     Defendants or their counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 45 days after a deposition has concluded (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by defendants or their counsel.

6.     If plaintiff objects to the designation of any Confidential Materials as confidential, plaintiff shall state such objection in writing to counsel for defendants, and the parties shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among the parties, plaintiff shall, within 45 days of the initial objection, request that the Court remove the designation.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

7.     Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential

Materials and shall indicate whether any other party objects to that request. Materials filed under seal shall be according to the applicable District Court rules.

8.     Nothing in this Stipulation shall be construed to limit defendants' use of their own Confidential Materials in any manner.

9.     This Stipulation shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

10.     This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by plaintiff, or anyone receiving confidential documents pursuant to paragraph 4 herein, for any purpose without prior Court approval.

11.     The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose

sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation and Order of Confidentiality at any time.

Dated: August 11, 2016
New York, NY

Robert Jones
#141-15-02468
*Plaintiff* Pro Se
Robert N. Davoren Complex
11-11 Hazen Street
E. Elmhurst, NY 11370

By: _Robert Jones_____
Robert Jones

*Without Prejudice*
*All Rights Reserved*
*UCC 1-287 & 1-103*

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants Criollo, Meehan,*
*Mikolanda, Thorton, Rivera, and Sager*
100 Church Street, 3-201
New York, New York 10007
(212) 356-2658

By: _____
MARIA FERNANDA DECASTRO
*Assistant Corporation Counsel*

SO ORDERED:

_____
HONORABLE KATHERINE P. FAILLA
UNITED STATES DISTRICT JUDGE

# EXHIBIT "N"

EXHIBIT O

# NYC HEALTH+ HOSPITALS | Bellevue

## Medical Records Certification

I, Racquel Eustache, Clerical Associate III, hereby certify that the records attached are in the custody of and is in the full and complete record of the condition, act, transaction, occurrence, or event of this institution concerning:

ROBERT JONES

**Name of Patient**

1607212

**Medical Record Number**

I further certify that the records were made in the regular course of business of this institution and it is the regular course of business of this institution to make such record at the time of the condition, act, transaction, occurrence, or event, or within a reasonable time thereafter.

Racquel Eustache

Clerical Associate III

HIM/ Medical Correspondence

New York City Health and Hospital Corporation
Southern Manhattan/Northern Brooklyn Health Care Network

**DEF 2111**

Bellevue Hospital Center
462 First Avenue
New York, NY 10016

```
------------------------------------------------
|MRN:1607212                                    |
|Patient:Jones,Robert                           |
|DOB:01/11/1964      Sex:M  Type:EP             |
|                                               |
|Visit Date:01/27/12 Visit# 1607212-5           |
|Location:emergency                             |
------------------------------------------------
```

## Outpatient Chart Print

===========================================================================

### All Events - continued

Fri, 27Jan 1433 Psychiatry Nursing Other Note Martinez,D   Status: complete

| | |
|---|---|
| Discipline | : Nursing |
| Author | : Dawn V Martinez, RN |
| Note Type | : Psychiatry |
| Contact | : Direct patient contact |
| Preferred Language | : English |
| Language Used | : English |
| Note (WP) | : Seen and evaluated by dr.zinke,this male prisoner arrested for burglary.no psych hx except a dx of ptsd while he was in jail.stable for arraignment.t&r c/o nypd.left in stable condition with all his belongings.given clonopin 1 mg po x 1 dose. |

Dawn V Martinez, RN (27 Jan 12  1435)

| Documentation History | Employee | Date/Time |
|---|---|---|
| documented by | Sig:Martinez,Dawn V, RN | 01/27/12 14:35 |
| | Psychiatry/Mental Health, Staff Nurse (ESOF) | |

**DEF 2120**

Bellevue Hospital Center
462 First Avenue
New York, NY 10016

```
------------------------------------------
|MRN:1607212                              |
|Patient:Jones,Robert                     |
|DOB:01/11/1964     Sex:M  Type:EP        |
|                                         |
|Visit Date:01/27/12 Visit# 1607212-5     |
|Location:emergency                       |
------------------------------------------
```

