UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

~~Robert Jones, Plaintiff~~

     -against-                            2014-cv-06402 (KPF).

Det James Meehan et al, et seq

Plaintiffs Opposition
To Defendants Motion for Summary
Judgement Fed.R.Civ. P. 56 (c).
Local Civil Rule 56. 1 Statement.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-1-17

Robert Jones
#1411502468
RNDC
11-11 Hazen Street
East Elmhurst New York 11370.

## TABLE OF CONTENT

Page

Plaintiffs Affidavit Civil Local Rule 56.1 ................... 1

Plaintiff Statement in Opposition to Defendant Motion for
Summary Judgment Local Civil Rule 56.1 ..................... 2

Plaintiffs Exhibit "A" Notice of Motion to Controvert Search
Warran # N00S95/2012 with its Affidavit .................... 3

Plaintiffs Exhibit "B" Actions against Detective James Meehan
Shield # 6445 MTN Precinct, Status Lodging Custody Time, Arrest
Data Display Sheet, Police DNA Investigation Property Invoice,
Police Laboratory Report, DNA Collection of Evidence "Knife",
Complaint Report # 2011-014-14341, Evidence Collected Report
Date 12/26/2011, Evidence Unit Control #12-M00-1400, and # 12-
M000606, Civilian Complaint Review Board Case # 200220638 Page
1-7, All Documents Are Uncontested By Affidavit Rule 56.1 ..... 4

Plaintiff Exhibit "C" Detective Robert Hahn # 6463 Affidavit for
Search Warrant #N00S95/2012 ¶¶ 5-6, 8-9 Are Controverted By
Exhibit "A"................................................. 5

Plaintiffs Exhibit "D" NYPD PETS Property Clerk Invoice
# 1000126240 Pages 1-2 Detective Hahn Acknowldgment that he did
On 1/25/2012 Removed Item # 6 Apple MacBook Pro Serial # W8028-
HOTf5W. From the Premises of 571 Glenmore Ave Without a Search
Warrant .................................................... 6

Plaintiffs Exhibit "E" Warrant Compartment Incident File Report
Warrant # 20120126001750, Detective Robert Hahn Discovery Date
1/26/2012; "Officers Plain View" Also see Warrant Tracking System
Pre-Warrant Data Entry form Safet Net # 20120007574 Complaint

Page

~~Follow Up Information Index Sheet # 2012-018-000324 "1/25/2012~~

Undocumented Case 2012-126 ................................   7

Plaintiffs Exhibit "F"  June 29, 2016. Telephone Conference

Pages 1-12 ..............................................   8

Plaintiffs Exhibit "G"  October 28,2016. Telephone Conference

Pages 1-8...............................................   9

Plaintiffs Exhibit "H"  Interrogation By Detective Jose Criollo

Shield # 4076 MTS Pct On Jaunary 27, 2012. Acknowledgement of

Plaintiffs Want of Medical Care Water, Medication and Toiling

Via His Statement "Im off my Meds is that the Reason for all

of this.................................................   10

Plaintiff Exhibit "I" Property Vouncher Invoice Date items

Were Recovered Pursuant to Warrant # N00S95/2012 Date 1/27/2012

Pages 1-8 ..............................................   11

Plaintiffs Exhibit "J" Medical Records Report Past and Current

Diagnosis Chronic Kidney Disease Stage III Renal Insufficiency

Syndrome ..............................................   12

Plaintiffs Exhibit "K"  Detective Jose Criollo shield # 4076

MTS Precinct January 27, 2012. Unauthorized Collection of

Plaintiffs DNA Material From a Drinking Cup invoice # 1000126-

451. Request for Laboratory Conpaison with Crime Sence Evidence

Evidnce "HAT" Invoice # 100012646 Recovered By Det Jose Criollo

Date 1/11/2012 Location of 403 West 44th st . see Pages 1-3....   13

Plaintiffs Exhibit "L" Det Jose Criollo # 4076 MTS Precinct

Patrol BOro Man Southern Burglary Pattern Sheet "Det Criollo" was

Assigned to investigate the Incident on 12/26/2011. Jointly with
Detective James Meehan #6445 MTN Precinct ................... 14

Plaintiff Exhibit "M" DetJose Criollo # 4076 MTN Pct Warrant
Poster "Artist Circular" # WP No. 16-17-12 Date of Suspect Observ-
vation 1/11/2012 Date Prepared 1/24/2012 ................... 15

Plaintiff Exhibit "N" Grand Jury Indictment # 480/2012. Whereby
The Address of 409 West 48th Street dose not appear on indicment
Nor dose the Apple Macbook Pro Serial # W802HOTf5W Which Give
Rise to Search Warrant # N00S95/2012. And the Subsequent Illegal
Search and Seizure of Personal Property Removed from 571 Glenmore
Avenue. On January 27, 2012. ................................. 16

Plaintiff Exhibit "O" Plaintiffs Motion to Inspect and Reduce
The Indictment for lack of Legally Sufficient Evidence Courts
1-7 Indictment # 480/2012 ................................. 17

Plaintiff Exhibit "P" Plaintiff Motion and Affidavit CPL §§ 30.
30 (2)(b). Release from Custody, CPL §§ 30.30 (1)(a), Motion
To Dismiss the Indictment on The Grounds of Speedy Trial
Violations Motion Granted Case Dismissed see Certificate of
Disposition # 44375 ..................................... 18

Plaintiff Exhibit "Q" Defendants Jose Criollo, Adam Sager,
Gregory Thornton, Lieutenant Felix Rivera, Police Officer
Steven Miklanda Affidavit of Statement Civil Local Rule
56.1 ..................................................... 19