Outpatient Chart Print

==========================================================================

ORDERS

All Orders

------------------------------------------------------------------------

**clonazePAM**

| | |
|---|---|
| Ordered by | : Sig:Zincke,Miriam Psychiatry/Mental Health, Attending P |
| Order Date/Time | : 27 Jan 12  1417:00 |
| Reviewed by | : Sig:Martinez,Dawn V, RN  Psychiatry/Mental Health, Staf |
| Process Type | : <u>order</u> |
| Dose/Route | : 1 mg tab by mouth |
| When | : Friday, 27 January 2012  1417 |

**DEF 2121**

```
-----------------------------------------------
|MRN:1607212                                    |
|Patient:Jones,Robert                           |
|DOB:01/11/1964      Sex:M  Type:EP             |
|                                               |
|Visit Date:01/27/12 Visit# 1607212-4           |
|Location:emergency                             |
-----------------------------------------------
```

Outpatient Chart Print

========================================================================

**All Events - continued**

Fri, 27Jan 1327 ED MD Disposition Note                Status: complete

| | |
|---|---|
| ED Attending | : Agnieszka Czarnecki, NP |
| Provider | : Agnieszka Czarnecki, NP |
| Disposition | : Discharged to Home or Self Care |
| Disposition Date/Time | : Fri, 27 Jan 2012  1325 |
| Primary Dx | : Other specified general medical examinations |
| Secondary Dx(s) | : none |
| Procedure(s) | : No procedures performed |
| Discharge Rx | : none |
| Focused Med Rec | : Medication Reconciliation Complete. No changes to current medications. |
| Condition | : Stable |
| Instructions for Pt | : follow up with orthopedic clinic for fruther evaluation,  resume your medications upon release |
| Discharge Center? | : no |
| Follow Up | : Within 1-2 weeks. Clinic/ Visit Type: implant clinic |
| DC Report Language | : English |
| Whiteboard Display | : Patient left ED. Remove from all Whiteboards. |
| Med Decision Making | : I have reviewed the patient's history through internal records or an outside referral. |
| Tests Reviewed | : I have reviewed all labs, ancillary testing, and radiology resulted for this patient prior to disposition. |

Agnieszka Czarnecki, NP
(27 Jan 12  1329)

| Documentation History | Employee | Date/Time |
|---|---|---|
| documented by | Sig:Czarnecki,Agnieszka, NP Emergency Department , Nurse Practitioner (ESOF) | 01/27/12 13:29 |

--------------------------------------------------------------

Fri, 27Jan 1329 Patient Exit                    Status: complete
(27 Jan 12  1530)

**DEF 2115**

Bellevue Hospital Center
462 First Avenue
New York, NY 10016

```
-------------------------------------------------
|MRN:1607212                                    |
|Patient:Jones,Robert                           |
|DOB:01/11/1964      Sex:M  Type:EP             |
|                                               |
|Visit Date:01/27/12 Visit# 1607212-4           |
|Location:emergency                             |
-------------------------------------------------
```

### Outpatient Chart Print

========================================================================

### All Events - continued

| Documentation History | Employee | Date/Time |
|---|---|---|
| new pre-defined ordered by | | 01/27/12 13:29 |
| documented by | computer generated | 01/27/12 15:30 |

Sat, 28Jan 0721 ED Full Registration          Status: complete
      Full Reg Completed?      : Yes

                              Tourie Barfield     (28 Jan 12  0721)

| Documentation History | Employee | Date/Time |
|---|---|---|
| new pre-defined ordered by | | 01/27/12 13:12 |
| documented by | Sig:Barfield,Tourie  Admitting, | 01/28/12 07:21 |
| | Office Aide  (ESOF) | |

**DEF 2116**

Bellevue Hospital Center
462 First Avenue
New York, NY 10016

```
|MRN:1607212                              |
|Patient:Jones,Robert                     |
|DOB:01/11/1964      Sex:M  Type:EP       |
|                                         |
|Visit Date:01/27/12 Visit# 1607212-4     |
|Location:emergency                       |
```