Defendants Discription  James Tax ID # 906807, Jose Criollo
Tax ID # 925138, Gregory Thornton Tax ID # 919777, Adam Sager,
Tax ID # 902338, LT Felix Rivera Tax ID # 920756, Steve Mikolanda
Tax ID # 928785.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRIC OF NEW YORK

Robert Jones, Plaintiff

-against-

Defendants James Meehan, Jose Criollo,
Adam Sager, Gregory Thornton, Lietenant
Felix Rivera, Police Officer Steven Mikonlanda
et al, et seq,

In Their Official and Personal Capacity
                Defendants

PLAINTIFF STATEMENT
OF MATERIAL FACTS
IN OPPOSITION TO
DEFENDANTS MOTION FOR
SUMMARY JUDGMENT
LOCAL RULE 56.1

PLAINTIFFS STATEMENT
OF MATERIAL FACTS IN OPPOSITION
PURSUANT TO LOCAL RULE 56. 1

1).   Plaintiff Robert Jones, Pro-se for his Opposition

To Defendants Motion for Summary Judgment Rule 56.1 Statement

Submit the following Statement of Material Facts to which there is

No Genuine Issue to be tried.

RESPONSE TO DEFENDANTS
STATEMENT PURSUANT TO LOCAL RULE
56.1

2).   In Response to Defendants Statement Pursuant to Local

Civil Rule 56.1 Plaintiff Controvert: The Statements in the paragraphs

therein as held in ¶¶ 1-10, 10-20, 20-30, 30-40, 40-50, 50-60, 60-70,

70-80, 80-90, 90-95, 95-96 and 97.

BACKGROUND INFORMATION

3).   Plaintiff Robert Jones, filed this title 42 U.S.C. §

§ 1983, Civil Complaint on or about August 4, 2014, Matter of Jones

v. Meehan, 2014-cv-06402 (KPF).

4).    Alleging Inter-alia That on January 27, 2012. Plaintiff
Robert Jones was Falsely Arrested in his Home at 3:30am 571 Glenmore
Avenue, East New York Section of Bklyn New York.

5).    That Detectives James Meehan, Jose Criollo, Adam Sager,
Gregory Thornton, Lieutenant Felix Rivera are reported to have conduct-
ed. the investigation and Arrest.

6).    That From January 26, 2012. throughout January 27,2012.
The above detectivbes were actively engaged in the Plaintiff unlawful
and Unconstitutional Arrest without Probable Cause.

7).    That said Arrest and Detention was related to an alleged
Nine Burlaries that had occurred between December 26, 2011 and January
24, 2012. In the County of New York.

## DATES OF OCCURRANCE

8).    On December 27, 2011. Complaining Victim Thomas Dziar-
maga. Of 616 9th Avenue County of New York informed Detective James
Meehan shield # 6445 Mid-town North Precinct.

9).    That On December 26, 2011. He Thomas Dziarmaga returned
To his apartment at the above location and found his front door open,
See NYPD Complaint Followup Information Report No.2 Complaint No. 2011-
014-14341.

10).    That victim Thomas Dziarmaga is reported to have informed
Detective James Meehan that upon his entering his apartment notice
Various items of his personal property was missing.

11).   That during the Police investigation conducted by Detective James Meehan a knife was recovered and identified as Possibly belonging to the suspect.

12).   The knife was subsequently tested for DNA samples within the Chief Medical Examinors Office "OCME" during which the Plaintiff DNA sample on file produced a negative match.

### DEFNDANT JAMES MEEHAN
### DETECTIVE 3D CLASS SHIELD
### No. 6445 MTN PRECINCT

13).   Defendant Police Detective James Meehan $ ield No. 6445. of the Mid-town North Precinct, has be virtue of Civil Rule 56.1  Failed to issue any oppostition in response to the Plaintiff Motion for Summary Judgment. ed.R.civ.P 56 (a) and (c).

14).   As was required by Civil Rule 56.1 Sworn under the Penalty of Perjury pursuant to title 28 U.S.C.§§ 1746, that by virtue of such failure has acknowledged and consented to Judgment of Default Pursuant to Fed.R.civ.P. 55 (a) (b) (1).

15).   That he Det James Meehan did On January 27, 2012. While acting within his Job Discription knowingly and willfully Violated the Plaintiff Fourth Amendment Protected Rights secured against Illegal Search and Seizure. "Arrest in the Home"

16).   That On January 27, 2012. He Det James Meehan # 6445 While Conducting an 16 hour Police Interrogation of the Plaintiff Wrongfully and without authorization Collected the Plaintiffs.

17).   Genetic Material "DNA" for testing against unsolved
Burglaries  and that as a Pretext use a Water Deprivation Technique
To Collect Plaintiffs DNA from a Drinking Cup that was later tested
On a Knife in a case Detective Meehan was investigating.

18).   Date of December 26, 2011. Location of occurrence
616 9th Avenue County of New York C/W Thomas Dziarmaga.

19).   Detective James Meehan by and through his wrongful
Disemination of the Plaintiff Genetic Material "DNA" violated Federal
Law pursuant to 42 U.S.C. §§ 14132 and 14135e  for which Det Meehan
is liable for compensatory Damages in the Sum of $ 250,000. Dollars.

20).   Sanction for each time the defendant misused the
Plaintiff Genetic Material "DNA" or had such Material Tested without
Authorization pursuant to CPL §§ 240.

21).   Plaintiff Suffered Physical Injuries as a direct
And Approximate result of Defendant James Meehan Water Deprivation
Technique by during his 16 hour investigation denied Mr. Jones
High Blood Medication resulting with Renal Insufficiency Syndrome
Stage III Kiney Disease.