Outpatient Chart Print

=================================================================

**ORDERS**

**All Orders**

**ED Full Registration**

Ordered by          :
Order Date/Time      : 27 Jan 12  1312:00
When                 : Friday, 27 January 2012  1312
Triage Team          : Urgent Care

**Patient Exit**

Ordered by           :
Order Date/Time      : 27 Jan 12  1329:00
When      : Friday, 27 January 2012  1329

**DEF 2117**

Bellevue Hospital Center
462 First Avenue
New York, NY 10016

```
---------------------------------------------
|MRN:1607212                                 |
|Patient:Jones,Robert                        |
|DOB:01/11/1964      Sex:M  Type:EP          |
|                                            |
|Visit Date:01/27/12 Visit# 1607212-4        |
|Location:emergency                          |
---------------------------------------------
```

Outpatient Chart Print

========================================================================

**PROBLEM LIST**

| Problem | On Set | Stop | Status |
|---|---|---|---|
| Other specified general medical examinations | 01/27/12 | | active |

**DEF 2118**

EXHIBIT "P"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

ROBERT JONES,

                            Plaintiff,        14-CV-6402 (KPF)

        -against-

MEEHAN JAMES, ET AL.,

                            Defendants.

--------------------------------------------------------------------- x

Pursuant to the Court's October 28, 2016 Order,[1] which directed defendants Criollo, Meehan, Mikolanda, Thornton, Rivera, and Sager to respond to certain interrogatories posed by plaintiff in plaintiff's First Set of Interrogatories by December 5, 2016, defendants submit the following:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1.      By responding to any request, defendants do not concede the materiality of the subject to which they refer.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

---

[1] Attached hereto as Exhibit "A" is a copy of the transcript of the October 28, 2016 Telephone Conference, wherein Judge Failla interprets plaintiff's First Set of Interrogatories and directs defendants to respond according to the limitations set forth by the Court at the Conference.

2.     Defendants object to these Interrogatories to the extent that they demand information that is protected by the attorney-client or work-product privilege, or that would constitute material prepared for litigation purposes.

3.     Inadvertent production of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that information or any other information, or its subject matter, or of defendants' right to object to the use of any such information contained therein during any proceeding in this litigation or otherwise.

4.     Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.     Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.     Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

7.     Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

# INTERROGATORIES

## INTERROGATORY NO. 1:

On January 25, 2012, throughout January 27, 2012, were defendants Police Detectives James Meehan Tax ID # 906807; Jose Criollo. Shield # 4076, Adam Sager Tax ID # 902338, Gregory Thornton Tax ID # 919777, Lieutenant Felix Rivera Tax ID # 920765; Police Officer Seven Mikolanda shield # 28952 et al, et seq.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, and does not call for a response. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that Detectives James Meehan, Tax No. 906807, Detective Jose Criollo, Tax No. 925138, Detective Adam Sager, Tax No. 902338, Detective Gregory Thornton, Tax No. 919777, Lieutenant Felix Rivera, Tax No. 920765, and Police Officer Seven Mikolanda Tax No. 928785, were employed by the New York City Police Department ("NYPD") on the dates of incident.

## INTERROGATORY NO. 2:

According to information and belief Employees of the City of New York "Police Department" "NYPD" as such please provide their employee statute, Job Description, and time on the Job.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

Defendants object to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overbroad, and confusing. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that Detectives James Meehan, Tax No. 906807, has been a member of the NYPD since the year 1994; Detective Jose Criollo, Tax

No. 925138, has been a member of the NYPD since the year 2000; Detective Adam Sager, Tax No. 902338, has been a member of the NYPD since the year 1992; Detective Gregory Thornton, Tax No. 919777, has been a member of the NYPD since the year 1997; Lieutenant Felix Rivera, Tax No. 920765, has been a member of the NYPD since the year 1997; and Police Officer Seven Mikolanda, Tax No. 928785, has been a member of the NYPD since the year 2001.