22).   Plaintiff seeks Compensatory Damages Award against
Defendant Detective James Meehan Shield # 6445 in the Sum of
$300,000. Dollars for Past and Future Pain and Suffering.

23).   Plaintiff seeks Punitive Damages Award against
Defendant James Meehan Shield # 6445 in the Sum of $ 150,000. Dollars

For his act of Malicious Prosecution and Unlawful Imprisonment.

24).    For over Twenty Two Months Detention from January
27, 2012. throughout November 21, 2013. which Dissipated in favor
of Plaintiff Release Granted Pursuantt to CPL §§ 30.30 see Exhibit
(A).

PLAINTIFFS RESPONSE TO
DEFENDANT LIEUTENANT FELIX RIVERA
LOCAL CIVIL RULE 56.1 STATEMENT

25).    Plaintiff Robert Jones In Response to Defendants
Statement Pursuant to Local Civil Rule 56.1 for which the Plaintiff
Admits the Statement in the following paragraphs therein.

26).    Pl-aintiff admits the content of ¶¶ 1-3 That Defendant
Felix Rivera Confirms under the Penalty of Perjury pursuant to
Title 28 U.S.C. §§ 1746.

27).    That Defendant Lieutenant Felix Rivera was a Police
Lieutenant with the City of New york, Police Department (NYPD")
And has been since 2011.

28).    On January 25, 2012. He "Lt Rivera" was a Lieutenant
In the Mid-town North Detective Squad, That as part of his duty as
A Lieutenant he Supervised an Investigation into a Series of.

29).    Burglaries that occurred within the confines of
The Mid-town North Precinct.

30).    Plaintiff In Response to Defenants Lt Felix Rivera
Statement Pursuant to Local Civil Rule 56.1, For which the Plaintiff

Controverts and Denies the Truth of ¶¶ 4-5

31).   That Lieutenant Rivera States that based on the Physical Discription provided by Eyewitness "Who has not been identified. By Name or Statute"

32).   On January 25, 2012. Lieutenant Seamus McHugh of the 77th Precinct located in Bklyn New York, Advised Lt Rivera that an Individual Matching the Sketch "Physical Discription" Provided by said Unknown Eyewitness.

33).   Was Stopped by Police Officer "Also Unknown and Unidentified" Assigned to the 77th Precinct, and that Lieutenant Mc-Hugh of the 77th Pct reported to have identified the plaintiff.

34).   As Robert Jones ¶¶ 4-5 Are Unsupported by Affidavit or Sworn Statement Offerred in accordance with Local Civil Rule 56.1 By Lieutenant McHugh of the 77th Precinct, or any unidentified Police Officer Assigned to the 77th Command.

35).   Plaintiff In Response to Defendant Lieutenant Felix Rivera Statement Pursuant to Local Civil Rule 56.1 Plaintiff Controvert The Content of ¶¶ 6. That Lt McHugh States based on information and Belief that he "Lt McHugh" Provided the Indentity of the Plaintif.

36).   To an unidentified Detective from the Mid-town North Precinct Detective Squad, said unidentified Detective was able to Trace the identification information pretaining to Plaintiff.

37).   Robert Jones to the address of 571 Glenmore Avenue

Has Created an Issue of Undisputed Facts for which Summary Judgment

Maybe Granted Pursuant to Fed.R.Civ.P 56 (c).

SEARCH WARRANT APPLICATION

38).   Detective Robert Hahn of the Mid-town North Pct

States in his Search Warrant Application ¶¶ 8-9 Deponent is Further

Informed by the informant "Namely Lt Felix Rivera" That an Apple Laptop.

39).   Was taken from a residental location at 409 W.48th said

Laptop contained a tracking device, That said Laptop was in use on

Glenmore Ave, near Schenck Avenue which is less than one block.

40).   From The allege Target Premises 581 Glenmore Ave

That pursuant to defendants Exhibit "Google Map" 571 Glenmore Ave

Is Approximately 174 feet apart from one another.

41).   It is also supported by the Statement of Detective

Robert Hahn # 436..., that he used a Apple Find My Phone Pen Register

Trace Device that brought him within 174 feet of the location of 571

Glenmore Ave.

42).   That pursuant to Search Warrant Application ¶¶ 9

Detective: Robert Hahn Shield # 436  States Deponent basis for believing

That said Laptop is in the location "What Location 571 or 581???"

43).   The Statement I "Det Hahn" went to the "TARGET

PREMISES" He dose not state the address "On Jaunary 25, 2012." and

Observed Robert Jones Sitting on the lower left bunk.

44).   Noticiably Apprehand is that Det Hahn dose not

State he was escorted by house

Manager Kenneth Elmore whom granted access to the residence without

~~Authorization of the plaintiff, while leading Det Hahn to the Plaintiffs~~

Private Living Quarters.

45).   Detective Robert Hahn shield # 436 of the Mid-town

North Precinct offers no evidence or proof that the tracking device

Used by him confrimed the laptop he observed and recovered.

46).   On January 25, 2012. One day before Search Warrant

# N00s95/2012. Was issued had been infact the Laptop Stolen from the

residence of 409 west 48th Street.

47).   That according to both the Search Warrant # N00s95/

2012. And NYPD PETS Invoice # 1000126240. States that On January 25,2012.

Det Robert Hahn # 436 recovered item # 6 from the plaintiffs bed side.

Serial # W8028HOTf5W. Apple MacBook Pro. see exhibit ( D )

48).   While items # 1-5 were recovered by Detectives Adam

Sager, Gregory Thornton, James Meehan under the supervision of Lieutenant

Feilx Rivera pursuant to Search Warrant # N00s95/2012. Enforced on,

49).   January 26, 2012. The issue of the Search Warrant

Maybe Challenged under Article IV NY State Constitution which requies

A Search Warrant to be issued by a Article III Judge any other Judge

or Court Clerk acting in such capacity creates.