## INTERROGATORY NO. 5:

Confirm or Deny, The Term Contract, relates to a Lawful Agreement between Parties, Supported by Pledge or Oath as made between. Municipal Corporation "City of New York" and "City of New York Police Department" to Serve and Protect the Citizens of the City of New York. If Yes, Produce such Oath or Pledge.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:

Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, confusing, not relevant, beyond the scope of Local Civil Rule 33.3, and not a proper interrogatory to the extent that it requests documents. Notwithstanding and without waiving, or in any way limiting, these objections or the General Objections, and limiting this request to the most recent Oath of Office administered to Police Officers by the New York Police Department, defendants refer plaintiff to the document annexed hereto bearing Bates Stamp No. Def. 2123.

## INTERROGATORY NO. 8:

Have defendants Meehan, Criollo, Sager, Thornton, Rivera, Mikolanda, et al At any time relevant every during their employment with the "NYPD" City of New York, Police Department the subject of a Civil Complaint Review Board "CCRB" investigation or Disciplinary Proceeding. If Yes Produce a Copy of said Committees finding.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

Defendants object to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overbroad, not a proper interrogatory to the extent that it requests documents, to the extent it seeks information that is not relevant, and to the extent the information sought is not relevant nor proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to this interrogatory to the extent it seeks information regarding allegations of misconduct that did not result in a finding of wrongdoing or which occurred more than ten years prior to or subsequent to the incident at issue and to the extent it seeks information concerning allegations of misconduct against any non-party officers or seeks information concerning ongoing investigations, which are protected by the law enforcement privilege. Defendants further object to this interrogatory to the extent it seeks information concerning events that are not related to the employment of any New York City Police Officer and on the grounds that it implicates the privacy interests of defendants and/or non-parties. Defendants further object to this interrogatory to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55. Further, defendants object to this request on the grounds that it calls for disclosure of information of a private or sensitive nature that are unrelated to the police officers' performance of their duties. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that they will produce Court Ordered disciplinary records for the individual defendants upon the entry of a protective order[2] in this matter.

---

[2] Once again, defendants are forwarding to plaintiff the Stipulation and Protective Order for his execution. That Stipulation is attached hereto as Exhibit "B." Upon return of the Stipulation and Protective Order, the undersigned will also execute the Stipulation and submit it to the Court for Judge Failla's endorsement.

## INTERROGATORY NO. 11:

On January 25, 2012. Defendants are reported to have entered the Home of Plaintiff Robert Jones, 571 Glenmore Ave without. Consent or the benefit of a Search Warrant walked up one flight of stairs inside the dwelling and observed Plaintiff in his bed room operating an alleged stolen Lap Top "Mac Book Pro". If Yes Produce the GPS Tracking Data information sheet which lead to the Location.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:

Defendants object to Interrogatory No. 11 on the grounds that it is vague, ambiguous, confusing, not relevant, nonsensical, beyond the scope of Local Civil Rule 33.3, and not a proper interrogatory to the extent that it requests documents. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that, upon information and belief, they located plaintiff's place of residence using the Apple "Find my Phone" feature of a computer that plaintiff had stolen from one of the complaining victims in this matter.

## INTERROGATORY NO. 12:

Has defendants Meehan, Criollo, Sager, Thornton, Rivera, Mikonlanda, Albert Velez shield # 04287, Robert Hanes shield # 15495, Victor Lopez shield # 15149 et al, ever during their employment with the City of New York "NYPD" the subject of any enter-departmental Disciplinary Proceeding due to any official misconduct while on or off duty. If yes produce such documents or Committee's decision.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:

Defendants object to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overbroad, not a proper interrogatory to the extent that it requests documents, to the extent it seeks information that is not relevant, and to the extent the information sought is not

relevant nor proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to this interrogatory to the extent it seeks information regarding allegations of misconduct that did not result in a finding of wrongdoing or which occurred more than ten years prior to or subsequent to the incident at issue and to the extent it seeks information concerning allegations of misconduct against any non-party officers or seeks information concerning ongoing investigations, which are protected by the law enforcement privilege. Defendants further object to this interrogatory to the extent it seeks information concerning events that are not related to the employment of any New York City Police Officer and on the grounds that it implicates the privacy interests of defendants and/or non-parties. Defendants further object to this interrogatory to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55. Further, defendants object to this request on the grounds that it calls for disclosure of information of a private or sensitive nature that are unrelated to the police officers' performance of their duties. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that they will produce Court Ordered disciplinary records for the individual defendants upon the entry of a protective order in this matter.