50).   A non-enforcable Defective Writ and is an action

by Default which has deprived this Plaintiff of his Due Process to be

Arrested by   assurance of a Juduicially sound and Legally enforceable

Procedure under the Fourth Amendment Free from Illgeal Search and Seizure

51).    Plaintiff by and through this Civil Rule 56.1
Statement of Facts Affirms it is Undisputed that Detective Robert Hahn
Shield # 463, Did while acting under the Color of State Law.

52).    On January 25, 2012. Without A Search or Arrest
Warrant Entered the Premise of 571 Glenmore Avenue, having "NO"
Tangible Proof or Extenuating Circumstances "Proable Cause".

53).    That on the above date Detective Robert Hahn Shield
# 463 of the Mid-town North Precinct acting under the Supervision
of Defendant Lieutenant Felix Rivera.

54).    Entered the Premise of 571 Glenmore Avenue and
Removed an alleged Stolen Apple MacBook Pro serial # W8028HOTf5W,
that on the above date returned to the Mid-town North Pct.

55).    Said MacBook Pro in hand accessed it operation system
Identified the owner of said Laptop thereafter sought and was granted
A Search Warrant # 00Ns95/2012, To Search the Premises of 571 Glenmore
Avenue.

56).    That On January 26, 2012. Detectives Adam Sager,
Gregory Thornton, Lieutenant Felix Rivera and James Meehan, Enforced
Search Warrant # 00Ns95/2012.

57).    While doing so recovered item as has been identified
in Defendants NYPD PETS Arrest Evidence Invoice No. 1000126240, which
States On 1/26/2012. items 1-5 were recovered from 571 Glenmore Ave via
Search Warrant N00s95/2012. see Exhibit (D). (I)

58).    The plaintiff further points to Telephone Conference

Date June 29,2016. Pages 4-13, ¶¶ 19-20, 12-23, 5-22, 14-25, 1-3 and

6-23, Page 9 ¶¶ 25, Page 10 ¶¶ 1-2, Page 11 ¶¶ 17-25, Page 12 ¶¶ 4-15,

and ¶¶ 20-25. Page 13 ¶¶ 1-16. See Exhibit (*FG*).


### PLAINTIFFS RESPONSE TO DETECTIVE GREGORY THORNTON CIVIL LOCAL RULE 56.1 STATEMENT OF FACTS.

59).    Plaintiff Robert Jones    Response to Defendants

Gregory Thornton Statement Pursuan to Civil Local Rule 56.1, Plaintiff

Admits the Statement in the Following Paragraphs therein.

60).    Plaintiff admits the content of ¶¶ 1, He denies the

Truth of ¶¶ 2-15, Which are unsupported by Affidavit of Sworn Statement

From Detective Robert Hahn Shield # 463 of the Mid-town North Pct.

61).    Plaintiff Confirms that On January 25,2012. That

571 Glenmore Avenue was a Halfway House ¶¶ 6, Plaintiff denies the

Truth of ¶¶ 7-12. For which Detective Gregory Thornton.

62).    Can Produce No Documents supporting his Sworn Testi-

mony. That On January 25, 2012. The Plaintiff was in fact escorted to

the Mid-Town North Precinct for questioning.

63).    Nor dose Det Thornton, Rivera, Sager, or Robert Hahn

Offer any Affidavit of Statement provided by Eyewitness Kenneth Elmore

House manager of 571 Glenmore Ave to confirm the truth of the events

Alleged On 1/25/2012.

64).    Plaintiff Confirm the Truth of ¶¶ 13-14, While he

Denies The Truth of ¶¶ 15-17. For which there is No Police Interroga-
tion. Video Tape footage of the 16 hours and 15 minute interrogation
Freeing the Defendants from any Wrong doing as alleged herein. see
Exhibit ( B̌ ). Lodging Status/History Custody Time sheet #M12608324.


PLAINTIFF RESPONSE TO DEFENDANTS
DETECTIVE ADAM SAGER DECLARATION
CIVIL LOCAL RULE 56.1 STATEMENT

65).   Plaintiff Robert Jones  Response to Defendants
Adam Sager Declaration pursuant to Civil Local Rule 56.1, Plaintiff
Admits the Declaration herein as follows:

66).   Plaintiff admits the content held in Type Paragraph
¶¶ 1-5 "Det Adam Sager" Declaration Confirmed under the Penalty of
Perjury.

67).   That Defendant Adam Sager was a Detecive with the
City of New York, Police Department "NYPD" and has been since 1999.

68).   That On January 26, 2012. Detective Adam Sager was
Working   the Mid-town North Precinct, on the above date he was part
of a team assigned to execute a Search Warrant at 571 Glenmore Avenue.

69).   That on the above date he Detective Adam Sager was
Allegely informed by an unknown and unidentified Police Detective about
The premise of 571 Glenmore Ave.

70).   In Respnes to Defenant Adam Sager Declaration
Pursuant to Civil  Local Rule 56.1 Statement of Facts.

71).    Plaintiff Contrverts and Denies the Content of ¶¶ 6-11.

72).    On January 26, 2012. Detective James Meehan, Adam Sager, Gregory Thornton, Lieutenant Felix Rivera, Jose Criollo, Detective Robert Hahn.

73).    Have failed during all times relevant herein to Offer any Legal Proof or Evidence that the Plaintiff was on January 26, 2012. In Resent or Exclusive Possesion of any Stolen Laptops Computers.