**INTERROGATORY NO. 28:**

On January 25, 2012, was the Plaintiff Robert Jones Interrogated at the Mid-town North Pct., if Yes, was said Interrogatory Video Tape Recorded Produce such Recording.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 28:**

Defendants object to Interrogatory No. 28 on the grounds that it is vague, ambiguous, confusing, compound, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), and on

the grounds that it is not a proper interrogatory to the extent that it requests video recordings. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that the interview conducted of plaintiff was not videotaped.

**INTERROGATORY NO. 29:**

Please identify the person by Name and Shield #, who authorized the Statutory Authority to use "GPS" Tracking Device in the location of stolen electronic "Lap Top" Arrest Evidence PETS No. , and Tracking Program installed Identification Number.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 29:**

Defendants object to Interrogatory No. 29 on the grounds that it is vague, ambiguous, confusing, compound, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, and beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1). Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that, upon information and belief, they were not required to receive written authorization from the complaining witness owner of the stolen computer to use the Apple "Find my Phone" feature.

**INTERROGATORY NO. 31:**

On January 26, 2012, Did Defendants Meehan, Criollo, Sager, Thornton, Rivera, and Police Detective Robert Hahn # 463 after execution of Search Warrant # N009s/2012 act in accordance with NYPD enter Departmental Procedure P.G. 212-75, pursuant to Overdue Post-Search Warrant Report Protocol, if Yes Produce said document.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 31:**

Defendants object to Interrogatory No. 31 on the grounds that it is vague, ambiguous, confusing, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), and not a proper

interrogatory to the extent that it requests documents. Defendants further object to the extent that plaintiff mischaracterizes Detective Robert Hahn as a defendant in this action. Notwithstanding and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are continuing to search for information regarding the Post Warrant Report and will provide such information as soon as it becomes available.

## INTERROGATORY NO. 35:

On November 21, 2013, Defendants as held in ¶¶ Q 1-34 after failure to Prosecute the matter of People of the State of New York, Indictment # 480/2012. Pursuant to Fed. R.civ. P. 41(a) Upon Dismissal was under legal obligation to Seal All Records of Arrest. Pursuant CPL §§ 160.50 and 160.55. If Yes Produce said execution form.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 35:

Defendants object to Interrogatory No. 35 on the grounds that it is vague, ambiguous, confusing, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), and not a proper interrogatory to the extent that it requests documents. Notwithstanding and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the document annexed hereto bearing Bates Stamp No. DEF 2124.

## INTERROGATORY NO. 40:

On January 25, 2012, Did Detective Robert Hahan # 436 Receive authorization from the Complaining Witness to use and operate The Apple Computer "Find My Phone" Program Cell site to locate the General Vicinity of 571 Glenmore Ave. If Yes, Produce said document

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 40:

Defendants object to Interrogatory No. 40 on the grounds that it is vague, ambiguous, compound, confusing, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), not a proper interrogatory to the extent that it requests documents, assumes facts not established, and to the extent that the information sought is publicly available and, thus, equally available to all parties. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that, upon information and belief, they were not required to receive written authorization from the complaining witness owner of the stolen computer to use the Apple "Find my Phone" feature.