74).    Bearing Serial No. W86449E0W06; WQ94BCV78PW; CO2f4CE-KDH26; W8028HOTf5W or any other items vouchered by Police Detectives Meehan, Criollo, Sager, Thornton, or Rivera, Recovered under Search Warrant # N00s95/2012.

75).    Plaintiff herein points to voucher # 1000126240 For which Detective Robert Hahn shield # 463 states that On January 25, 2012. He "Det Hahn" Recovered Item # 6 Laptop seiral No. W8028HOT-f5W.

76).    From the Plaintiffs Bed Side area and vouchered it under NYPD PET Invoice No. 1000126240 after which items 1-5 are reported to have been recovered by Detective Sager, Thornton, and Lt Rivera, Excluded from all other vouchered evidence recovered on 1/26/2012.

77).    Is Item No. 6 under NYPD PET No. 1000126240, That According to information and belief it is the above item used to Secure the Search Warrant obtained by Det Robert Hahn.

78).   See Exhibit ( E ) " Warrant Compartment Incident
Fiel Report Warrant (20120126001750 Reason for Warrant Officer Plain
View Observation date 1/26/2012,)Requesting Officer Robert Hahn #463.
PETS No. 1300051020 NYPD Sticker # 5209481." Apple MacBook Pro" "White".

79).   Plaintiff maintains that throughout all Police
Vouchered Invoice No. 1000126244; 1000126233; 1000126220; 1000126215;
1000126210; 1000126188. dated January 27, 2012. "Items"

80).   Recovered under Search Warrant No. N00S95/2012.
None  Specify that MacBook Pro serial No. W8028HOTf5W was recovered by
Detectives Meehan, Criollo, Thornton, Sager, or Rivera. On 1/26/2012
Or 1/27/2012. See Exhibits ( N ). Invice No. 1000126244-100126188.

81).   Plaintiff maintains that because Det Robert Hahn
Shield No. 463 Illegally and Willfully entered the Plaintiff home
With a Warrant and removed Item # 6 Apple MacBook Pro Laptop Computer
Serial # W8028HOTf5W.

82).   That such conduct made Search Warrant # N00s95/2012.
Judicially Invailed because he "Det Robert Hahn #463 Lied on his Search
Appication before the Honorable Judge Armstrong on January 26,2012.
See William v State, 327 Ark 213, 94 L.Ed. 2d 347 (1997):

83).   Officer moving a bag of cookies and opening a desk
Drawer "The Officr Crossed the Line into a Search, That Det Hahn entry
Into the Plaintiff Home without his consent or acknowledgment constitues
A Fourth Amendment Violation.

84).   Plaintiff by and through this Affidavit of Statement
Civil Rule 56.1 Testifies that Detective James Meehan, Jose Criollo,
Adam Sager, Gregory Thornton and Lieutenant Felix Rivera.

85).   Did having the same illegal end in mine working both
Jointly and Severally conspired to deprive the Plaintiff of his
Constitutionally Protected Rights.

86).   To be free from Illegal Search and Seizure while in
the Home, such rights are not limited to Search in the Home but also
Include the Right to be free from unlawful Collection of his Genetic
Material Namely DNA.

87).   Illegally and Unlawfully Collected by Detectives
James Meehan shield # 6445 and **Jose Criollo** Shield # 4076 whom did
On January 27, 2012. Sought to Collect and test a DNA sample obtained
From a Drinking Cup.

88).   Use to solve numerous unsolve Burglaries occurring
In the Mid-town North District on 12/26/2011 and 1/11/2012. Whereby,
The Method used by Det Meehan and Criollo subjected the plaintiff to
Physical Injuires during a **16 hour Police** Interrogation.

89).   For which a Water Deprivation Technique was use
designed induce dehyration jointly with restriced access to High Blood
Pressure Medicien and restricted access to bathroom. See Exhibit (   )
Arrest Status Report M12608324.

90).    That Detective(s) James Meehan and Det Jose Criollo

Both by and through their unauthorized and illegal Police Practice

16 Hours Interrogation for which plaintiff was denied Food, Water and

Medicien.

91).    Resulted with Mr. Jones being diagnosed with a serious

And Deadly Kidney infection Renal Insufficiency Syndrome Stage III

Kidney Disease. See Exhibit ( J ) Medical Records Report.

92).    Plaintiff in the matter of People v. Robert Jones,

Indictment # 480/2012. Asserts that On Novmber 21, 2013. the above

matter was dismissed in the plaintiff favor pursuant to CPL §§ 30.30.

See Exhibit ( P ) Certificate of Disposition.

93).    That Pursuant to New York Speedy Trial Statute

Which Constitutes a Favorable Termination for the Purpose of Malicious

Prosecution Action. See the Above Ex-hibit.

PLAINTIFFS RESPONSE TO
DEFENDANT DETECTIVE
JOSE CRIOLLO AFFIDAVITS
CIVIL LOCAL RULE 56.1

94).    Plaintiff Robert Jones response to defendants

Jose Criollo Affidavit Pursuant to Civil Local Rule 56.1, Plaintiff

Admits the Allegation herein as follows:

95).    Plaintiff admits the content of ¶¶ 1 and the Defend-

ant. Statement Sworn Under the Penalty of Perjury pursuant to title 28

U.S.C. §§ 1746.

96).    That Defendant Jose Criollo was and still is a Police Detective with the City of New York, Police Department "NYPD" And has been since 2008.

97).    In Response to Defendants Jose Criollo Affidavit Pursuant to Civil Local Rule 56.1 Plaintiff Controverts and Denies The content of ¶¶ 2-11.

98).    As they are unsubstantiated by any Sworn Affidavit Verified by any Complaintive Witness or any Victim of a Burglary Occurring Between October 6, 2011 throughout January 11, 2012. ¶¶ 12.