## INTERROGATORY NO. 41:

On January 25, 2012, Did Detective Robert Hahn # 436 or LT Felix Rivera Tax ID # 920765, James Meehan # 6445, Jose Criollo # 4076, Adam Sager Tax ID # 902338, Thornton Gregory Tax ID # 919777, use or operate a Simulator known as "Sting Ray" "Hailstorm" or a "Triggerfish" to find the a Computer generated "Ping" from a Mac Book Pro in the vicinity of 571 Glenmore Ave. If yes produce such document Mobile Tracking Technology.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 41:

Defendants object to Interrogatory No. 41 on the grounds that it is vague, ambiguous, compound, confusing, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), and not a proper interrogatory to the extent that it requests documents. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that, upon information and belief, they did not use "Sting Ray," "Hailstorm" or a "Triggerfish" on January 25, 2012.

## INTERROGATORY NO. 42:

On January 26, 2012, Plaintiff is reported to have been held in Police Custody for over 16 hours during which he was deprived access to adequate amounts of drinking water resulting in dehydration cause by lack of medication with an increased right kidney measurement of 11.0x 4.0 Compared to the left kidney which measures 10.6x 5.2 indicating Renal Insufficiency Syndrome Disease "e-GFR value of 85>60 MI/min" what is the procedure for detainees in need of emergency Medication while in police custody?

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 42:

Defendants object to Interrogatory No. 42 on the grounds that it is vague, ambiguous, compound, confusing, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), and not a proper interrogatory to the extent that it requests documents. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that that they will produce NYPD policies regarding dealing with individuals who are being detained or questioned who may have medical issues upon the entry of a protective order in this matter.

## INTERROGATORY NO. 43:

On January 26, 2012, Detective Jose Criollo # 4076 did during the plaintiffs police custodial interrogation conduct a search of an Apple MacBook Pro, alleging to belong to Complaint Jimmie D, with a Serial Number of W861z8551vi3 and or Serial Number Co2fc7zmd was this search authorized by LT Felix Rivera Tax ID # 920765. If Yes Produce a copy of such written authorization, If No identify said authority by Name, Rank, and Shield #.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 43:

Defendants object to Interrogatory No. 43 on the grounds that it is vague, ambiguous, compound, confusing, nonsensical, not relevant, beyond the scope of Local Civil

Rule 33.3, beyond the number of interrogatories allowed under Fed. R. Civ. P. 33(a)(1), and not a proper interrogatory to the extent that it requests documents. Notwithstanding, and without waiving or in any way limiting these or the General Objections, defendants state that, upon information and belief, that they were not required to receive written authorization from the complaining witness to use the Apple "Find my Phone" feature.

Dated:     New York, New York
           December 5, 2016

                       ZACHARY W. CARTER
                       Corporation Counsel of the
                       City of New York
                       *Attorney for Defendants*
                       100 Church Street, Room 3-201
                       New York, New York 10007
                       (212) 356-2658

                By            /s/
                       MARIA F. DECASTRO
                       *Assistant Corporation Counsel*

TO:    <u>FIRST-CLASS MAIL</u>
       Robert Jones
       #141-15-02468
       *Plaintiff* Pro Se
       RNDC
       11-11 Hazen Street
       E. Elmhurst, NY 11370

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT JONES,

Plaintiff,

-against-

MEEHAN JAMES, ET AL.,

Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES**

14-CV-6402 (KPF)

      Pursuant to the Court's  August 11, 2016 Order, defendants Criollo, Meehan, Mikolanda, Thornton, Rivera, and Sager respond and object to plaintiff's First Set of Interrogatories[1] as follows:

**GENERAL STATEMENT AND GENERAL OBJECTIONS**

      1.      By responding to any request, defendants do not concede the materiality of the subject to which they refer.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

      2.      Defendants object to these Interrogatories to the extent that they demand information that is protected by the attorney-client or work-product privilege, or that would constitute material prepared for litigation purposes.

---

[1] For the Court's convenience, attached herein as "Exhibit" A is a copy of plaintiff's Interrogatories.

3.     Inadvertent production of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that information or any other information, or its subject matter, or of defendants' right to object to the use of any such information contained therein during any proceeding in this litigation or otherwise.

4.     Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.     Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the interrogatories.