99).    That On January 11, 2012. Detective Jose Criollo of the Mid-town North Precinct did during his Police Investigation into a Burglary which occured at 403 West 44th Street.

100).    During which a Black Knited Hat was found at the Crime Scene of 403 West 44th Street and tested at the request of Det Jose Criollo Shield 4076 on January 27, 2012.

101).    That Detective Jose Criollo and Det James Meehan Shield # 6445 both of    Mid-town North Precinct Detective  Squard for which Det James Meehan is reported to have found a Knife at the Crime secen of 616 9th Ave on December 26, 2011.

102).    And tested it against a DNA sample illegally Collected On January 27, 2012. taken from a Drinking Cup during the Plaintiffs 16 Hour Police Interrogation.

103).    During which the Plaintiff was without the benefit

Of Counsel, Such unauthorized collection of DNA did violate the

Plaintiff Clearly established Fourth Amendment and Sixth Amendment

Rights.  Jointly with that of Title 42 U.S.C. 14132 and 14135.

IDENTIFICATION
OF
SUSPECT 1/11/2012.

104).   Defendant Det Jose Criollo shield 4076 States in

¶¶ 13 Civil Local Rule 56.1 That On January 11, 2012. Sergeant

Joseph informed "Det Criollo" that he "Sergeant Joseph" did while at

the Loaction of 403 West 44th Street on the above date .

105).   Observed a Black Male On Crutches exist 403 West

44th Street, and that Mayors Office Inv etigator George Tsatsaronis

Informed "Det Criollo" that he also observed A Black Male with.

106).   Observed a Black Male with a goatee on what appeared

to be One Crutche exist 403 West 44th Street, Curiously Neither eye-

Witness Sergeant Joseph Sommon nor Investigator Tsatsaronis.

107).   Have offered any Sworn Statement or Affidavit Con-

firming the plaintiff appearance nor have they testified to the truth

of the events alleged on January 11,2012.  before any Judicial Dis-

trict.

108).   As was required by State and Federal Law, That pursu-

ant. To Federal Rule of Evidence Rule 602: Need for Personal Knowledge

which State: A Witness may testify to a matter only if Evidence is

Introduced.

109).   Sufficient to Support a finding that the witness has

Has Personal Knowledge of the matter. Evidence to prove personal Knowledge may Consist of the witness own testimony. Sworn Affidavit of facts.

110). Plaintiff Maintains that because the Composite Sketch information offerred by both Sergeant Joseph Sommons and Special Investigator George Tsatasronis were never subscribed Authenticated. Or Sworn by Affidavit.

111). Before a Judge in Good Standings including the Hon: Judge Armstrong whom issued the Search Warrant # Noos95/2012 for Which Arresting Officer Detectives Gregory Thornton, Adam Sager, James Meehan, Jose Criollo, and Lieutenant Felix Rivera. et al.

112). Relayed upon to make the arrest of Plaintiff in his Home On January 27, 2012.

113). On January 26, 2012. Search Warrant Application Sought by Detective Robert Hahn shield # 463 State that he "Det Hahn" was informed by Det Jose Criollo shield #4076.

114). That a Stolen Laptop Computer Apple MacBook Pro having serial number # W8028HOTf5W owned by Complaintive S.C of 409 West 48th Street could be found at 581 Glenmore Ave Bklyn N.Y.

115). Search Warrant Application ¶¶ 5-9: Detective Robert Hahn shield # 463 Mid-tow North Precinct, is informed by investigative. Detective Jose Criollo shield # 4076 Mid-town North Precinct ¶¶ 5-6.

116). ¶¶ 6 States: Deponent "Det Hahn" is informed by

Detective Jose Criollo shield 4076 that Approximately Fourteen (14) Different occassions between November 30,2011 and January 19, 2012. An individual "Not The Plaintiff" entered a residenal location and

117).   Removed  property said person did not have premission. to remove and property, Deponent "Det Hahn" Is further informed that the individual entering the locations was Robert Jones Plaintiff.

118).   That on Several Occassion  the individual entering said location was "A Black Male who was using crutches. some of the above incidents specifically the entry or exits were captured on Surveillance video ¶¶ 7.

119).   Deponent "Det Hahn" is further informed by "Informant" Not Det Jose Criollo, that on One occassion an Apple Laptop was Taken from a residential location and.

120).   That said Laptop contained a Tracking Device Deponent is further informed that Around January 24, 2012. Said Tracking Device indicated that said laptop.

121).   Was located and in use on Glenmore Avenue near Schenck Avenue which is one block from the target premises "Question" How was the target premises indentified ???. ¶¶ 8.

122).   Deponent "Detecive Robert Hahn shield # 463 Mid-town North Precinct did without further Proof or Evidence as stated herein Having no concrete or tangible evidence.

123).    Basis for belief which was and is undocumented

That the property "Apple MacBook Pro Serial Number # W8028HOTf5W"
Is in the undisclosed location as follows:

124).   Det Hahn States : I went to the target premises
On January 25, 2012. And Observed Plaintiff Robert Jones siting on
the lower left bunk bed.

125).   Robert Jones was at the time using an Apple Laptop
Which had previously been taken from one of the above residential
location "409 West 48th Street" " How was Det Hanh able to identify
the Serial Number of said laptop"?

126).  According to NYPD PET Invoice # 1000126240 item # 6
Pet No. 1300051020 States On January 25, 2012. the above item was
Recovered from 571 Glenmore Ave in plain view and was recovered from
the subjects Bed side by "Detcetive Robert Hahn shield # 463 MTN SQD.