6.     Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

7.     Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel.   Defendants also reserve the right to object to the future disclosure of any such information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

On January 25, 2012, throughout January 27, 2012, were defendants Police Detectives James Meehan Tax ID # 906807; Jose Criollo. Shield # 4076, Adam Sager Tax ID # 902338, Gregory Thornton Tax ID # 919777, Lieutenant Felix Rivera Tax ID # 920765; Police Officer Seven Mikolanda shield # 28952 et al, et seq.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

In addition to the General Objections, defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, and does not call for a response.

## INTERROGATORY NO. 2:

According to information and belief Employees of the City of New York "Police Department" "NYPD" as such please provide their employee statute, Job Description, and time on the Job.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:

In addition to the General Objections, defendants object to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overbroad, and confusing.

## INTERROGATORY NO. 3:

Were defendants Meehan, Criollo, Sager, Thornton, Rivera Mikolanda, et al as Police Officer with the City of New York, "NYPD" required to be Commercially Bonded. If Yes, Produce such Document.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:

In addition to the General Objections, defendants object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, confusing, not relevant, beyond the scope of Local Civil Rule 33.3, and on the grounds that it is not a proper interrogatory to the extent that it requests documents.

## INTERROGATORY NO. 4:

Were defendants Meehan, Criollo, Sager, Thornton, Rivera, and Mikolanda, et al during all times relevant herein as held in ¶¶ 1-3 Under Commercial Contract with the City of New York, Municipal Corporation, to enforce both State and Federal Law and Law under the Constitution. If Yes, Produce such Contractual Document.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections, defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, confusing, nonsensical, not relevant, beyond the scope of Local Civil Rule 33.3, and not a proper interrogatory to the extent that it requests documents.

**INTERROGATORY NO. 5:**

Confirm or Deny, The Term Contract, relates to a Lawful Agreement between Parties, Supported by Pledge or Oath as made between. Municipal Corporation "City of New York" and "City of New York Police Department" to Serve and Protect the Citizens of the City of New York. If Yes, Produce such Oath or Pledge.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections, defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, confusing, not relevant, beyond the scope of Local Civil Rule 33.3, and on the not a proper interrogatory to the extent that it requests documents.

**INTERROGATORY NO. 6:**

Defendants Meehan, Criollo, Sager, Thornton, Rivera, and Mikolanda et al, As Government Actors or Agents are required to be sworn into Office All facts must, when established by Witness, be under oath or Affirmation. If Yes, Please Provide the Name of and the Function of such Swearing Party.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections, defendants object to Interrogatory No. 6 on the grounds that it is vague, ambiguous, confusing, not relevant, unduly burdensome, beyond the scope of Local Civil Rule 33.3, and not a proper interrogatory to the extent that it requests documents.

## INTERROGATORY NO. 7:

Defendants Police Officer Meehan, Criollo, Sager, Thornton, Rivera, and Miklanda et al, As employees of the City of New York, Police Department "NYPD" which is a Department or Agency of the City of New York, Municipal Corporation are herein subject to all Proceedings. Commercial Liabilities, Damages and Personal Injuries incurred by the plaintiff. If Yes: Confirm if No Please Explain.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:

In addition to the General Objections, defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, confusing, not relevant, nonsensical, unduly burdensome, and beyond the scope of Local Civil Rule 33.3.

## INTERROGATORY NO. 8:

Have defendants Meehan, Criollo, Sager, Thornton, Rivera, Mikolanda, et al At any time relevant every during their employment with the "NYPD" City of New York, Police Department the subject of a Civil Complaint Review Board "CCRB" investigation or Disciplinary Proceeding. If Yes Produce a Copy of said Committees finding.

## OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:

In addition to the General Objections, defendants object to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overbroad, not a proper interrogatory to the extent that it requests documents, to the extent it seeks information that is not relevant, and to the extent the information sought is not relevant nor proportional to the needs of the case considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to this interrogatory to the extent it seeks information regarding allegations of misconduct that did not result in a finding of wrongdoing or which occurred more than ten years prior to or