127).   It is clear that Search Warrant # NOOS95/2012.
Was not issued until January 26, 2012. making the entry of Det Hahn
and the removal of said laptop a Fourth Amendment Violation Trigger-
ing. Wong Sung and its Fruit of the Poisonous Tree.

128).   That everything recovered after the fact pursuant
to Search Warrant # NOOS95/2012. Must be deemed under Illegal Search
and Seizure as unlawfully obtained. see Exhibit  (A). Notice of Motion
To Controvert Search Warrant. date July 19, 2012.

129).    Plaintiff In Responses to Defendant Jose Criollo
Affidavit Pursuant to Civil  Local Rule 56.1 Plaintiff Controvert
and Denies the Content of ¶¶ 14-19.

130).    Detective Jose Criollo shield # 463 by his Affidavit
Rule 56.1 States That On January 24, 2012.  Complaing Victim J.M.
of 407 West 50th Street New York, New York.

131).    Did e-mail Det Criollo and informed him that the
Find My Iphone Feature of his MacBook had located  his computer.
The Statement dose not confirm the MacBook IP Address  verifying

132).    The location for which said Laptop was  activated
And  in use therefore the Vicinity of 581 Glenmore Avenue is only
a General  Non-Specific Target and without more dose not establish
Reliable or Proable Cause to enter. 1/24/2012 ¶¶ 20-21.

133).    Plaintiff Denies the Truth of ¶¶ 23. That On January
26, 2012. Detective Jose Criollo shield #  4076 Placed  Mr. Jones
Plaintiff in as many as three Line Ups on that date 1/26/2012 as
Appose to 1/27/2012.

134).    Plaintiff however confirms that On January 27,2012.
Dettective Jose Criollo shield # 4076 was present during the Plaintiff
16 Hour Police Interrogation Conducted at lease Three Line Ups and
Denied Plaintiff Food Water Medicien and Toileting.

135).    Plaintiff maintains Defendants act of dening Mr. Jones
Access to Water and Medication caused his blood pressure to spike
and increase dehydration resulting with Renal Insufficiency Syndrome

Stage III Kidney Disease.

136).   Plaintiff Denies  the Turth of ¶¶ 23-25,and 26 while
He Confirms the Turth of ¶¶ 27. That the Plaintiff was Arrested On
January 27, 2012.and Processed by Det Jose Criollo.

137).   Plaintiff Denies the Content of ¶¶ 28. That Det Jose
Criollo. Contacted Detective James Meehan and informed him the
Plaintiff was arrested on 1/26/2012.

138).   That pursuant to Patrol Boro Man South Burglary
Pattern Sheet Det Jose Criollo was Detective Assigned to investigate
the matter occurring on 1/11/2012 and 12/26/2011 see Exhibit "Patrol
Boro Man South Burglary Pattern Sheet".

139).   Plaintiff maintains that both Detectives James Meehan
and Jose Criollo did during the plaintiff 16 hour interrogation
On January 27, 2012. Illegally and without authorization to do so.

140).   Collected a DNA Sample from the Plaintiff after
Effectively using a Water Deprivation Technique  for which once the
Plaintiff drank from the Cup provided to him by Police.

141).   Mr Jones DNA Material was collected and tested
against unsloved Burglaries  in violation of Title 42 U.S.C. § 14132
and 14135e...

142).   Plaintiff confirms the content of ¶¶ 29: for which
Relates to the unauthorized Police Practice of Det James Meehan
# 6445 MTN Pct  uncontested Unauthorized Dissemination of Mr. Jones

Genetice Material DNA without Court Ordered approval constituting

An Act of Illegal Search and Seizure prohibited under the Fourth
Amendment United States Constitution.

143). Plaintiff Further Confirms that both Detectives
Jose Criollo and James Meehan did On January 27, 2012. Arrested the
Plaintiff Interrogated him for 16 hours denied him Food, Water and
Medical Care Medication and Toileting resulting with.

144). Renal Insufficiency Syndrome Stage III Kidney
Disease  as stated in ¶¶ 29-33.

145). Plaintiff maintains that Search Warrant # N00S95/
2012. Is of the Boilerplate Garden Variety, it is well settled that
A Warrant must particiularly describe the items to be Seized see
United State Constitution Amendment IV, New York State Constitution
Article 1 §§ 12.

PLAINTIFFS RESPONSES TO
POLICE OFFICER STEVEN MIKOLANDA
CIVIL LOCAL RULE 56.1 STATEMENT OF
FACTS

146). Plaintiff Robert Jones In Response to Defendant
Steven Mikolanda Mid-town North Precincts Affidavit ¶¶ 1-4: Admits
That P.O. Mikolanda did On January 27, 2012.

147). Took Possession of Vounchered Items 1-2 PET No. 52-
09475. Invoice # 1000126188 Chrome/Stainless Steel Crutches Recovered
Pursuant to Search Warrant No. N00S95/2012.

148).    That pursaunt to The Conduct of Det Robert Hahn
Shield # 463 of the Mid-town North Precinct On the 25th Day of January
2012. And his illegal entry on to the premises of 571 Glenmore Ave.

149).    For which he is reported to have entered said
Location and observed what he allege was stolen property Namely One
MacBook Pro Serial # W8028HOTf5W, And Removed said item.

150).    Prior to and well inadvance of Search Warrant #
N00S95/2012. being issued on January 26, 2012. Which Constitutes
Such action  as Illegal Search and Seizure prohibited under the
Fourth Amendment U.S. Const.

151).    That all property recovered after the fact Triggers
Wong Sun and its Fruit of the Poisonous Tree, Therefore the Defendants
Admited confiscation of the Plaintiff Personal Property namely his
Crutches.

152).    Vouchered under NYPD PETS Invoice # 1000126188,
Items number 5209475, 5209476, 5209482, 5209483 date of January 27,
2012. As Stated : At T/P/O Items Recovered from 2d Floor of 571
Glenmore Ave Bklyn Pursuant to S.W. N00S95/2012 "Next to Closet".
" Leaning Against the Wall"

153).    At T/P/O Item 1 and 2 Recovered from 2d Floor
Glenmore Avenue Bklyn Pursuant to S.W. #N00S95/2012 (Items 3 and 4)
Recovered In Bellvue Hospital By MTN P.O. Ball and Mikolanda.

154).   On January 27, 2012. Plaintiffs Criminal Court
Arrangement after the issuing of Search Warrant #N00S95/2012. As
Was before the Honorable Judge Armstrong.

155).   On May 7, 2012. The Honorable Judge Renee A. White
Part 62 Supreme Courthouse County of New York did grant Plaintiffs
Motion for Suppression of Statement made at the time of Police.

156).   Interrogation Dunaway/Huntley Identification Hear-
ing. Wade. However, Because the Honorable Judge White Part 62 was
Unaware that Search Warrant # N00S95/2012.

157).   Applicant Detective Robert Hahn shield # 6463 MTN
Precinct omitted in his Warrant Application ... On January 25, 2012.
He Det Hahn removed item # 6 Apple MacBook Pro Serial # W8028HOTf5W.

158).   From the Plaintiffs Home without Authorization or
Consent or Exigent Circumstances which would have justified his un-
lawful. Intrusion and the ensuing Warrantless Arrest and Search.

159).   Detective Robert Hahn admits that prior to the
ensurance of a Search Warrant he both observed and remove said Mac-
Book. Pro Physically Examined it before seeking authorization to
Conduct a legitimate search of the Premises "571 Glenmore Avenue"

160).   Also Noticable is the fact that the Premises of
409 West 48th Street for which the allege Apple MacBook Por serial
#W8028HOTf5W was stolen, Dose not appear on the Indictment #480/2012.

161).    Counts 1-7 before reduction and removal of

Counts Two, Four, Five, and Six which were deemed to be legally insuff-

icient. To establish the Crime Charged, see Motion to Inspect and

Reduce. Exhibit ( O ).

### PRAYERS FOR RELIEF

WHEREFORE: Plaintiff maintains the Standard for Evaluating

A Motion in Opposition of Summary Judgment Fed.R.civ.P. 56 (a) or (c),

Must be Supported by Local Rule 56.1 Affidavit of Facts.

Defendant James Meehan has failed to offer any Statement

of Facts Pursuant to Local Civil Rule 56.1 That because of such failure

All Disputes offered by the Plaintiff must be deemed as true and

Correct.

Plaintiffs Motion for Summary Judgment Fed.R.civ.P 56 (a)

And (c).

Plaintiff seek Judgment as a Matter of Law Pursuant to

Fed.R.civ.P. 50 (a) and (b). Against Defendant Detective James Meehan

Shield # 6445 MTN Precinct.

WHEREFORE:  Plaintiff Robert Jones Prays that an Order

Be issued Granting this Motion for Summary Judgment Fed.R.civ.P 56

(a) and (c). While Taking into consideration the Facts and Arguments

Annexed herein under Plaintiff Affidavit of Facts Civil Local Rule

56.1.

Plaintiff further seeks Relief Against Defendants Jose Criollo, Gregory Thornton, Adam Sager, Lieutenant Felix Rivera, Police Officer Steven Mioklanda Pursuant to Fed.R.Civ. P 50 (a) and (b). Judgment As A Matter of Law.

Or in the Alternative An Order   issued Granting Whatever Relief This Honorable Court May Deem Just...Fit and Appropriate to Ensure the Sweft and Proper Administration of Justice.

Sworn To Before Me this Day of September 2017

Respectfully Submitted

_Robert Jones_

**DANIELLE STRINGER**
Notary Public State of New York
No. 01ST6131234
Qualified in Queens County
Commission Expires August 1, 2021

The Following Persons are in violation of Title 42 U.S.C. §§ 14132 and 14135 (e)(c). And are Subject to Santion of $ 250,000.00 dollars for each offense:

1). James Meehan Tax ID # 906807............................. $250,000.

2). Jose Criollo Tax ID # 92538 MTN Pct..................... $250,000.

3). Gregory Thornton Tax ID # 919777 MTN Pct................ $250,000.

4). Adam Sager Tax ID # 902338 MTN Pct...................... $250,000.

5). Lieutenant Felix Rivera Tax ID # 920756 MTN Pct......... $250,000.

6). Sergeant Simona Criminalist III......................... $250,000.

7). Police Officer Smith.................................... $250,000.

8). Leonard Lee............................................. $250,000.

9). Shanley M. Young Criminalist IB........................ $250,000.

10). Mec Thild Prinz PLD Director of OCME................... $250,000.

11). James West Detective Supervisor....................... $250,000.

12). Eugene Lien Forensic Biologist........................ $250,000.

13). Ylli Dautaj Tax ID # 917068 Supervior................. $250,000.

14). George Boston Det OCME NYPD Lads...................... $250,000.

15). Manishi Agarwal Criminalist........................... $250,000.

16). Duke James Det Supervisor MTN Squad................... $250,000.

17). Garge Christophe CSU/ECT Processing................... $250,000.

18). BBeauditte Timothy MTN Pct Inspector FIDLU............ $250,000.

19). Mahon Robert Sgt...................................... $250,000.

20). Charles S. Hirsch M.D. Medical Examinor............... $250,000.

21). Emanuel Katianakis Deputy Supervisor OCME............. $250,000.

Total Sum 5.250,000.

Sworn Ho before me this    day of

April 2017.